1 | Terree A. Bowers (SBN 089334)
2 | Richard J. Burdge, Jr. (SBN 89504)
  | HOWREY LLP
3 | 550 South Hope Street, Suite 1100
4 | Los Angeles, California 90071
  | Tel: (213) 892-1800
5 | Fax: (213) 892-2300
6 | Email: bowerst@howrey.com; burdger@howrey.com

7 | Attorneys for Plaintiff
8 | *California Pharmacy Management, LLC*

9 | Additional counsel continued on following page.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| CALIFORNIA PHARMACY MANAGEMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ZENITH INSURANCE COMPANY, a California corporation, and ZNAT INSURANCE COMPANY, a California corporation,<br><br>Defendants. | Case No. SACV 09-0242-DOC (ANx)<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-1**<br><br>Honorable David O. Carter<br><br>Action Filed: February 26, 2009<br><br>Date: November 9, 2009<br>Department: 9-D<br>Time: 9:00 a.m. |

JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-1

1  Donald G. Norris (SBN 90000)
   NORRIS & GALANTER LLP
2  555 West Fifth Street, 30th Floor
3  Los Angeles, California  90013
   Tel:  (213) 996-8477
4  Fax:  (213) 996-8475
5  Email:  dnorris@norgallaw.com

6  Attorneys for Plaintiff
7  *California Pharmacy Management, LLC*

8  Dean Hansell (SBN 93831)
9  Ella R. Serrano (SBN: 228216)
   DEWEY & LEBOEUF LLP
10 333 South Grand Avenue, Suite 2600
11 Los Angeles, California  90071-1530
   Tel:  (213) 621-6000
12 Fax:  (213) 621-6100
13 Email:  dhansell@dl.com
14 Email:  eserrano@dl.com

15 Lary Alan Rappaport (SBN 87614)
16 PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
17 Los Angeles, California 90067-3206
18 Tel:  (310) 557-2900
   Fax:  (310) 557-2193
19 Email:  lrappaport@proskauer.com

20
21 Attorneys for Defendants
   *Zenith Insurance Company and*
22 *ZNAT Insurance Company*

JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-1

Pursuant to Federal Rule of Civil Procedure 26(f), and Local Rule 26-1, counsel for Plaintiff California Pharmacy Management, LLC ("CPM") and counsel for Defendants Zenith Insurance Company and Defendant ZNAT Insurance Company (collectively "Zenith") met and conferred on August 14, 2009 and November 6, 2009 to consider all matters set forth in the foregoing rules, and jointly prepared this written report.

## I.  AMENDING PLEADINGS

CPM does not intend to amend the existing Second Amended Complaint unless discovery so warrants.

## II.  ISSUES DETERMINED BY MOTION

CPM will file a motion to establish a crime-fraud exception in order to vitiate the attorney-client privilege in connection with any communications relevant to the alleged misconduct by defendants.  CPM may also file a motion for summary judgment.

Zenith intends to file a motion for summary judgment or partial summary judgment at the appropriate time.

## III.  SETTLEMENT

The Parties have engaged in extensive initial settlement discussions, which are ongoing.

## IV.  INITIAL DISCLOSURES

The parties collectively agree to stipulate to extend the date for making Fed. R. Civ. P. 26(a) initial disclosures until December 15, 2009.

## V.  DISCUSSIONS REGARDING PRESERVATION OF DISCOVERABLE INFORMATION

The parties will preserve and/or produce electronically stored information that is properly and reasonably requested pursuant to Federal Rules of Civil Procedure and the Local Rules.

JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-1

## VI. DISCOVERY PLAN

**A. Changes In Timing, Form, Or Requirement For Disclosures Under Rule 26(A), Including Deadline For Making Disclosures.** *See* **Rule 26(F)(3)(A).**

Due to the Court's recent ruling on Zenith's Motion to Dismiss the Second Amended Complaint ("SAC") and because Zenith has yet to file an answer to the SAC, the Parties request that the date for initial disclosures be extended to December 15, 2009.

**B. Subjects On Which Discovery May Be Needed.**

CPM anticipates that it will require discovery on all claims and defenses asserted in this matter. Specifically, and without limitation, CPM will require discovery on:

**1.** How and when defendants devised and planned their scheme to lull CPM into a dangerous backlog of pending claims;

**2.** How defendants directed and coordinated the scheme to lull CPM into a dangerous backlog of pending claims;

**3.** How and when defendants decided to attempt to put CPM out of business and destroy the physicians' in-office medication dispending programs;

**4.** With whom and to what extent defendants communicated with other insurance carriers and administrators (such as Berkshire Hathaway entities) in a collusive effort to destroy CPM and the physicians' in-office medication dispending programs;

**5.** The relationships and activities of investigators jointly used by Zenith and other carriers in an effort to discredit and harangue CPM; and

**6.** What instructions defendants gave to its agents and claims adjusters to carry out the "lulling" scheme to defraud.

Zenith anticipates that it will conduct discovery on the allegations and claims alleged in the SAC consistent with the Court's ruling on Zenith's motion to dismiss, on the answer to the SAC that Zenith will file and on Zenith's affirmative defenses.

### C. Issues About Disclosure Or Discovery Of Electronically Stored Information, Including The Form Or Forms In Which Is Should Be Produced

The parties agree that they can limit searches for and production of electronically stored information ("ESI") to custodians reasonably likely to have relevant information, and to avoid unduly burdensome searches such as searches of backup tapes or dynamic databases (including automatically deleted or overwritten data). Responsive documents will be produced as images except for excel spreadsheets, which are to be produced as native files.

The parties further stipulate to preserve all electronic data in native formats, including all metadata. To the extent that any party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, the parties collectively agree that they will meet and confer in good faith to discuss such alternative production arrangements.

The parties further agreed that they will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

### D. Issues About Claims Of Privilege Or Of Protection As Trial-Preparation Materials, Including – If The Parties Agree On A Procedure To Assert These Claims After Production – Whether To Ask The Court To Include Their Arrangement In An Order.

The parties collectively agree that privileged attorney-client communications generated after the lawsuit filing date, and not disclosed to third parties, need not be included on a privilege log. The parties also collectively agree that protected work-

product generated after the lawsuit filing date, and not disclosed to third parties, need not be included on a privilege log.

Since this action may involve discovery relating to sensitive business and financial information as well as individual workers' compensation claims, the Parties intend to execute and file a stipulation for the entry of a protective order to maintain the confidentiality of personal, medical, business and financial information.  Additionally, Zenith believes that it may be necessary to provide notice to any injured workers whose records are sought in discovery and to allow such injured workers an opportunity to object.

**E.     What Changes Should Be Made In The Limitations On Discovery Imposed Under The Rules, And What Other Limitations Should Be Imposed.** *See* **Rule 26(F)(3)(E).**

The parties collectively agree that no changes should be made in the limitations on discovery imposed under the rules and that no other limitations should be imposed.

**F.     Discovery & Trial Schedule**

The parties propose that discovery be conducted in two phases, in which initial discovery (*i.e.,* depositions, interrogatories, production of documents, etc.) is to be concluded by August 6, 2010 and any discovery directed at expert witnesses is to be concluded by October 8, 2010.  Otherwise, the parties agree that discovery should not be further limited.  The parties propose the following discovery and trial schedule:

(1) Fact Discovery Cut-off:  August 6, 2010

(2) Expert Disclosures:  August 20, 2010

(3) Rebuttal Expert Disclosures: September 3, 2010

(4) Expert Discovery Cut-off: October 8, 2010

(5) Dispositive Motions Cut-off: November 5, 2010

(6) Pretrial Conference:  January10, 2011

(7) Trial Date: January 24, 2011

The parties do not feel that discovery should be conducted in any phases other than those listed above, nor will they necessarily limit or focus discovery on the subjects listed above.

The Parties do not presently contemplate bifurcation of discovery or trial on any issue but reserve the right to seek bifurcation should it become necessary.

## VII. ISSUES ADDRESSED PURSUANT TO LOCAL RULE 26-1

**A.  Complex Case.** *See* **L.R. 26-1(a).**

The parties agree that this is not a complex case and as such none of the procedures of the Manual for Complex Litigation (current edition) need be utilized. Thus, the parties agree that there is no need to propose to the Court modifications in the Manual.

**B.  Motion Schedule.** *See* **L.R. 26-1(b).**

The Parties anticipate filing one or more motions for partial or complete summary judgment.

However, the parties shall allow at least 28 calendar days between a motion's filing and the hearing date. The cut-off dates by which all such motions shall be made is November 5, 2010 as set for above in Section VI. F.

**C.  Settlement.** *See* **L.R. 26-1(c).**

The parties agree that Settlement Procedure No. 3 (non-judicial private mediation under L.R. 16-15.4) should be used for settlement.

**D.  Trial Estimate.** *See* **L.R. 26-1(d).**

The parties estimate that this case can be tried in 5-8 court days.

**E. Additional Parties.** *See* **L.R. 26-1(e).**

The parties do not contemplate joining additional parties, however, they agree to a deadline of April 2010 for joinder of additional parties.

**F.  Expert Witnesses.** *See* **L.R. 26-1(f).**

Discovery directed at expert witnesses is to be concluded by October 8, 2010. To that effect, and in compliance with Rule 26(a)(2), the parties propose that each side disclose their expert witnesses and reports by August 20, 2010, and any subsequent rebuttal expert witnesses and their reports by September 3, 2010. Disclosure of expert reports shall include all work papers, backup, and other documents that each expert relied on or otherwise considered in arriving at his or her opinions, and shall otherwise comply with the Federal Rules of Civil Procedure.

DATED: November 6, 2009     HOWREY LLP

By: /s/ Terree A. Bowers
    TERREE A. BOWERS
    Attorneys for Plaintiff
    California Pharmacy Management, LLC

DATED: November 6, 2009     DEWEY AND LeBOEUF

By: /s/ Dean Hansell *
    DEAN HANSELL
    Attorneys for Defendants
    Zenith Insurance Company and
    ZNAT Insurance Company

* Signed with permission.