DEWEY & LEBOEUF LLP
Dean Hansell (SBN 93831)
Ella R. Serrano (SBN: 228216)
333 South Grand Avenue, Suite 2600
Los Angeles, California  90071-1530
Tel:  (213) 621-6000 Fax:  (213) 621-6100
dhansell@dl.com; eserrano@dl.com

PROSKAUER ROSE LLP
Lary Alan Rappaport (SBN 87614)
2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206
Tel:  (310) 557-2900 Fax:  (310) 557-2193
lrappaport@proskauer.com

Attorneys for Defendants
ZENITH INSURANCE COMPANY and
ZNAT INSURANCE COMPANY

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT – SOUTHERN DIVISION

| | |
|---|---|
| CALIFORNIA PHARMACY MANAGEMENT, LLC, a California limited liability company,<br><br>              Plaintiff<br><br>   vs.<br><br>ZENITH INSURANCE COMPANY, a California corporation; and ZNAT INSURANCE COMPANY, a California corporation;<br><br>              Defendants. | Case No.:  SACV-09-0242 DOC (ANx)<br><br>[Related to Case No. SACV-09-0141 DOC (ANx)]<br><br>Hon. David O. Carter<br><br>**DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Subject to the Court's November 5, 2009 Minute Order denying the motion by defendants Zenith Insurance Company and ZNAT Insurance Company (collectively "Zenith") for an order dismissing the Second Amended Complaint filed by plaintiff California Pharmacy Management, LLC ("CPM"), Zenith hereby answers the Second Amended Complaint.

1. Answering paragraph 1, Zenith denies each and every allegation contained therein.

2. Answering paragraph 2, Zenith admits that it has received bills from CPM for medication purportedly dispensed in-office by physicians with whom CPM claims to have a contractual relationship. Zenith further admits that, under California's Workers' Compensation Act, a physician who provides authorized services to a worker with an injury or illness arising out of and in the course of his or her employment may request that the Workers' Compensation Appeals Board (the "WCAB") allow a lien against the compensation of an injured or ill worker as payment for the services. Zenith further admits that, in some instances where Zenith has objected to a charge billed by CPM, CPM has filed a request for the allowance of lien with the WCAB. Zenith admits that CPM had contracts with some physicians, and is informed and believes that CPM had contracts with several other physicians. Zenith's understanding of those contracts, CPM's relationship with physicians and CPM's violation of Business and professions Code § 4170 is set forth in Zenith's Complaint against CPM in Los Angeles County Superior Court Case No. BC 406917 entitled *Zenith Insurance Company, et al. v. California Pharmacy Management LLC, et al,* (the "Superior Court Action"), a true and correct copy of which is attached and marked as Exhibit A and incorporated herein by this reference as though fully set forth. Save and except as expressly admitted herein and admitted herein on information and belief, Zenith denies each and every allegation contained in paragraph 2.

3. Answering paragraph 3, Zenith denies each and every allegation contained therein.

4. Answering paragraph 4, Zenith admits that, beginning in or about 2002, and continuing to the present, Zenith has received bills from CPM. Zenith further admits that it has objected to some of the charges in bills received from CPM

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

between 2002 and the present on a variety of grounds.  By way of example only, during 2008, Zenith objected to certain charges billed by CPM on the ground that the underlying claim by the worker for workers' compensation benefits had been denied in its entirety, and therefore no benefits were payable to providers.  Other grounds for objection asserted by Zenith during 2008 included, but were not limited to, that treatment had not been authorized, an invalid or incorrect National Drug Code (NDC) had been used, the amount billed was in excess of the Average Wholesale price (AWP) plus a dispensing fee and that the charge was a duplicate billing for the same service.  Zenith further admits that it paid some of the charges billed by CPM in full, partially paid some of the charges and objected to the balance, and objected to other charges in their entirety.  Zenith further admits that it settled some, but not all, disputed charges with CPM.  Save and except as expressly admitted herein on information and belief and admitted herein, Zenith denies each and every allegation contained in paragraph 4.

5.     Answering paragraph 5, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding how Zenith objection letters "appeared" to CPM, and what purportedly is "not uncommon for carriers," and, on that basis, denies said allegations.  Save and except as expressly denied herein based on a lack of knowledge or information, Zenith denies each and every allegation contained in paragraph 5.

6.     Answering paragraph 6, Zenith admits that, on or about February 3, 2009, Zenith Insurance Company filed with the WCAB a petition for consolidation of CPM lien claims in approximately 37 matters pending before various offices of the WCAB and several different Workers' Compensation Administrative Law Judges. The consolidation petition was taken off calendar by Zenith Insurance Company on or about April 1, 2009, and Zenith Insurance Company has not taken any further action with respect to the consolidation petition since that date.  Save

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

3

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE
COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 6.

7.      Answering paragraph 7, Zenith alleges that Zenith's understanding of CPM's relationship with physicians and CPM's violations of the law is set forth in Zenith's Complaint against CPM in the Superior Court Action, a true and correct copy of which is attached and marked as Exhibit A and incorporated herein by this reference as though fully set forth.   Zenith denies each and every allegation contained in paragraph 7.

8.      Answering paragraph 8, Zenith admits that, on or about February 3, 2009, Zenith Insurance Company filed with the WCAB a petition for consolidation of CPM lien claims in approximately 37 matters pending before various offices of the WCAB and Workers' Compensation Administrative Law Judges.    The consolidation petition was taken off calendar by Zenith Insurance Company on or about April 1, 2009, and Zenith Insurance Company has not taken any further action with respect to the consolidation petition since that date.  Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 regarding other carriers and, on that basis, denies said allegations.  Save and except as expressly admitted herein, or denied herein based upon a lack of knowledge or information, Zenith denies each and every allegation contained in paragraph 8.

9.      Answering paragraph 9, Zenith admits that, in the SAC, CPM requests compensatory damages, treble damages, attorney's fees and injunctive relief.  Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 9.

10.      Answering paragraph 10, Zenith admits that this Court has concurrent jurisdiction over the SAC because the SAC purports to allege claims for violation of

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

the federal RICO laws.  Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 10.

11.   Answering paragraph 11, Zenith admits that venue is proper in the Central District of California and that Zenith has its home office in Woodland Hills, California.  Zenith is informed and believes that CPM is located in Newport Beach, California.  Save and except as admitted herein and admitted herein on information and belief, Zenith denies each and every allegation contained in paragraph 11.

12.   Answering paragraph 12, Zenith is informed and believes that CPM is a California limited liability company located in Newport Beach, California.  Zenith admits that CPM had contracts with some physicians, and is informed and believes that CPM had contracts with several other physicians.  Zenith's understanding of those contracts and CPM's relationship with physicians is set forth in Zenith's Complaint against CPM in the Superior Court Action, a true and correct copy of which is attached and marked as Exhibit A and incorporated herein by this reference as though fully set forth.  Zenith admits that it has received bills from CPM for medication purportedly dispensed in-office by physicians with whom CPM claims to have a contractual relationship.  Save and except as admitted herein on information and belief, Zenith denies each and every allegation contained in paragraph 12.

13.   Answering paragraph 13, Zenith admits that Zenith Insurance Company is a California corporation, a wholly owned subsidiary of Zenith National Insurance Corp., a Delaware corporation, and has its home office in Woodland Hills, California.  Zenith further admits that Zenith Insurance Company is a licensed and registered California insurance company, and issues policies of workers' compensation insurance in California and other states.  Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 13.

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

14. Answering paragraph 14, Zenith admits that ZNAT Insurance Company is a California corporation, a wholly owned subsidiary of Zenith National Insurance Corp., a Delaware corporation, and has its home office in Woodland Hills, California. Zenith further admits that ZNAT Insurance Company is a licensed and registered California insurance company, and issues policies of workers' compensation insurance in California and other states. Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 14.

15. Answering paragraph 15, Zenith denies each and every allegation contained therein.

16. Answering paragraph 16, the allegations contained therein are allegations of law and CPM's characterization and interpretation of law, rather than material allegations of fact, to which no response is required, and are denied.

17. Answering paragraph 17, Zenith alleges that Zenith's understanding of CPM's relationship with physicians and CPM's violation of law is set forth in Zenith's Complaint against CPM in the Superior Court Action, a true and correct copy of which is attached and marked as Exhibit A and incorporated herein by this reference as though fully set forth. Zenith denies each and every allegation contained in paragraph 17.

18. Answering paragraph 18, Zenith alleges that Zenith's understanding of CPM's relationship with physicians and CPM's violation of law is set forth in Zenith's Complaint against CPM in the Superior Court Action, a true and correct copy of which is attached and marked as Exhibit A and incorporated herein by this reference as though fully set forth. Zenith denies each and every allegation contained in paragraph 18.

19. Answering paragraph 19, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 19.

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

20.     Answering paragraph 20, Zenith admits that it has received bills from CPM for medication purportedly dispensed in-office by physicians with whom CPM claims to have a contractual relationship.  Zenith further admits that CPM billed Zenith for medication purportedly dispensed to California workers who submitted claims for workers' compensation benefits.  Zenith further admits that a physician who provides authorized services to a California worker with an injury or illness arising out of and in the course of his or her employment may request that the WCAB allow a lien against the compensation of an injured or ill worker as payment for the services under California's Workers' Compensation Act.  Save and except as expressly admitted herein on information and belief and admitted herein, Zenith denies each and every allegation contained in paragraph 20.

21.     Answering paragraph 21, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the thought processes of non-party physicians contained in paragraph 21, and on that basis denies each and every such allegation.  Save and except as expressly denied herein based on a lack of knowledge or information, Zenith denies each and every allegation contained in paragraph 21.

22.     Answering paragraph 22, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether or how CPM bills other insurance carriers, and on that basis denies each and every such allegation.  Most of the remaining allegations contained in paragraph 22 are CPM's characterization and interpretation of law, rather than material allegations of fact, to which no response is required, and thus are denied by Zenith.  Save and except as expressly denied herein based on a lack of knowledge or information or because it is a characterization or interpretation of law, Zenith denies each and every allegation contained in paragraph 22.

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE
COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

23.     Answering paragraph 23, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained in paragraph 23.

24.     Answering paragraph 24, the allegations contained in paragraph 24 are allegations of law and CPM's characterization and interpretation of law, rather than material allegations of fact, to which no response is required, and are denied.

25.     Answering paragraph 24, Zenith admits that it is an admitted insurer in the State of California and has a Certificate of Authority.  Zenith further admits that it has issued policies to its insureds and that the terms and conditions of the policies are set forth therein.  Zenith further admits that it receives premium payments from insured employers.  Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding how "Workers' compensation insurers and claims administrators hold themselves out" and the reliance of employers, and on that basis denies each and every such allegation.  Save and except as expressly admitted herein or denied herein based on a lack of knowledge and information, Zenith denies each and every allegation contained in paragraph 25.

26.     Answering paragraph 26, the allegations contained therein are allegations of law and CPM's characterization and interpretation of law, rather than material allegations of fact, to which no response is required, and thus are denied by Zenith.

27.     Answering paragraph 27, the allegations contained therein are allegations of law and CPM's characterization and interpretation of law, rather than material allegations of fact, to which no response is required, and thus are denied by Zenith.

28.     Answering paragraph 28, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "BH" contained therein, and on that basis denies each and every such allegation.  Save and except as

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

expressly denied based upon a lack of knowledge or information, Zenith denies each and every allegation contained in paragraph 28.

29.     Answering paragraph 29, Zenith denies each and every allegation contained therein.

30.     Answering paragraph 30, Zenith denies each and every allegation contained therein.

31.     Answering paragraph 31, Zenith admits that, after Zenith filed the Superior Court Action and was involved in litigation with CPM, Zenith referred calls from CPM to legal counsel to prevent CPM from improperly attempting to use telephone calls to Zenith claims personnel as a pretext to manufacture evidence for use in the litigation.  Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 31.

32.     Answering paragraph 32, Zenith denies each and every allegation contained therein.

33.     Answering paragraph 33, Zenith admits that the process of adjudicating lien claims before the WCAB, from the inception of the claim through final adjudication, can sometimes be lengthy.  There are, however, mechanisms in place for a provider like CPM to speed up this process.  8 Cal. Code Regs. § 10250 sets forth how a provider can prompt the WCAB to set a lien claim for resolution.  Section 10250 authorizes the provider to file a declaration of readiness to proceed ("DOR").  Filing the DOR triggers the process by which the WCAB sets the contested lien claim for mandatory settlement conference and trial.  Under 8 Cal. Code Regs. § 10252, the provider may request that the WCAB set an expedited hearing.  Moreover, 8 Cal. Code Regs. § 10589 allows for multiple lien claims of the same provider to be consolidated.  The goal of consolidation is to expedite resolution by having factual and legal issues common to multiple claims adjudicated together before a single Workers' Compensation Administrative Law Judge, as

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

9

opposed to piecemeal before multiple judges.   Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 33.

34.   Answering paragraph 34, Zenith admits that, on or about February 3, 2009, Zenith Insurance Company filed with the WCAB a petition for consolidation of CPM lien claims in approximately 37 matters pending before various offices of the WCAB and Workers' Compensation Administrative Law Judges.   The consolidation petition was taken off calendar by Zenith Insurance Company on or about April 1, 2009, and Zenith Insurance Company has not taken any further action with respect to the consolidation petition since that date.   Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 34.

35.   Answering paragraph 35, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Everest National Insurance Company ("Everest") and the Berkshire Hathaway workers' compensation entities ("Berkshire Hathaway") contained therein, and on that basis denies each and every such allegation.   Save and except as expressly denied based upon a lack of knowledge or information, Zenith denies each and every allegation contained in paragraph 35.

36.   Answering paragraph 36, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Everest and Berkshire Hathaway contained therein, and on that basis denies each and every such allegation.   Save and except as expressly denied based upon a lack of knowledge or information, Zenith denies each and every allegation contained in paragraph 36.

37.   Answering paragraph 37, Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Everest and Berkshire Hathaway contained therein, and on that basis denies each and every such

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

allegation.  Save and except as expressly denied based upon a lack of knowledge or information, Zenith denies each and every allegation contained in paragraph 37.

38.    Answering paragraph 38, Zenith alleges that Zenith's understanding of CPM's relationship with physicians, CPM's operations and CPM's violation of law is set forth in Zenith's Complaint against CPM in the Superior Court Action, a true and correct copy of which is attached and marked as Exhibit A and incorporated herein by this reference as though fully set forth.  To the extent that the allegations contained in paragraph 38 are allegations of law and CPM's characterization and interpretation of law, rather than material allegations of fact, to which no response is required, such allegations are denied by Zenith.  Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 38.

39.    Answering paragraph 39, Zenith denies each and every allegation contained therein.

40.    Answering paragraph 40, Zenith is informed and believes that there have been instances in which complicated consolidated proceedings involving a very large number of lien claims have lasted several years.  However, Zenith also is informed and believes that litigating a large number of lien claims on a claim-by-claim basis in a number of WCAB offices before different Workers' Compensation Administrative Law Judges also may last several years.  8 Cal. Code Regs. § 10589 governs consolidations at the WCAB.  Not only is the goal of consolidation to expedite resolution by having factual and legal issues common to multiple claims adjudicated together before a single Workers' Compensation Administrative Law Judge, as opposed to piecemeal before multiple judges, but Section 10589 (a) (3) expressly authorizes the WCAB to deny consolidation upon a showing by CPM of "potential prejudice … including but not limited to whether granting consolidation would significantly delay" trial.  Thus, the WCAB can evaluate whether litigating claim-by-claim before different Workers' Compensation Administrative Law Judges

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

11

or litigating common issues in one proceeding before a single Workers' Compensation Administrative Law Judge would be more expeditious, and act accordingly. Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what other insurers might do, Everest, Berkshire Hathaway and an unidentified consolidation proceeding involving different parties, and on that basis denies each and every such allegation. Save and except as expressly admitted herein based on information and belief or denied based upon a lack of knowledge or information, Zenith denies each and every allegation contained in paragraph 40.

41.     Answering paragraph 41, Zenith admits that there is a California Supreme Court decision entitled *Charles J. Vacanti, M.D., Inc. v. State Compensation Insurance Fund,* 24 Cal. 4th 800 (2001), and that Zenith Insurance Company was a named defendant in a related action. Zenith denies CPM's characterization and interpretation of the *Vacanti* decision. Save and except as expressly admitted herein, Zenith denies each and every allegation contained in paragraph 41.

42.     Answering paragraph 42, Zenith admits that it filed the Superior Court Action and filed a petition for consolidation with the WCAB. Zenith further admits that the Los Angeles County Superior Court denied CPM's special motion to strike the Complaint in the Superior Court Action, rejecting CPM's contention that Zenith was attempting to litigate the same issues in two forums at the same time. Zenith further admits that the Los Angeles County Superior Court denied CPM's motion for judgment on the pleadings, rejecting CPM's contention that the Superior Court Action is barred by workers' compensation exclusivity. Zenith lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Everest and Berkshire Hathaway contained in paragraph 42, and on that basis denies each and every such allegation. Save and except as expressly admitted herein and

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

1   denied herein based on a lack of sufficient knowledge or information, Zenith denies

2   each and every allegation contained in paragraph 42.

3       43.     Answering paragraph 43, Zenith admits that CPM is represented by

4   counsel.  Save and except as expressly admitted herein, Zenith denies each and

5   every allegation contained in paragraph 43.

6       44.     Answering paragraph 44, Zenith lacks knowledge or information

7   sufficient to form a belief as to the truth of the allegations regarding Everest and

8   Berkshire Hathaway contained in paragraph 44, and on that basis denies each and

9   every such allegation. Save and except as expressly denied herein based on a lack of

10  sufficient knowledge or information, Zenith denies each and every allegation

11  contained in paragraph 44.

12      45.     Answering paragraph 45, Zenith denies each and every allegation

13  contained therein.

14      46.     Answering paragraph 46, Zenith admits that it transacts insurance

15  business in several states.  Save and except as expressly admitted herein, Zenith

16  denies each and every allegation contained in paragraph 46.

17      47.     Answering paragraph 47, Zenith incorporates its above responses to

18  paragraphs 1 through 46, inclusive. and by this reference incorporates the same

19  herein as though fully set forth.

20      48.     Answering paragraph 48, Zenith admits that it is a person within the

21  meaning of 18 U.S.C. § 1961 (3).  Save and except as expressly admitted herein,

22  Zenith denies each and every allegation contained in paragraph 48.

23      49.     Answering paragraph 49, Zenith lacks knowledge or information

24  sufficient to form a belief as to the truth of the allegations regarding Berkshire

25  Hathaway contained in paragraph 49 and on that basis denies each and every such

26  allegation. Save and except as expressly denied herein based on a lack of sufficient

27

28

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE
COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

knowledge or information, Zenith denies each and every allegation contained in paragraph 49.

50.    Answering paragraph 50, Zenith denies each and every allegation contained therein.

51.    Answering paragraph 51, Zenith denies each and every allegation contained therein.

52.    Answering paragraph 52, Zenith denies each and every allegation contained therein.

53.    Answering paragraph 53, Zenith incorporates its above responses to paragraphs 1 through 52, inclusive. and by this reference incorporates the same herein as though fully set forth.

54.    Answering paragraph 54, Zenith denies each and every allegation contained therein.

55.    Answering paragraph 55, Zenith denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

56.    The SAC, and each and every purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim against Zenith.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

57.    For the reasons set forth in Zenith's Complaint in the Superior Court Action, a true and correct copy of which is attached and marked as Exhibit A and incorporated by this reference, the SAC, and each and every purported claim for relief alleged therein, is barred by CPM's illegal conduct and unclean hands.

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

58.     CPM is estopped from litigating here issues determined by the WCAB or by the Los Angeles County Superior Court in the Superior Court Action.

59.     CP further is estopped from litigating here bills, charges and lien claims that Zenith already has paid or that were settled.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

60.     The SAC, and each and every purported claim for relief alleged therein, is barred by waiver to the extent that CPM seeks to litigate bills, charges and lien claims that Zenith already has paid or that were settled.

### FIFTH AFFIRMATIVE DEFENSE

### (*Noerr-Pennington* Doctrine)

61.     The SAC, and each and every purported claim for relief alleged therein, is barred by the *Noerr-Pennington* doctrine.

### SIXTH AFFIRMATIVE DEFENSE

### (Privilege)

62.     The SAC, and each and every purported claim for relief alleged therein, is barred because Zenith's conduct at all times was privileged under Civil Code § 47(b).

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

63.     The SAC, and each and every purported claim for relief alleged therein, is barred because Zenith's conduct at all times was undertaken in good faith.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Justification)**

64.     The SAC, and each and every purported claim for relief alleged therein, is barred because Zenith's conduct at all times was justified.

**NINTH AFFIRMATIVE DEFENSE**

**(Preemption)**

65.     The SAC, and each and every purported claim for relief alleged therein, is preempted by Zenith's claims against CPM alleged in Zenith's Complaint in the Superior Court Action, a true and correct copy of which is attached and marked as Exhibit A and incorporated herein by this reference as though fully set forth.

**TENTH AFFIRMATIVE DEFENSE**

**(Offset)**

66.     Without conceding that any act of Zenith caused damage to CPM in any respect, Zenith is entitled to offset and recoup against any judgment for CPM all damages and obligations of CPM owing to Zenith by reason of the claims against CPM alleged in Zenith's Complaint in the Superior Court Action, a true and correct copy of which is attached and marked as Exhibit A and incorporated herein by this reference as though fully set forth.

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE
COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

1    WHEREFORE, Zenith prays for judgment as follows:

2    1.    That CPM take nothing by virtue of its Second Amended Complaint;

3    2.    That judgment be entered in favor of Zenith and against CPM;

4    3.    For Zenith's costs of suit incurred herein; and

5    4.    For such other and further relief as the Court may deem just and proper.

6

7    Dated:  December 1, 2009                    PROSKAUER ROSE LLP

8                                                DEWEY & LeBOEUF LLP

9

10

11   By: _____ /s/ *Dean Hansell* _____
                              Dean Hansell
12   Attorneys for Defendants
     ZENITH INSURANCE COMPANY AND
13   ZNAT INSURANCE COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE
COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2    Defendants Zenith Insurance Company and ZNAT Insurance Company

3 hereby demand trial by jury.

4

5 Dated:  December 1, 2009     PROSKAUER ROSE LLP

6              DEWEY & LeBOEUF LLP

7

8

9         By:  _____ /s/ *Dean Hansell* _____
               Dean Hansell

10        Attorneys for Defendants
         ZENITH INSURANCE COMPANY AND

11        ZNAT INSURANCE COMPANY

258125

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Dewey & LeBoeuf LLP**
**333 South Grand Avenue**
**Suite 2600**
**Los Angeles, CA, 90071-1530**

DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE
COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT

# EXHIBIT A

DEAN HANSELL, State Bar No. 93831
*dhansell@dl.com*
DEWEY & LEBOEUF LLP
333 South Grand Avenue, 26th Floor
Los Angeles, California  90071-1530
Tel:  (213) 621-6000/ Fax:  (213) 621-6100

Attorneys for Plaintiffs
ZENITH INSURANCE COMPANY and
ZNAT INSURANCE COMPANY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 03 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
Dohurry Swann

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR COUNTY OF LOS ANGELES

| | |
|---|---|
| ZENITH INSURANCE COMPANY, a California corporation; and ZNAT INSURANCE COMPANY, a California corporation, | Case No.: **BC406917** |
| Plaintiffs, | **COMPLAINT FOR DAMAGES:** |
| vs. | 1. Unfair Competition (Business and Professions Code §§ 17200, et seq.); |
| CALIFORNIA PHARMACY MANAGEMENT, LLC, a California corporation; and DOES 1 through 50, inclusive, | 2. Intentional Interference With Prospective Economic Advantage; |
| Defendants. | 3. Negligent Interference With Prospective Economic Advantage; and |
| | 4. Violation of Business and Professions Code § 650.1 |
| | **DEMAND FOR JURY TRIAL** |

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

Zenith Insurance Company and ZNAT Insurance Company (collectively "Zenith"), by and through their attorneys, Dewey & LeBoeuf LLP, bring this action against California Pharmacy Management, LLC ("CPM"). In support of their Complaint, Zenith alleges the following, on information and belief:

## INTRODUCTION

1. This action arises from numerous California state regulatory violations by CPM related to the purchase, resale, storage and distribution of pharmaceuticals.

2. In or about August 2001, CPM began contracting with physicians to operate and manage in-office pharmacies under its "Physician Office Pharmacy Program." The Physician Office Pharmacy Program dispensed drugs to workers' compensation insured patients. CPM's activities and conduct, however, went beyond mere management of pharmacies. Without requisite licensure, CPM acted as a "wholesaler" of pharmaceuticals in violation of Business and Professions Code §§ 4043 and 4170. CPM had knowledge that it lacked the license to do this. Further, CPM's actions and practices in operating and managing the pharmacy program violated various California statutes including Business and Professions Code §§ 650, 650.1, 4043, 4059, 4160, 4170, 4110 and 4115.

3. CPM's actions constitute unlawful and unfair business practices under Business and Professions Code §§ 17200, et seq., and have interfered with Zenith's business relationships with employers for which they maintain worker compensation insurance contracts and with network physicians.

## PARTIES

4. Zenith Insurance Company is a wholly owned subsidiary of Zenith National Insurance Corp., with its principal place of business at 21255 Califa St., Woodland Hills, California 91367. It is an admitted insurer licensed to transact insurance business in the State of California.

5. ZNAT Insurance Company is a wholly owned subsidiary of Zenith Insurance Company, with its principal place of business at 21255 Califa St., Woodland Hills, California 91367. It is an admitted insurer licensed to transact insurance business in the State of California.

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

1

COMPLAINT FOR DAMAGES

6.  Zenith is informed and believes and thereon alleges that Defendant CPM is a California corporation licensed to do business in the State of California, with its principal place of business at 20377 SW Acacia St., Suite 100, Newport Beach, California 92660.

7.  Zenith is ignorant as to the true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Does 1 through 50, inclusive, and therefore sue such defendants by fictitious names.  Zenith will amend this Complaint to show the true names and capacities of the fictitiously named defendants when they have been ascertained.  Zenith is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged herein and that Zenith's damages were and are proximately caused and contributed to by such Doe defendants.

8.  Zenith is informed and believes, and on that basis alleges, that CPM and the Doe defendants were or are agents, employees, co-conspirators or affiliated companies of the named defendants, and were or are at all relevant times acting within the course and scope of such agency, employment or conspiracy, with the consent, permission and/or knowledge of the other defendants, and with the authorization, consent and/or ratification of the other defendants, both named and Doe.

## JURISDICTION AND VENUE

9.  This case is within this Court's general subject matter jurisdiction, and personal jurisdiction may be exercised properly over Defendant CPM because CPM has its principal place of business in, and has sufficient minimum contacts with, California.

10. Zenith is informed and believes, and thereon alleges, that venue is proper in this Court pursuant to Code of Civil Procedure § 395.5 because injury occurred and liability arises in Los Angeles County.

## CPM'S BUSINESS ACTIVITIES

11. In or about August 2001, CPM began contracting with physicians to operate and manage pharmacies in physicians' offices. As used in this Complaint, and in Business and Professions Code § 4037, "pharmacy" means "any area, place, or premises described in a license issued by the board wherein controlled substances, dangerous drugs, or dangerous devices are stored, possessed,

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

1  prepared, manufactured, derived, compounded, or repackaged, and from which the controlled

2  substances, dangerous drugs, or dangerous devices are furnished, sold, or dispensed at retail."

3      12. Under its contracts with physicians, CPM purchased, resold, stored and distributed

4  repackaged drugs that physicians prescribed to their patients.  CPM engaged in these activities

5  without requisite licensure.  As used in this Complaint, "drug" or "pharmaceutical" refers to the

6  definition of "dangerous drug" or "dangerous device" in Business and Professions Code § 4022.

7      13. CPM acted as general administrator of the in-office pharmacy program.  As general

8  administrator, CPM provided, among other things, the following services: (a) identifying

9  appropriate pharmacy vendors or sources of product supplies; (b) providing all required labels,

10 recordkeeping packaging patient disclosure forms and other items or services required to comply

11 with applicable laws; (c) developing a drug formulary and maintaining storage and delivery

12 facilities to ensure a sufficient inventory of the formulary items at the physicians' offices; (d)

13 advancing funds to physicians to purchase products for use in the pharmacy program; (e) providing

14 billing and collection services in the name of the physician required to obtain payment under the

15 California Workers' Compensation program; and (f) providing physician staff education and

16 supervision

17     14. CPM collected billings for dispensed pharmaceuticals, of which it would remit a portion

18 to physicians.  Physicians would be entitled to fifty percent (50%) of gross collections from

19 dispensed drugs after deducting the costs of drugs sold and other direct pharmacy costs.

20     15. Under CPM's contracts, physicians were required to dispense a monthly minimum

21 amount of pharmaceuticals.  If a physician failed to dispense the monthly required amount, CPM

22 would defer advances to meet the minimum.  Advances would be repaid without interest.

23     16. Additionally, in some instances, CPM withheld the gross collections otherwise payable

24 to the physician until the balance owed to CPM was paid in full.

25     17. To encourage participation in the pharmacy program, CPM agreed with certain

26 physicians to provide physician assistants and pharmacy technicians to assist in operating the

27 pharmacy.  The physician assistants and pharmacy technicians remained CPM employees and were

28 paid by CPM.  Physicians were entitled to bill and collect for their own account the professional

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

3

COMPLAINT FOR DAMAGES

1   services provided by CPM physician assistants.  CPM billed Zenith directly for the drugs it

2   dispensed.

3       18. At CPM pharmacy locations, pharmacy technicians were instructed to dispense drugs

4   and would do so without the supervision of a pharmacist.  CPM pharmacy locations did not have

5   pharmacists on-site.

## CPM'S STATUTORY VIOLATIONS

### Violation of Business and Professions Code §§ 4043 and 4160

8       19. Under Business and Professions Code § 4043, a "wholesaler" is every "person who acts

9   as a wholesale merchant, broker, jobber, customs broker, reverse distributor, agent or a nonresident

10  wholesaler, who sells for resale, or negotiates for distribution, or takes possession of, any

11  [dangerous] drug or device…"  Under Section 4043, a wholesaler "may not store, warehouse, or

12  authorize the storage or warehousing of drugs with any person or at any location not licensed by the

13  board."

14      20. Business & Professions Code § 4160(a) requires a wholesaler license to purchase, trade,

15  sell or transfer dangerous drugs.  Section 4160(c) requires a separate license for each place of

16  business owned or operated by a wholesaler.

17      21. CPM operated as a "wholesaler" of pharmaceuticals without the requisite licensure by

18  purchasing drugs for resale and maintaining storage and delivery facilities to ensure sufficient

19  inventory of formulary drugs.

20      22. Under its contracts, CPM purchased pharmaceuticals delivered to physicians for use in

21  the pharmacy program by advancing funds to physicians. CPM would deduct the amounts paid to

22  purchase drugs from the amount paid to the physician each month from the gross collections.

23      23. CPM maintained storage and delivery facilities to ensure sufficient inventory of

24  formulary drugs.

25      24. An October 28, 2005 inspection by the State Board of Pharmacy determined that CPM

26  was operating without the appropriate license.  CPM subsequently applied for a wholesaler license

27  from the California Board of Pharmacy on November 30, 2005.  Upon review of this application,

28  the Board determined that CPM should cease all operations until it obtained a wholesaler license.

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

25. CPM is not licensed with the California Board of Pharmacy.

<u>Violation of Business and Professions Code §§ 4110 and 4115</u>

26. Under Business & Professions Code § 4110, "no person shall conduct a pharmacy in the State of California unless he or she has obtained a license from the board."  A separate license is required for each of the premises of any person operating a pharmacy in more than one location.

27. Under Section 4115(a), a pharmacy technician can only assist a pharmacist and may only perform his or her duties while under the supervision of a pharmacist.

28. Zenith is informed and believes that CPM locations that dispensed drugs did not have on-site supervising pharmacists.

29. Zenith is informed and believes that CPM pharmacy technicians, without pharmacist supervision, dispensed drugs at CPM locations.

<u>Violation of Business and Professions Code §§ 4170 and 4059</u>

30. Under Section 4170, a prescribing physician shall not dispense drugs in his or her office unless: (a) the prescriber, prior to dispensing, offers to give a written prescription to the patient that the patient may elect to have filled by the prescriber or by any pharmacy and (2) the prescriber provides the patient with written disclosure that the patient has a choice between obtaining the prescription from the dispensing prescriber or obtaining the prescription at a pharmacy of the patient's choice.

31. Under Section 4059, "A person may not furnish any dangerous drug except upon the prescription of a physician . . . ."

32. Zenith is informed and believes that CPM locations did not always provide written prescriptions or written disclosure to patients informing them that they may choose any pharmacy to fill their prescription.

33. Zenith is informed and believes that CPM locations serving primarily Spanish-speaking communities did not provide written disclosures to patients in Spanish or verify that the patients understood what they were signing, if they were signing anything.

COMPLAINT FOR DAMAGES

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

### Violation of Business and Professions Code § 650

34. Under Section 650(d), a physician may not maintain a proprietary interest in a pharmacy that is tied to the number or value of referrals made to the pharmacy.

35. Under CPM's contract, physicians were entitled to fifty percent (50%) of the gross collections from dispensed drugs after deducting the costs of drugs sold and other direct pharmacy costs. By offering physicians fifty percent (50%) of the gross collections after costs have been deducted, CPM created a financial incentive for physicians to refer all patients to CPM to have their prescriptions filled.

36. Additionally, in order to ensure that physicians would refer patients to CPM's in-office pharmacy, CPM created financial disincentives for failure to meet minimum monthly dispensing requirements. Failure to meet the minimum monthly dispensing requirements would result in deferral of advances and in some instances withholding of the actual gross collections payable to the physician.

37. Moreover, both CPM's financial incentives for physicians to refer all patients to CPM to have their prescriptions filled and CPM's financial disincentives to physicians for failure to meet minimum monthly dispensing requirements creates a financial system that encourages over-ordering of prescriptions that might not be necessary and encourages physicians to order more expensive drugs.

### Violation of Business and Professions Code § 650.1

38. Under Section 650.1, payments to physicians are prohibited if made pursuant to any service arrangement relating to the furnishing or supply of pharmaceutical services and products and these payments are determined as a percentage, fraction or portion of the charges to patients or of any measure of pharmacy revenue or cost.

39. Under CPM's contract, CPM paid physicians fifty percent (50%) of the gross collections from dispensed drugs after deducting the costs of drugs sold and other direct pharmacy costs.

40. Thus, CPM determined the amounts payable to physicians based on two factors: the pharmacy costs, which were initially subtracted from the revenue collected for the dispensed drugs

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

1   and the remaining revenue, fifty percent (50%) of which was paid to the physicians and the other

2   fifty percent (50%) retained by CPM.

3       41. CPM's financial arrangements with physicians created a system where physicians could

4   control by prescription the number and value of the drugs dispensed, obtain compensation from

5   payors, through CPM, for those dispensed drugs and retain a portion of the revenue collected for the

6   drugs dispensed after compensating CPM.

7       42. CPM's financial arrangement with physicians encouraged physicians to preferentially

8   prescribe high-priced drugs that CPM in turn billed to payors, including Zenith, in unusually high

9   volumes.

10   ### FIRST CAUSE OF ACTION

11   ### UNFAIR BUSINESS COMPETITION

12   ### (BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.)

13   ### (AGAINST ALL DEFENDANTS)

14       43. Zenith incorporates herein by reference the allegations set forth in Paragraphs 1 through

15   42.  By engaging in the above-described practices and actions in violation of various

16   aforementioned California statutes, Defendant CPM has committed multiple acts of unfair

17   competition within the meaning of California Business and Professions Code §§ 17200, et seq.  As

18   used in this Complaint, and in Section 17200, "unfair competition" means an unlawful, unfair or

19   fraudulent business act or practice.  This alleged conduct is actionable pursuant to Business and

20   Professions Code § 17200.

21       44. CPM's acts and practices are "unlawful" business practices that violate Business and

22   Professions Code §§ 650, 650.1, 4043, 4059, 4160, 4170, 4110 and 4115.

23       45. CPM's acts and practices are unlawful, without reasonable business or commercial

24   justification, unethical, oppressive, and have caused substantial harm and injury to Zenith.

25       46. Zenith has suffered injury in fact and has lost and continues to lose money as a result of

26   CPM's actions and practices.

27       47. As a direct and proximate result of the unlawful and wrongful acts of CPM, Zenith has

28   suffered damages for which Zenith is entitled to compensation, restitution and other equitable relief.

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

1   CPM has been unjustly enriched, receiving monies from Zenith in excess of what was rightfully

2   owed.  Zenith is entitled to restitution of said monies from CPM in an amount to be proven at trial.

3   <u>**SECOND CAUSE OF ACTION**</u>

4   <u>**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**</u>

5   <u>**(AGAINST ALL DEFENDANTS)**</u>

6       48. Zenith incorporates herein by reference the allegations set forth in Paragraphs 1 through

7   47.

8       49. Zenith has existing contracts with employers to provide workers' compensation

9   insurance.

10      50. CPM has knowledge at all relevant times that Zenith has ongoing business relationships

11  with employers, network physicians and network providers.

12      51. CPM's actions and practices in violation of California statutes and regulations describe

13  above interfered with Zenith's contractual relationships and resulted in greater expenses for Zenith

14  under those contracts.  CPM's activities interfered with Zenith's economic advantage expected from

15  its contracts with employers and network providers and business relationships with network

16  physicians.  CPM's agreements with network physicians interfered with Zenith's prospective

17  economic advantage by providing financial incentives to physicians to prescribe CPM's repackaged

18  drugs, despite less expensive alternatives available to Zenith insured employees.

19      52. CPM's agreements with network physicians interfered with Zenith's prospective

20  economic advantage by providing financial incentives to physicians to prescribe CPM's repackaged

21  drugs, under circumstances when a prescription might not be necessary.

22      53. CPM undertook the actions and practices described above intentionally, maliciously,

23  oppressively, and fraudulently, with a conscious and reckless disregard for the rights of Zenith.

24  Zenith seeks the imposition of punitive damages against CPM, in an amount sufficient to punish

25  and deter similar future conduct.

26      54. All actions and practices taken by CPM were under the approval, direction or ratification

27  of one or more officers, directors or managing agents of CPM.

28

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

### THIRD CAUSE OF ACTION

### NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (AGAINST ALL DEFENDANTS)

55. Zenith incorporates herein by reference the allegations set forth in Paragraphs 1 through 54.

56. CPM's actions and practices negligently disrupted the valid, ongoing and existing economic relationships described above that Zenith had with employers, network physicians and network providers.

57. It was foreseeable that CPM's actions and practices would interfere with and disrupt Zenith's ongoing business relationships with employers and network physicians. CPM's pharmacy program created financial incentives for network physicians to prescribe CPM's repackaged drugs at a considerable profit to CPM.

58. As a direct and legal result of the wrongful conduct of CPM in negligently interfering with Zenith's economic relationships, Zenith has suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 650.1

### (AGAINST ALL DEFENDANTS)

59. Zenith incorporates herein by reference the allegations set forth in Paragraphs 1 through 58.

60. CPM's financial agreements with physicians violated Business and Professions Code § 650.1 by making the amounts CPM paid to physicians contingent on the revenues collected from payors for prescription reimbursements.

61. CPM's financial agreements with physicians induced physicians to preferentially prescribe high-priced drugs and allowed CPM to charge Zenith for an unusually high volume of expensive medications.

62. As a direct and proximate result of CPM's violation of § 650.1, Zenith has suffered damages in an amount to be determined at trial.

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA. 90071-1530

9

## PRAYER FOR RELIEF

Wherefore, Zenith prays for relief as follows:

(1)    For general damages in an amount to be proven at trial;

(2)    For special damages in an amount to be proven at trial;

(3)    For punitive damages in an amount to be proven at trial as to the second and fourth causes of action;

(4)    For pre-judgment and post-judgment interest;

(5)    For reasonable attorneys' fees and costs;

(6)    With respect to first cause of action for unfair competition, that this Court enter judgment ordering restitution of monies received by Defendants as a result of their acts and practices in violation of Business and Professions Code §§ 17200, et seq.; and

(7)    For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all counts so triable.

Dated:  February 3, 2009

DEWEY & LEBOEUF LLP

By:  _Dean Hansell_
 _____
Dean Hansell

Attorneys for Plaintiffs
Zenith Insurance Company and
ZNAT Insurance Company

253946

Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA, 90071-1530

10

COMPLAINT FOR DAMAGES