LARY ALAN RAPPAPORT (SBN 87614)
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206
Tel: (310) 557-2900 Fax: (310) 557-2193
lrappaport@proskauer.com

DEAN HANSELL (SBN 93831)
ELLA R. SERRANO (SBN: 228216)
DEWEY & LEBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071-1530
Tel: (213) 621-6000 Fax: (213) 621-6100
dhansell@dl.com; eserrano@dl.com

Attorneys for Defendants **ZENITH INSURANCE COMPANY** and **ZNAT INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA PHARMACY MANAGEMENT, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>ZENITH INSURANCE COMPANY, a California corporation; and ZNAT INSURANCE COMPANY, a California corporation,<br><br>        Defendants. | Case No. SA CV 09-0242 DOC(ANx)<br>(Consolidated with<br>Case No. SAC 09-141 DOC (ANx)<br><br>**DEFENDANTS ZENITH INSURANCE COMPANY'S AND ZNAT INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT'S THIRD AND FOURTH CLAIMS FOR RELIEF**<br><br>Date: August 23, 2010<br><br>Time: 8:30 a.m.<br><br>Place: Courtroom 9-D<br>      (Santa Ana) |

TO PLAINTIFF CALIFORNIA PHARMACY MANAGEMENT, LLC AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT at 8:30 a.m. on August 23, 2010 in Courtroom 9-D of the above-entitled Court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701, defendants Zenith Insurance Company and ZNAT Insurance Company (collectively "Zenith") will and hereby do move pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Third and Fourth Claims for Relief of the Fourth Amended Complaint filed by plaintiff California Pharmacy Management, LLC ("CPM").[1]

This motion will be and is made upon the ground that the Third and Fourth Claims for Relief fail to allege a claim for, respectively, violation of Section 1 of the Sherman Act or violation of California's Cartwright Act. CPM's antitrust claims should be dismissed for three independent reasons.

First, while the November 5, 2009 Order denied Zenith's motion to dismiss the RICO claims in the Second Amended Complaint, this Court held that many of the Second Amended Complaint's allegations improperly attempted to impose liability against Zenith based upon Zenith's protected activity: (i) objecting to CPM's lien claims; (ii) defending against CPM's lien claims before the Workers' Compensation Appeals Board (the "WCAB"); (iii) petitioning to consolidate lien claims before the WCAB; and (iv) filing an unfair competition lawsuit against CPM

---

[1] The Fourth Amended Complaint is CPM's fifth pleading. The first three pleadings alleged two RICO claims. Zenith challenged the sufficiency of the RICO claims asserted in the Second Amended Complaint and, on November 5, 2009, this Court denied that motion. CPM later obtained leave to amend again to add claims for purported violation of the Sherman Act and California's Cartwright Act. Zenith moved to dismiss the antitrust claims and strike certain allegations in the Third Amended Complaint. CPM then asked Zenith to stipulate to the filing of a fifth pleading that, according to CPM, would "clean up" the defects in the Third Amended Complaint. The Fourth Amended Complaint does not cure the defects in the prior pleading and Zenith therefore is renewing its motion to dismiss the antitrust claims, but not the RICO claims alleged in the First and Second Claims for Relief.

in state court. Instead of deleting allegations of protected activity when it elected to file a Third, and now Fourth, Amended Complaint, CPM bases its antitrust claims on them. The Third and Fourth Claims for relief therefore should be dismissed because they seek to impose antitrust liability based upon alleged petitioning activity protected under the *Noerr-Pennington* doctrine.

Second, CPM fails to state an antitrust claim because CPM's allegations of a purported agreement between Zenith and BH are insufficient to meet CPM's heavy pleading burden under *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, __ S. Ct. __, __ L. Ed. 2d __ (2007) and *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, __ L. Ed. 2d __ (2009).

Third, CPM does not allege facts sufficient to plead antitrust injury and therefore lacks standing to bring an antitrust claim against Zenith. CPM fails to allege antitrust injury primarily because any injury suffered by CPM would at best be an *indirect* effect of Zenith's conduct. According to the Fourth Amended Complaint, Zenith failed to pay *medical providers* for dispensing drugs, thereby purportedly interfering with CPM's contractual relationship with the providers who CPM alleges pay CPM for management, billing and collecting services. (Third Amended Complaint at ¶ 14.) Such an alleged indirect injury will not support an antitrust claim and the Third and Fourth Claims for Relief should be dismissed.[2]

---

[2] CPM is unable to rely upon this Court's finding in the November 5, 2009 Order that CPM had alleged an injury for purposes of RICO standing. The Court expressly based its finding upon CPM's allegation in paragraph 12 of the Second Amended Complaint that CPM "soon expects to have assignments from all or most of its physicians of their RICO causes of action." Although that allegation is realleged in paragraph 14 of the Fourth Amended Complaint, CPM does not allege that it received any assignment of the physicians' antitrust claims. Nor could CPM make such an allegation because the physicians themselves have no antitrust claim.

1
2   This motion is made following the conference of counsel pursuant to Local
3   Rule 7-3; counsel met and conferred by e-mail and telephonically on May 14, 2010.
4   This motion is and will be based upon this Notice, the accompanying
5   Memorandum of Points and Authorities, the Court's November 5, 2009 Order, the
6   Fourth Amended Complaint, the papers, pleadings and records on file herein,
7   Federal Rules of Civil Procedure Rule 12 (b) (6), Local Rule 7-3 and the argument
8   of counsel.
9
10  DATED: July 13, 2010                    PROSKAUER ROSE, LLP
11                                          DEWEY & LEBOEUF, LLP
12
13                                          By:        /s/
                                                Lary Alan Rappaport
14                                          Attorneys for Defendants
                                            ZENITH INSURANCE COMPANY
15                                          AND ZNAT INSURANCE COMPANY