Terree A. Bowers (SBN 89334)
bowers.terree@arentfox.com
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401

Donald G. Norris (SBN 90000)
dnorris@norgallaw.com
NORRIS & GALANTER LLP
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
Telephone: (213) 996-8465
Facsimile: (213) 996-8475

Attorneys for Plaintiff
CALIFORNIA PHARMACY
MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA PHARMACY MANAGEMENT, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ZENITH INSURANCE COMPANY, a California corporation; and ZNAT INSURANCE COMPANY, a California corporation, <br><br> Defendants. <br><hr> AND CONSOLIDATED ACTION. | Case No. SACV 09-0242 DOC (ANx) <br><br> (Consolidated with SAC 09-141 DOC (ANx)) <br><br> Honorable David O. Carter <br><br> **CALIFORNIA PHARMACY MANAGEMENT, LLC'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR AN ORDER STRIKING ALLEGATIONS IN THE FOURTH AND FIFTH AMENDED COMPLAINTS; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS; DECLARATION OF TERREE BOWERS** <br><br> Date: August 23, 2010 <br><br> Time: 8:30 a.m. <br><br> Place: Courtroom 9-D <br> (Santa Ana) |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1

1       Plaintiff California Pharmacy Management, LLC hereby files an opposition

2  to the Motions for an Order Striking Allegations in the Fourth and Fifth Amended

3  Complaints filed by defendants Zenith Insurance Company and ZNAT Insurance

4  Company ("Zenith") and defendants Redwood Fire and Casualty Insurance

5  Company, Cypress Insurance Company, Oak River Insurance Company, American

6  All-Risk Insurance Services, Inc., American Commercial Claims Administrators,

7  Inc., and National Liability and Fire Insurance Company ("Berkshire Hathaway")

8  (Zenith and Berkshire Hathaway collectively are referred to as "defendants").  This

9  opposition is based on the attached Memorandum of Points and Authorities, the

10 Court's November 5, 2009 Order denying Zenith's Motion to Dismiss the Second

11 Amended Complaint; the attached exhibits; the declaration of Terree Bowers; and

12 any such argument or evidence that may be presented at a hearing on this matter.

13

14 Dated:  August 2, 2010             ARENT FOX LLP

15

16                                 By: _____

17                                   Terree A. Bowers

                                  Attorneys for Plaintiff

18                                   CALIFORNIA PHARMACY

                                  MANAGEMENT, LLC

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                            - 2 -                        PLAINTIFF'S CONSOLIDATED
OPPOSITION TO DEFENDANTS'
MOTIONS TO STRIKE

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................1

II.     PROCEDURAL AND FACTUAL BACKGROUND

        A.      Procedural Background .............................................................1

        B.      The Court's November 5, 2009 Order......................................2

III.    ARGUMENT ..........................................................................................5

        A.      Defendants Have Failed to Meet the Legal Standard to Sustain
                Their Motion to Strike ...............................................................5

        B.      Defendants' Analysis of the Court's November 5, 2009 Order
                Does Not Support Striking the Challenged Allegations ..........7

                1.      The allegations defendants are attempting to strike
                        properly describe defendants' fraudulent lulling conduct .........7

                2.      The Court previously rejected defendants' Noerr-
                        Pennington argument as premature......................................12

        C.      Defendants Have Failed to Demonstrate that They Will Suffer
                Any Prejudice from the Challenged Allegations....................14

        D.      *Mendoza* Is Neither A Final Judgment Nor A Final Order And
                Has No Precedential Import Whatsoever ...............................15

IV.     CONCLUSION......................................................................................15

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S CONSOLIDATED
OPPOSITION TO DEFENDANTS'
MOTIONS TO STRIKE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*California Pharmacy Management, LLC v. Redwood and Casualty Ins. Co., et al.*, No. SAC 09-141 DOC (C.D. Cal) ................................................................. 1

*Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003) ........................................................ 4, 5, 11

**STATUTES**

15 U.S.C. § 1 ................................................................................................................ 2

18 U.S.C. § 1341 ........................................................................................................... 4

18 U.S.C. § 1343 ........................................................................................................... 4

18 U.S.C. § 1962(c) ...................................................................................................... 4

Cal. Bus. & Prof. Code §§ 16700-16761 .............................................................. 2, 3

**RULES**

Fed. R. Civ. P. 9(b) ....................................................................................................... 7

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 2, 9, 11

Fed. R. Civ. P. 12(f) ................................................................................................ 4, 5

**OTHER AUTHORITIES**

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004) ............................................................................................ 5, 6, 11

2 William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Practice Guide: Fed. Civil Procedure Before Trial, Attacking the Pleadings (Rutter Group 2010) ........................................................................ 5, 10, 12

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1

- ii -

PLAINTIFF'S CONSOLIDATED
OPPOSITION TO DEFENDANTS'
MOTIONS TO STRIKE

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

Having lost their previous motions to dismiss CPM's Complaint, defendants now seek to circumvent the Court's denial orders by filing motions to strike. As the Court recognized, this case is about defendants' "intent[] to deceive CPM about Defendants' good faith in resolving CPM's claims and using the WCAB process." Order at 7. Defendants' motions to strike seek to strike allegations that the Court already has found to be connected to defendants' fraudulent scheme and lulling conduct.

Courts and legal treatises consistently have recognized that motions to strike are disfavored, particularly where, as here, the challenged allegations are relevant to defendants' fraudulent scheme and intent. Furthermore, defendants must show some form of significant prejudice to prevail on a motion to strike. Here, defendants fail to meet this legal standard. They have failed to show that the challenged allegations are irrelevant; and they have failed to address any prejudice they allegedly might suffer from these allegations. Indeed, the Court already has found that the challenged allegations are relevant to CPM's lulling claims, and application of the *Noerr-Pennington* doctrine is premature. Consequently, the Court should deny defendants' motion to strike.

II.    **PROCEDURAL AND FACTUAL BACKGROUND**

A.    **Procedural Background**

On February 5, 2009, CPM filed its original RICO complaint against Redwood Fire and Casualty Insurance Company, Cypress Insurance Company, Oak River Insurance Company, American All-Risk Insurance Services, Inc., American Commercial Claims Administrators, Inc., and National Liability and Fire Insurance Company ("Berkshire Hathaway") and on February 26, 2009, CPM filed its original RICO complaint against Zenith Insurance Company and ZNAT Insurance Company ("Zenith") (collectively "defendants") based on the predicate acts of mail

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1

- 1 -

PLAINTIFF'S CONSOLIDATED
OPPOSITION TO DEFENDANTS'
MOTIONS TO STRIKE

1   and wire fraud.[1]  On April 23, 2009, CPM filed its First Amended Complaint, and

2   by stipulation among the parties, it filed a Second Amended Complaint ("SAC") on

3   August 18, 2009.[2]  On September 15, 2009, Zenith filed a motion to dismiss the

4   SAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, *inter*

5   *alia,* that CPM had failed to state a claim for relief under the RICO statute.  The

6   Court rejected defendants' argument, and on November 5, 2009, denied the motion

7   to dismiss, finding that defendants' "lulling conduct" sufficiently supported the

8   predicate acts of mail and wire fraud to sustain the RICO claim.[3]

9           Thereafter, and pursuant to stipulations between the parties, CPM filed

10  amended Complaints, which added claims pertaining to defendants' violations of

11  Section 1 of the Sherman Act, 15 U.S.C. § 1; and the Cartwright Act, Cal. Bus. &

12  Prof. Code §§ 16700-16761.  Presently pending before the Court is CPM's Fourth

13  Amended Complaint against Zenith and CPM's Fifth Amended Complaint against

14  Berkshire Hathaway.  The Fourth Amended Complaint and Fifth Amended

15  Complaint are collectively referred to herein as the "Current Complaints."

16          B.      The Court's November 5, 2009 Order

17          In an effort to circumvent the Court's denial of defendants' prior motions to

18  dismiss CPM's RICO claim, defendants now have filed motions to strike

19  allegations in Current Complaints that specifically describe the lulling conduct the

20  Court found sufficient to support the RICO claim.[4]  In doing so, defendants have

21  _____

22  [1] The Berkshire Hathaway defendants are referred to herein collectively as "Berkshire Hathaway" and the Zenith
    defendants are referred to herein collectively as "Zenith."  Unless otherwise necessary, the Berkshire Hathaway and

23  Zenith defendants will be collectively referred to as "defendants."
    [2] Following the dismissal of a similar complaint in a related action, *see California Pharmacy Management, LLC v.*

24  *Redwood and Casualty Ins. Co., et al.*, No. SAC 09-141 DOC (Anx) (C.D. Cal), the parties stipulated that Zenith
    would withdraw its motion to dismiss the First Amended Complaint in this action and CPM would file the Second
    Amended Complaint, which it did on August 18, 2009.

25  [3] The Court also denied Berkshire Hathaway's motion to dismiss CPM's Third Amended Complaint against it by
    Order dated October 26, 2009, which is attached as Exhibit C to the Declaration of Terree Bowers.  While that Order

26  was substantially similar to the Court's November 5, 2009 Order and would provide the same bases for denying the
    instant motions, defendants do not reference it, and so CPM focuses its analysis on defendants' misreading of the

27  November 5, 2009 Order.  Subsequent to its November 5, 2009 Order, the Court consolidated the cases against
    Zenith and Berkshire Hathaway.  *See* November 9, 2009 Order, attached as Exhibit A to the Declaration of Terree

28  Bowers.
    [4] Zenith's motion to strike was filed on July 13, 2010 and Berkshire Hathaway's motion to strike was filed on July

1   misconstrued and taken out of context the language contained in the Court's Order.

2   Consequently, as a starting point, it is important to revisit the Court's Order and its

3   reasoning for denying defendants' motion to dismiss, as it forms the basis on which

4   defendants' motions to strike also should be denied.[5]

5       In its November 5, 2009 Order (hereinafter "Order"), the Court held that

6   defendants' lulling conduct was sufficient to demonstrate the predicate acts of mail

7   and wire fraud on which to base a RICO claim.  The Court first held that CPM had

8   stated its RICO claim with sufficient particularity to survive the motion to dismiss.

9   Specifically, the Court stated:

10         Defendants neglect to acknowledge that the SAC alleges fraudulent

11         conduct in objecting to over 800 bills and liens for medications, as

12         well as the numerous overlapping correspondence concerning bills

13         and liens.  [SAC ¶ 29.]  The SAC does, in sufficient detail, provide the

14         content of lulling communications, including but not limited to,

15         Defendants' alleged representation that their objectives were

16         "business-as-usual" and that Defendants intended to "resolv[e] the

17         objections in good faith."  *Id.*  Moreover, the Court reads the SAC as

18         alleging that the misrepresentations were fraudulent both individually

19         *and in the aggregate* and CPM specifies that the alleged fraudulent

20         acts occurred within one year of the filing of the SAC.  *Id.*

21   Order at 5 (emphasis in original).

22       The Court next found that defendants' lulling' conduct, which is described in

23   the majority of the allegations defendants are attempting to strike, supported CPM's

24   RICO claim based on the predicate acts of mail and wire fraud.  In making this

25   finding, the Court stated:

26   _____

27   26, 2010.  In its motion to strike, Berkshire Hathaway joined Zenith's motion, prompting this consolidated
    opposition.  Zenith and Berkshire Hathaway also have filed motions to dismiss.  CPM will oppose defendants' new
    Rule 12(b)(6) motions in a separate opposition.

28   [5] Notably, although defendants quoted from the November 5, 2009 Order, they did not include a copy of the Order as
    an exhibit to their motion to strike.  A copy of the Order is attached as Exhibit B to the Declaration of Terree Bowers.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                                    - 3 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
SACV 09-0242 DOC (ANx)

1    Notwithstanding the legal irrelevance of the SAC's allegations

2    concerning the submission of baseless objection letters, consolidation

3    proceedings before the WCAB, and the filing of the lawsuit in state

4    court, the "lulling" claims are sufficient to demonstrate the predicate

5    acts of mail and wire fraud.  In relevant part, Plaintiff alleges that

6    Defendants "lulled" it into believing that they had investigated CPM's

7    claims for payments and that Defendants intended to resolve their

8    objections with haste and in good faith.  *See* SAC ¶ 49.  This scheme

9    to defraud was allegedly designed well in advance of litigation before

10    the WCAB; indeed, Plaintiff alleges that Defendants conspired with

11    other carriers to put CPM out of service and implemented a scheme to

12    deny all payments to CPM and fabricate pretextual objections to

13    CPM's claims.  *Id.* ¶ 3.  It was only in effectuating this scheme that

14    Defendants allegedly submitted fraudulent objection letters and issued

15    blanket denials of CPM's claims in telephone calls with CPM's

16    collectors.  *Id.* ¶¶ 28-36.  In short, Plaintiff alleges that Defendants

17    intended to deceive CPM about Defendants' good faith in resolving

18    CPM's claims and using the WCAB process.  Accordingly, the Court

19    finds that the SAC's allegations are sufficient to support a RICO

20    claim under 18 U.S.C. § 1962(c) with the predicate acts of mail fraud

21    (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).

22  Order at 7.

23        The Court also found that CPM had alleged a pattern of racketeering activity

24  because "[d]efendants' objection letters and associated correspondence evinced a

25  desire to resolve claims in 'good faith' and in a regular manner when, in fact, no

26  such intent existed."  Order at 8 (citing SAC ¶¶ 28-32).   And, that the SAC alleged

27  the existence of an enterprise with defendants collectively constituting the

28  enterprise, or defendants and the Everest and Berkshire Hathaway entities

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
LA/307278.1                                    -4-                    PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
SACV 09-0242 DOC (ANx)

1    constituting an enterprise. Order at 8-10. The Court also refrained from
2    prospectively applying the *Noerr-Pennington* doctrine on the basis that, if taken as
3    true, the allegations pertaining to defendants' fraudulent conduct predated any
4    protected petitioning activity, "such that the WCAB process was merely a vehicle
5    to effectuate Defendants' scheme." *Id.* at 14 (citations omitted).

6    III.   ARGUMENT

7          A.     Defendants Have Failed To Meet The Legal Standard To Sustain Their
8                 Motion To Strike

9          Under Federal Rule of Civil Procedure 12(f), "a court 'may order stricken
10   from any pleading any insufficient defense or any redundant, immaterial,
11   impertinent, or scandalous matter.'" *Neilson v. Union Bank of California, N.A.*,
12   290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (quoting Fed. R. Civ. P. 12(f)).
13   Nonetheless, "[m]otions to strike are generally regarded with disfavor because of
14   the limited importance of pleading in federal practice, and because they are often
15   used as a delaying tactic. *Id.* (citations omitted).

16         Because Rule 12(f) motions are disfavored, "courts often require a showing
17   of prejudice by the moving party before granting" a motion to strike. *Id.* (citations
18   and internal quotations omitted); *see also* 5 Charles A. Wright & Arthur R. Miller,
19   Federal Practice and Procedure § 1382 (3d ed. 2004) (citations omitted) (motions to
20   strike "should be denied unless the challenged allegations have no possible relation
21   or logical connection to the subject matter of the controversy and may cause some
22   form of significant prejudice to one or more of the parties to the action."); 2
23   William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Practice
24   Guide: Fed. Civil Procedure Before Trial, Attacking the Pleadings, at 9:383.5-387
25   (Rutter Group 2010) (Rule 12(f) motions "are rarely granted. Where there is doubt
26   as to the relevance of the challenged allegations, courts err on the side of permitting
27   the allegations to stand, *particularly where the moving party shows no prejudice*
28   *therefrom*.") (emphasis in original) (citations omitted). "Thus it is not surprising

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
LA/307278.1                          - 5 -                    PLAINTIFF'S OPPOSITION TO
                                                             DEFENDANTS' MOTION TO STRIKE
                                                             SACV 09-0242 DOC (ANx)

1   that a motion to strike frequently has been denied when the court believes that no

2   prejudice could result from the challenged allegations, even though the offending

3   matter literally is within one or more of the categories set forth in Rule 12(f)." 5

4   Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d

5   ed. 2004) (citations omitted).

6          The decision to grant a motion to strike lies in the sound discretion of the

7   district court and in making its decision, the court must view the pleading in the

8   light most favorable to the non-moving party. *Neilson*, 290 F. Supp. 2d at 1152.

9   (citations omitted).  "[I]f the district court is in doubt whether the challenged matter

10  may raise an issue of fact or law, many district judges have concluded that the

11  motion to strike under Rule 12(f) should be denied and the sufficiency of the

12  allegations left for further elaboration through discovery and adjudication by

13  summary judgment or a trial on the merits." 5 Charles A. Wright & Arthur R.

14  Miller, Federal Practice and Procedure § 1382 (3d ed. 2004) (citations omitted).

15         Here, defendants have failed to meet their burden of demonstrating that "the

16  challenged allegations have no possible or logical connection" to this matter.  In

17  fact, when denying defendants' motion to dismiss, the Court previously found these

18  allegations sufficient to support CPM's RICO claim based on the predicate acts of

19  mail and wire fraud due to defendants' bad faith lulling conduct.  Defendants also

20  have failed to demonstrate they will suffer any prejudice by the inclusion of the

21  allegations.  Indeed, defendants neglected to advise the Court of the prejudice prong

22  of the analysis in their respective motions to strike; and they completely failed to

23  articulate any prejudice they would suffer if the challenged allegations remained in

24  the Current Complaints.

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                          - 6 -                    PLAINTIFF'S OPPOSITION TO
                                                     DEFENDANTS' MOTION TO STRIKE
                                                          SACV 09-0242 DOC (ANx)

B.  **Defendants' Analysis Of The Court's November 5, 2009 Order Does Not Support Striking The Challenged Allegations**

1.  The allegations defendants are attempting to strike properly describe defendants' fraudulent lulling conduct

Purportedly relying on the Court's Order, defendants seek to strike allegations pertaining to defendants: "(i) objections to CPM's bills and request for allowance of liens; (ii) defense against CPM's lien claims before the Workers' Compensation Appeals Board (the "WCAB"); (iii) petition to consolidate lien claims at the WCAB; [and] (iv) filing of a civil lawsuit against CPM."  (Motion to Strike at 1).  Defendants reading of the Order and their arguments are misplaced and incorrect.  Defendants have incorrectly parsed-out language in the Court's Order to support their position and they have misconstrued the gravamen of the Court's Order – that the allegations defendants seek to strike describe defendants' fraudulent scheme and intent to "deceive CPM about Defendants' good faith in resolving CPM's claims and using the WCAB process."  Order at 7.

The Court began its analysis of defendant's motion to dismiss by examining whether CPM pled its fraud claims with sufficient particularity as required under Fed. R. Civ. P. 9(b).  In holding that CPM had met Rule 9(b)'s particularity requirements, the Court stated:

> The SAC does, in sufficient detail, provide the content of the "lulling" communications, including but not limited to, Defendants' alleged representation that their objectives were "business as usual" and that Defendants intended to "resolv[e] the objections in good faith."  *Id.* Moreover, the Court reads the SAC as alleging that the misrepresentations were fraudulent both individually *and in the aggregate* and CPM specifies that the alleged fraudulent acts occurred within one year of the filing of the SAC.  *Id.*

Order at 5 (emphasis in original).  The finding of particularity demonstrates that the

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SACV 09-0242 DOC (ANx)

1    Court found the allegations describing defendants' fraudulent conduct, which

2    included a description of the bad faith conduct in which defendants engaged and

3    their fraudulent intent, met the Rule 9(b) standard. *See* Order at 4-5, citing SAC ¶¶

4    28-36.

5        The Court also examined the sufficiency of the fraud allegations in the SAC

6    with a review of the elements of wire and mail fraud statutes. Order at 5-6. The

7    Court indicated that to allege a violation of these two criminal statutes, the plaintiff

8    must show that: (1) defendants formed a scheme or artifice to defraud; (2)

9    defendants used the U.S. mail or wires in furtherance of the scheme; and (3)

10   defendants did so with the specific intent to defraud. *Id.* at 6 (citations omitted).  In

11   applying these elements to the allegations in the SAC, the Court found that the

12   allegations regarding the "submission of baseless objections; (2) the consolidation

13   of claims before the WCAB; and/or (3) the filing of Defendants' state court

14   lawsuit," do not concern fraudulent conduct. *See* Order at 6 (citations omitted).  In

15   their motion to strike, defendants have seized on this one sentence in the Court's

16   Order to support their motion to strike, but they have taken it out of context and

17   mischaracterized the Court's Order. *See* Defendants' Motion to Strike at 8-9.

18   Defendants completely ignore the Court's analysis in the subsequent paragraph,

19   where the Court found that these same allegations supported CPM's lulling claims

20   under the RICO statute.

21       Immediately following the sentence cited by the defendants in support of

22   their motion to strike, that Court stated:

23       Notwithstanding the legal irrelevance of the SAC's allegations

24       concerning the submission of baseless objection letters, consolidation

25       proceedings before the WCAB, and the filing of the lawsuit in state

26       court, the "lulling" claims are sufficient to demonstrate the predicate

27       acts of mail and wire fraud.  In relevant part, Plaintiff alleges that

28       Defendants "lulled" it into believing that they had investigated CPM's

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
LA/307278.1

- 8 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
SACV 09-0242 DOC (ANx)

1    claims for payments and that Defendants intended to resolve their

2    objections with haste and in good faith. *See* SAC ¶ 49.  This scheme

3    to defraud was allegedly designed well in advance of litigation before

4    the WCAB; indeed, Plaintiff alleges that Defendants conspired with

5    other carriers to put CPM out of service and implemented a scheme to

6    deny all payments to CPM and fabricate pretextual objections to

7    CPM's claims. *Id.* ¶ 3.  It was only in effectuating this scheme that

8    Defendants allegedly submitted fraudulent objection letters and issued

9    blanket denials of CPM's claims in telephone calls with CPM's

10   collectors. *Id.* ¶¶ 28-36.  In short, Plaintiff alleges that Defendants

11   intended to deceive CPM about Defendants' good faith in resolving

12   CPM's claims and using the WCAB process.  Accordingly, the Court

13   finds that the SAC's allegations are sufficient to support a RICO claim

14   under 18 U.S.C. §1962(c) with the predicate acts of mail fraud (18

15   U.S.C. §1341) and wire fraud (18 U.S.C. §1343).

16   Order at 7 (emphasis added). In reaching its sufficiency conclusion, the Court again

17   examined CPM's allegations regarding defendants' fraudulent lulling scheme and

18   found the allegations to be relevant in that they described defendants' scheme and

19   intent to defraud, both of which CPM is required to prove under the mail and wire

20   fraud statutes. *See* Order at 7, citing SAC ¶¶ 3, 28-36, 49.

21        In denying defendants' Rule 12(b)(6) motion, the Court recognized that the

22   gravamen of CPM's claims was that "[d]efendants (and other insurers) defrauded

23   CPM into believing that they intended to delay repayment, exploit the WCAB

24   process, and ultimately bankrupt CPM."  Order at 12.  The Court concluded that the

25   allegations in the SAC supported CPM's lulling claims, in that the allegations

26   described, with particularity and sufficiency, defendants' scheme to defraud and

27   their fraudulent intent, both of which are elements of the wire and mail fraud

28   statutes.

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/307278.1                                       - 9 -                    PLAINTIFF'S OPPOSITION TO
                                                                          DEFENDANTS' MOTION TO STRIKE
                                                                          SACV 09-0242 DOC (ANx)

The allegations defendants now seek to strike from the Current Complaints essentially are the same allegations on which the Court relied when it denied defendants' motions to dismiss. The motions seek to strike CPM's allegations pertaining to defendants' sending "deceptive objection letters and other communications in order to make it look like the carriers had legitimate objections to the claims." Current Complaints at ¶ 4.[6] These allegations, which describe defendants' fraudulent objections to CPM's claims, describe the lulling claim upon which the Court relied in its Order. In its Order, the Court stated that CPM alleged "that the misrepresentations were fraudulent both individually *and in the aggregate.*" Order at 7 (emphasis in original). The Court also was relying on the allegations pertaining to the baseless objection letters when it stated:

> "Defendants conspired with other carriers to put CPM out of service and implemented a scheme to deny all payments to CPM and fabricate pretextual objections to CPM's claims. *Id.* ¶ 3. It was only in effectuating this scheme that Defendants allegedly submitted fraudulent objection letters and issued blanket denials of CPM's claims in telephone calls with CPM's collectors. *Id.* ¶¶ 28-36."

Order at 7. The Court's description of the "scheme to deny all payments" includes "pretextual objections to CPM's claims." Given the Court's reliance on such pretextual objections as part of defendants' overall fraudulent scheme, it is specious for defendants to argue now that these allegations should be stricken.

Defendants also seek to strike CPM's allegations pertaining to defendants' misuse of the WCAB in defending CPM's lien claims.[7] Again, these allegations are

---

[6] *See also* Current Complaints at ¶ 7 (alleging, *inter alia*, that defendants were not objecting and litigating in the normal course of business, but had used baseless objection letters to lull CPM into believing that they were); ¶ 47-49 (alleging, *inter alia*, that baseless objections were part of preplanned scheme and concerted action to defraud CPM); ¶ 82(c) (Fifth Amended Complaint) and ¶ 83(c) (Fourth Amended Complaint) (alleging, *inter alia*, that defendants made sham and pretextual objections).

[7] *See, e.g.*, Current Complaints at ¶ 7 (alleging, *inter alia*, that defendants were not litigating in the normal course of business); ¶ 8 (alleging, *inter alia*, that defendants were misusing the WCAB process); ¶ 9 (alleging, *inter alia*, that defendants' proceedings before the WCAB were baseless); ¶ 37(c) (same); ¶ 51 (alleging, *inter alia*, that defendants relied on slow pace of WCAB litigation to damage CPM).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                                    - 10 -                    PLAINTIFF'S OPPOSITION TO
                                                                        DEFENDANTS' MOTION TO STRIKE
                                                                        SACV 09-0242 DOC (ANx)

1   directly relevant to defendants' fraudulent scheme, and are precisely the type of

2   allegations the Court relied when it denied defendants' motions to dismiss.  As the

3   Court noted, CPM has alleged that "[t]his scheme to defraud was allegedly

4   designed well in advance of litigation before the WCAB."  Order at 7.  CPM also

5   has alleged "[d]efendants intended to deceive CPM about Defendants' good faith

6   in…using the WCAB process."  *Id*.  The allegations cited above relate directly to

7   the issue of defendants' designing a scheme in advance of WCAB litigation and

8   also defendants' deception concerning their good faith in using the WCAB process

9   – which the Court relied upon in its Order.

10          Defendants further attempt to strike allegations pertaining to their fraudulent

11   misuse of the WCAB consolidation process.[8]   In its Order, however, the Court

12   found that the pre-planned nature of defendants' fraudulent conduct was part of the

13   lulling scheme.  "This scheme to defraud was allegedly designed well in advance of

14   litigation before the WCAB. . . "[d]efendants intended to deceive CPM about

15   Defendants' good faith in. . .using the WCAB process."  Order at 7.  Here, the

16   allegations specifically discuss the pre-planned nature of defendants' misuse of the

17   WCAB consolidation procedure.  For example, in ¶ 57, CPM alleges that

18   defendants knew that consolidated proceedings would give them leverage and that

19   they sought to abuse that process.  In ¶ 58, CPM alleges that Berkshire Hathaway

20   and Zenith conspired to file bogus consolidation petitions.

21          Defendants claim that these allegations should now be stricken is without

22   legal or factual merit.  Defendants did not – and cannot – demonstrate that the

23   allegations have "no possible bearing on the subject matter of the litigation." 2

24   William W. Schwarzer, A Wallace Tashima & James M. Wagstaffe, Cal. Practice

25   Guide: Fed. Civil Procedure Before Trial, Attacking the Pleadings, at 9:383.5.

26   _____

27   [8] *See, e.g.*, Current Complaints at ¶ 52 (alleging, *inter alia*, that defendants' purpose in consolidating the WCAB cases is delay); ¶ 53 (alleging, *inter alia*, that consolidation petitions were based on misrepresentations); ¶ 57 (alleging, *inter alia*, that defendants were aware of the leverage consolidated proceedings could give them and sought

28   to abuse that process as part of their fraudulent scheme); ¶ 58 (alleging, *inter alia*, that Berkshire Hathaway and Zenith conspired to file fraudulent consolidation petitions).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                                    - 11 -                    PLAINTIFF'S OPPOSITION TO
                                                                        DEFENDANTS' MOTION TO STRIKE
                                                                        SACV 09-0242 DOC (ANx)

1   Rather, the allegations accurately describe defendants' fraudulent conduct, scheme

2   and intent, particularly where, as here, they must be read in the light most favorable

3   to CPM.[9]   Consequently, defendants' motion to strike is without merit and it should

4   be denied.

5           2.      The Court previously rejected defendants' *Noerr-Pennington*

6                   argument as premature

7           Defendants also misconstrue the Court's Order rejecting their prior argument

8   concerning the *Noerr-Pennington* doctrine.  *See* Motion to Strike at 8-9.

9   Defendants contend that under the Court's Order, allegations regarding defendants

10  conduct in the WCAB proceedings and the filing of the state court action should be

11  stricken because it constitutes protected activity under the *Noerr-Pennington*

12  doctrine.   Once again, defendants fail to fully cite the Court's Order.

13          Contrary to the picture painted by defendants, the Court expressly

14  "decline[d] to prospectively apply the *Noerr-Pennington* doctrine."   In rendering

15  its decision the Court stated:

16          [T]he SAC alleges that Defendants induced CPM into believing that

17          they intended to resolve CPM's claims in good faith.  SAC ¶ 28(a).

18          The SAC also alleges that Defendants falsely communicated to other

19          carriers and administrators 'that CPM was being investigated for fraud

20          and illegal practices.' *Id.* ¶ 28(d).  Neither allegation necessarily

21          concerns petitioning activity before the WCAB; indeed the latter

22          concerns fraudulent activity entirely outside the scope of the WCAB.

23          Thus, this Court declines to prospectively apply the *Noerr-Pennington*

24          doctrine to activity that may have been conducted antecedent to and

25          without contemplation of litigation before the WCAB.  If the SAC's

---

27  [9] Defendants also have moved to strike a portion of ¶ 71, concerning defendants' use of the U.S. mail and wires to

28  perpetrate their fraudulent lulling scheme.  This same language was contained in ¶ 50 in the SAC.  As the Court
    noted in its Order, use of the U.S. mail and wires is an element of the fraud statutes.  As such, CPM has properly
    alleged this element of the predicate offenses which the Court found could form the basis of CPM's RICO claim.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                              - 12 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
SACV 09-0242 DOC (ANx)

1    allegations are taken as true, then Defendants fraudulent conduct

2    predated their protected petitioning activity, such that the WCAB

3    process was merely a vehicle to effectuate Defendants' scheme.

4  Order at 14 (emphasis added).  Similarly, the Court recognized the "sham litigation

5  exception" to the *Noerr-Pennington* doctrine, stating that the doctrine "does not

6  protect petitioning conduct that, although ostensibly directed toward influencing

7  governmental action, is a mere sham to cover what is nothing more than an attempt

8  to interfere directly with the business relationships of a competitor."  Order at 14

9  (citations and internal quotations omitted).

10      Despite the Court's Order finding the *Noerr-Pennington* challenge

11  premature, defendants attempt to strike allegations pertaining to their sham

12  litigation in the California state court system.[10]  These allegations are relevant to

13  defendants' pre-planned scheme to lull CPM into believing that defendants were

14  objecting and litigating claims and issues in good faith, when in reality, defendants

15  had conspired – before the filing of any litigation – to employ whatever means they

16  could to destroy CPM.  The Court already determined that it was premature to

17  decide whether the *Noerr-Pennington* doctrine applied to these allegations.  "If the

18  SAC's allegations are taken as true, then Defendants' fraudulent conduct predated

19  their protected petitioning activity, such that the WCAB process was merely a

20  vehicle to effectuate Defendants' scheme. . .Plaintiff claims that any of Defendants'

21  protected petitioning activities – *i.e.*, objecting to consolidating claims before the

22  WCAB and filing its state court lawsuit – fall under the 'sham' exception to the

23  *Noerr-Pennington* doctrine."  Order at 14.  As the Court previously held, it remains

24  premature to adjudicate this issue, and the defendants' motions should be denied.

25      When it refrained from reaching the *Noerr-Pennington* issue and the sham

26

---

27  [10] *See, e.g.*, Current Complaints at ¶ 60 (alleging, *inter alia*, that defendants are using frivolous litigation to destroy CPM); ¶ 61 (alleging, *inter alia*, that defendants are using the process of litigation to injure CPM); ¶ 82(g) (Fifth Amended Complaint) and ¶ 83(g) (Fourth Amended Complaint (alleging, *inter alia*, that defendants' use of sham litigation is calculated to harm CPM); ¶ 83(c) (Fifth Amended Complaint) and ¶ 84(c) (alleging, *inter alia*, that defendants are using sham litigation to having a chilling effect on CPM and other similar businesses).

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                                    - 13 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
SACV 09-0242 DOC (ANx)

1   litigation exception to the doctrine, the Court recognized that this case is still in its

2   infancy.   Very little discovery has been conducted since the Court issued its Order.

3   The Court's restraint in reaching the *Noerr-Pennington* issue in defendants' Rule

4   12(b)(6) motion is consistent with the civil procedure guidance proffered by Wright

5   and Miller, where they counseled that the better practice is to deny a motion to

6   strike and allow for "further elaboration [of the allegations] through discovery and

7   adjudication by summary judgment or a trial on the merits.  5 Charles A. Wright &

8   Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004) (citations

9   omitted).[11]  Here, the better course to follow is to deny defendants' motion to strike

10  and allow this case to develop through the course of discovery.

11       C.    Defendants Have Failed To Demonstrate That They Will Suffer Any

12             Prejudice From The Challenged Allegations

13       Courts and legal treatises caution that a motion to strike should only be

14  granted where the moving party demonstrates they will suffer "some form of

15  significant prejudice." *See* 5 Charles A. Wright & Arthur R. Miller, Federal

16  Practice and Procedure § 1382 (3d ed. 2004) (citations omitted) (motions to strike

17  "should be denied unless . . . [they] may cause some form of significant prejudice

18  to one or more of the parties to the action."); *see also Neilson*, 290 F. Supp. 2d at

19  1152 (recognizing the need for the moving party to show prejudice); 2 William W.

20  Schwarzer, A Wallace Tashima & James M. Wagstaffe, Cal. Practice Guide: Fed.

21  Civil Procedure Before Trial, Attacking the Pleadings, at 9:383.5-387 (Rutter

22  Group 2010) ("Where there is doubt as to the relevance of the challenged

23

24  [11] Contrary to defendants' claim, the Court did not base its ruling on "lulling letters" as suggested by defendants.
    *See* Motion to Strike at 9.  Indeed, the Court never used the term "lulling letters."  Rather, the Court used the term

25  lulling conduct and communications, and throughout its order repeatedly cited and quoted from the allegations in the
    SAC to describe defendants' fraudulent scheme and their intent to lull CPM into believing they were acting in good

26  faith when in fact, the opposite was true.  *See, e.g.*, Order at 5 ("the 'lulling' communications, including, but not
    limited to, Defendants' alleged representation that their objections were 'business-as-usual' and that Defendants

27  intended to 'resolv[e] the objections in good faith."); Order at 7 ("the 'lulling' claims are sufficient to demonstrate
    predicate acts of mail and wire fraud. . .Plaintiff alleges that Defendants 'lulled' it into believing that they had

28  investigated CPM's claims for payments and that Defendants intended to resolve their objections with haste and in
    good faith.").

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                    - 14 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
SACV 09-0242 DOC (ANx)

1   allegations, courts err on the side of the permitting the allegations to stand,

2   *particularly where the moving party shows no prejudice therefrom*.") (emphasis in

3   original) (citations omitted).

4         Here, defendants have failed to demonstrate that they will suffer any

5   prejudice from the challenged allegations in the Current Complaints.  Defendants

6   failed to cite the prejudice prong when describing the standard to be applied to

7   Section 12(f) motions; and they failed to provide a single example of any prejudice

8   that they would suffer if the challenged allegations remained in the Current

9   Complaints.  Indeed, defendants did not address the prejudice prong because they

10   cannot make such a showing.

11        D.   *Mendoza* Is Neither A Final Judgment Nor A Final Order And Has No

12             Precedential Import Whatsoever

13        In paragraph 40 on page 12 of the motion to strike, defendants

14   disingenuously argue that an erroneous interpretation of California law by the

15   WCAB (*Mendoza v. J. Buckbinder Industry, Inc.*, Case No. ADJ3069602 (April 15,

16   2010)) provides a basis for striking allegations in ¶ 31 of the Current Complaints.

17   Such an assertion is simply a waste of the Court's valuable time.

18        Defendants know that there is no final decision in *Mendoza* – the trial has yet

19   to occur and CPM has appealed the blatant mistake that the WCAB has made.  In

20   all likelihood, the inadvertent mistake will be corrected at trial or on appeal.  More

21   importantly, a single decision by a Workers Compensation Judge has no

22   precedential value, even within the WCAB, particularly as here, when it runs

23   counter to all previous interpretations of California law.

24   IV.  CONCLUSION

25        Because the challenged allegations are relevant to this case, in that they

26   describe defendants fraudulent scheme, their conduct when carrying out their

27   scheme, and their bad faith intent to lull CPM into believing that the parties were

28   proceeding to resolve the claims in good faith; and because defendants have failed

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1

- 15 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
SACV 09-0242 DOC (ANx)

1   to show any prejudice whatsoever from the challenged allegations, their motions to

2   strike must be denied.  For the reasons set forth above, defendants' motion to strike

3   the allegations in the Current Complaints must be denied.

4

5   Dated:  August 2, 2010                     ARENT FOX LLP

6

7                                              By: _____
                                                   Terree A. Bowers
8                                                  Attorneys for Plaintiff
                                                   CALIFORNIA PHARMACY
9                                                  MANAGEMENT, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/307278.1                          - 16 -                PLAINTIFF'S OPPOSITION TO
                                                         DEFENDANTS' MOTION TO STRIKE
                                                            SACV 09-0242 DOC (ANx)