1    Terree A. Bowers (SBN 89334)
     bowers.terree@arentfox.com
2    Matthew J. Kitson (SBN 254246)
     kitson.matthew@arentfox.com
3    ARENT FOX LLP
     555 West Fifth Street, 48th Floor
4    Los Angeles, CA  90013-1065
     Telephone:  213.629.7400
5    Facsimile:  213.629.7401

6    Donald G. Norris (SBN 90000)
     dnorris@norgallaw.com
7    NORRIS & GALANTER LLP
     555 West Fifth Street, 31st Floor
8    Los Angeles, CA  90013
     Telephone:  (213) 996-8465
9    Facsimile:  (213) 996-8475

10

11    Attorneys for Plaintiff
     CALIFORNIA PHARMACY
12    MANAGEMENT, LLC

13           UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA

15    CALIFORNIA PHARMACY      Case No.  SACV 09-0242 DOC (ANx)
     MANAGEMENT, LLC, a California
16    limited liability company,      (Consolidated with SAC 09-141 DOC (ANx))
17           Plaintiff,
                   Honorable David O. Carter
18       v.
                   **CALIFORNIA PHARMACY**
19    ZENITH INSURANCE      **MANAGEMENT'S RULE 72**
     COMPANY, a California      **APPEAL OF THE MAGISTRATE'S**
20    corporation; and ZNAT      **OCTOBER 19 ORDER**
     INSURANCE COMPANY, a
21    California corporation,      Date:     November 29, 2010
                            Time:     8:30 a.m.
22           Defendants.      Place:     Courtroom 9-D (Santa Ana)
23    AND CONSOLIDATED ACTION.

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/351907.1

## I.    **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1, California Pharmacy Management ("CPM") hereby appeals the October 19 order of Magistrate Judge Arthur Nakazato.[1]  CPM objects to the October 19 Order on the following grounds:

- Some of the requested discovery simply is a continuation of the Berkshire Hathaway Defendants' ("BH") fishing expedition to dig up unfavorable information on CPM and its principals and discredit them and has no relevance to the issues in this lawsuit;

- The October 19 Order ignored the fact that Interrogatory No. 12 seeks information clearly protected by the attorney work product doctrine;

- CPM is a small company with a limited number of employees, and in addition to their regular duties, those employees have been engaged in compiling all the unpaid claims attributable to the various BH entities as part of the ongoing effort to facilitate a settlement of this dispute. Complying with the October 19 Order will be cumbersome on a small company such as CPM, and CPM needs additional time to comply.

CPM respectfully requests the Court reverse the October 19 Order and sustain CPM's objections to some, if not all, of the discovery requests, as articulated in the Joint Stipulation submitted by the parties.[2]  In the alternative, because the October 19 Order requires CPM to respond to twelve (12) interrogatories, many of which will require CPM to compile expansive lists of information and twelve (12) document requests, many of which will require CPM to locate, assemble, and prepare for production voluminous documentation, CPM respectfully requests the Court grant it additional time, through and including

---

[1] Magistrate Nakazato's order is referred to herein as the "October 19 Order."  The October 19 Order is attached as Exhibit A.

[2] The Joint Stipulation is attached as Exhibit B.

1    December 3, 2010, to comply with the October 19 Order, or whatever portion

2    thereof the Court deems appropriate.

3    **II.    CPM'S COMPLIANCE WITH THE OCTOBER 19 ORDER**

4          To date, CPM has made a good-faith effort to comply with those portions of

5    the October 19 Order to which it is not objecting herein.  The information and

6    documentation CPM has turned over to date is:

7    - A compilation of information concerning the unpaid claims

8      attributable to the various BH entities.  This collection defines the

9      universe of unpaid claims and identifies the damages sought by CPM

10     in this lawsuit, as well as providing the basis for those damages.  In

11     addition, CPM has provided BH with supporting documentation

12     pertaining to the unpaid claims.  This information was supplied on

13     October 28, 2010.  (*See* Declaration of Matthew J. Kitson ("Kitson

14     Decl."), ¶ 2.)  This information and documentation responds to

15     Document Request No. 10.

16   - Nineteen (19) assignments of claims from physicians to CPM.  These

17     nineteen assignments represent an exemplar set of documents.  They

18     provide BH with details about the manner and terms of a range of

19     physicians' assignments to CPM, and constitute the assignments CPM

20     was able to locate and assemble in the short time following the

21     October 19 Order.  These assignments were provided on October 28,

22     2010.  (Kitson Decl., ¶ 3.)  The provision of assignments responds to

23     Document Request No. 11 and Interrogatories 1 and 9.  CPM will be

24     supplementing this production with additional assignments as they are

25     located.  As discussed below, CPM is a small operation and locating

26     these documents is a substantial task for an organization of CPM's

27     size.

28   - Ten (10) contracts between CPM and physicians.  These ten contracts

1  represent an exemplar set of documents.  They provide BH with details
2  about the manner and terms of a range of the contracts between CPM
3  and physicians, and constitute the contracts CPM was able to locate
4  and assemble in the short time following the October 19 Order.  These
5  contracts were provided on October 28, 2010.  (Kitson Decl., ¶ 4.)
6  The provision of contracts responds to Document Requests 1 and 6,
7  and Interrogatories 1 and 7.  CPM will be supplementing this
8  production with additional contracts as they are located.  As discussed
9  below, CPM is a small operation and locating these documents is a
10  substantial task for an organization of CPM's size.

11  • The identity of the informant referenced in the Fifth Amended
12  Complaint will be provided as soon as possible before November 29,
13  2010, the hearing date for this appeal.  This information responds to
14  Interrogatory No. 11.

15  **III.**   **SOME OF THE REQUESTED DISCOVERY IS A CONTINUATION**
16  **OF BH'S IMPROPER FISHING EXPEDITION**

17  This case centers around a "flagged list" that BH created, distributed
18  throughout its claims department, and used for the express purpose of implementing
19  its illegal boycott of CPM.  It is that "flagged list," and BH's use of that list in an
20  effort to put CPM out of business, that is the crux of this case.  Since the start of its
21  boycott, BH has been on a mission to dig up information to discredit CPM and its
22  principals.  BH's fishing expedition started at the Workers' Compensation Appeals
23  Board, where it engaged in abusive discovery and calendaring tactics.  The fishing
24  expedition continued with an investigator employed by BH shopping unfounded
25  allegations to various governmental entities in an effort to drum up an investigation
26  against CPM and/or its principals, with the ultimate goal of shutting CPM down.[3]

27
28

---

[3] CPM has not been contacted or informed by any government entity indicating that CPM is the subject of any formal investigation or inquiry based on the unfounded allegations made by BH's investigator, evidencing the dubious nature of the purported allegations and the motives behind BH's conduct.  To the contrary, the United States Postal Inspection Service has indicated that it has absolutely no interest in what the investigator is trying to peddle.  (*See*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1  BH's investigator also spoke to at least some of the physicians participating in
2  CPM's in-office medication dispensing program, seeking to elicit information
3  concerning CPM and made derogatory comments to at least one of those physicians
4  about CPM's principal.[4]  Finally, much of BH's discovery here is merely a
5  continuation of its misguided hunt for information to discredit CPM, and is nothing
6  more than an attempt by BH to manufacture, after the fact, an explanation for its
7  creation of the "flagged list" and its subsequent blanket denial of CPM's lien
8  claims.

9        This case never has been about justifying individual claims or CPM proving
10  its business or operations are legal, but rather, BH's illegal boycott.  The burden is
11  not on CPM to prove its operations are legal – yet that is exactly what BH's
12  discovery seeks to do – place the burden on CPM to prove its legality.  BH's
13  discovery is a fishing expedition, as demonstrated by the fact that CPM never has
14  been, to its knowledge, the subject of any investigation, despite BH's best efforts to
15  drum up such an investigation with unfounded accusations.  BH's effort to continue
16  that fishing expedition through the discovery process should be rejected by the
17  Court.  The specific discovery to which CPM objects on this basis is:

18     • Interrogatories 4 and 5, which seek, respectively, information
19        concerning CPM's procurement of the medication used in the in-office
20        medication dispensing program, and information concerning the
21        creation and maintenance of records concerning the procurement of the
22        medication used in the in-office medication dispensing program.
23     • Document Requests 9 and 14 which seek, respectively, documents
24        relating to the procurement and payment for the medications used in

---

Declaration of Terree A. Bowers, ¶ 2.)

[4] Dr. Mark Greenspan testified at his deposition on October 9, 2010 that he was visited by BH investigator Bill Reynolds, who was working together with Zenith investigator Oliver Glover, and questioned about CPM.  Dr. Greenspan testified that Mr. Reynolds used the phrase "Drobot Cocktail," apparently a derogatory reference to CPM's business practices.  Dr. Greenspan had not heard that phrase anywhere else before speaking with Mr. Reynolds.  It is clear that Mr. Reynolds was on a witchhunt to discredit CPM. (Kitson Decl., ¶¶ 8-9.)

1    the in-office medication dispensing program, and accounting records

2    related to the use, distribution or allocation of money between CPM

3    and participating physicians in connection with the in-office

4    medication dispensing program.

5    CPM's role in its client physicians' obtaining medications dispensed in their

6    offices has absolutely nothing to do with this case, which centers on the facts and

7    circumstances surrounding BH's decision to engage in a blanket denial of CPM's

8    lien claims, and the execution of that scheme through the creation, distribution, and

9    use of the so-called "flagged list." Those claims relate to the dispensation of

10   medications to injured workers, and the source of those medications is not germane

11   to the validity of those claims, and has nothing to do with BH's creation,

12   distribution, and use of a "flagged list" to attempt to drive CPM out of business.

13   The Court should not countenance BH's attempt to use the discovery process as a

14   means to explain, on a post-hoc basis, its unscrupulous conduct.   These discovery

15   requests have nothing to do with the case and will not assist the Court or the parties

16   in resolving any of the disputed issues in this litigation, and CPM respectfully

17   requests the Court to reverse the October 19 Order in this regard.

18   IV.   **THE OCTOBER 19 ORDER IGNORES CPM'S PROPER**

19         **ASSERTION OF THE ATTORNEY WORK PRODUCT DOCTRINE**

20   CPM also objects to being ordered to respond to Interrogatory No. 12

21   "without objection." That interrogatory purports to require CPM to identify its

22   communications with any informant. As CPM made clear during the meet-and-

23   confer process, as well as in its portion of the joint stipulation, the only

24   communications CPM has had with any informant have been conducted by counsel

25   for CPM after the inception of this litigation. To require CPM to identify those

26   communications would be to require CPM to disclose attorney work product,

27   prepared by counsel during litigation, and in preparation for trial. CPM will

28   identify the informant in response to Interrogatory No. 11 as soon as possible in

advance of the November 29 hearing date on this appeal.  Presumably, BH will depose the informant to ascertain the informant's personal knowledge on relevant topics, which is the appropriate avenue for discovery pertaining to the informant, rather than requiring CPM to disclose its counsel's work product.  The October 19 Order appears to have overlooked these facts in ordering CPM to respond to Interrogatory No. 12 "without objection," and CPM respectfully requests the Court sustain its objection to Interrogatory No. 12 and reverse the October 19 Order in this regard.

## V. CPM IS A SMALL COMPANY AND HAS BEEN ENGAGED IN COMPILING INFORMATION, REQUESTED BY BH, TO FACILITATE SETTLEMENT

CPM is a small company, and for the past several weeks, CPM's employees, in addition to conducting the regular business of CPM, have been engaged in the formidable and time-consuming task of locating and compiling the unpaid claims attributable to the various BH entities, and computing the total amount outstanding as part of the parties' ongoing efforts to settle this dispute.[5]  At least partially because the BH entities are a tangled web of different insurance companies and third-party claims administrators, that effort required 18 employees and approximately 1,800 employee-hours to complete, at a cost of approximately $45,000.  (Kitson Decl., ¶ 5.)  All of CPM's full-time employees participated in the effort, which was undertaken in addition to those employees' performing their regular duties to keep CPM's business operating.  (Kitson Decl., ¶ 6.)  In addition, to complete the effort, CPM's principals were required to temporarily reallocate resources from their other business ventures, and completing the collection effort required CPM to disrupt its operations and pay its employees an inordinate amount of overtime.  (*Id.*)

---

[5] As the Court is aware, CPM recently reached agreement with the Zenith Defendants on a settlement in principle. The settlement with Zenith encouraged CPM that settlement with BH also was possible, and it believed, and still believes, that compiling the unpaid claims attributable to the BH entities, while an arduous task, was worthwhile.

1   The compilation of the unpaid claims was completed only very recently, and
2   the information was turned over to BH on October 28, 2010. (Kitson Decl., ¶ 2.)
3   The information provided on October 28, 2010, was in addition to information
4   previously provided to BH on October 19, 2010, concerning the unpaid claims.[6]
5   CPM now awaits BH's response to CPM's good-faith settlement proposals, which
6   were made on the heels of the information provided on October 19, 2010. Those
7   proposals have gone unanswered, and now that CPM has provided the information
8   requested by BH, BH appears content to force CPM to undertake another massive
9   document collection effort, at great time and expense.

10   As noted above, CPM already has spent approximately *1,800* hours
11   compiling the unpaid claims in this case. To require CPM to comply fully with the
12   October 19 Order would require even more time and expense. Of course, this
13   ponderous output would be accompanied by great disruption to CPM's business
14   operations and more incurred overtime by its workforce. When viewed in light of
15   the marginal utility of much of the documents and information sought, and the
16   defendant's alleged motive of putting CPM out of business, the burden to CPM is
17   overwhelming.

18   **VI.   IF THE COURT ORDERS CPM TO COMPLY WITH THE**
19          **OCTOBER 19 ORDER, CPM NEEDS ADDITIONAL TIME**

20   With only limited resources devoted full-time to CPM, the business
21   disruption and expense to CPM of complying fully with the October 19 Order, on
22   any timeframe, will be onerous. However, CPM already has complied with several
23   aspects of the October 19 Order by providing various information and
24   documentation, at great effort. CPM also has made a good-faith effort to provide
25   BH with exemplar documentation responsive to many of BH's interrogatories and
26

27   [6] After the information was provided on October 19, 2010, CPM realized that there were some slight additions to the
     data it provided. The information provided on October 28, 2010 was materially similar to the information provided
28   on October 19, 2010. In any event, BH now has the complete information pertaining to the damages CPM is
     claiming in this lawsuit.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES      LA/351907.1                          - 8 -        APPEAL OF THE MAGISTRATE'S OCTOBER 19
                                                                                            ORDER

1   document requests.   In addition to the burden on CPM's business and employees,

2   lead counsel for CPM, Terree Bowers, was hospitalized with a severe infection

3   from October 14 to October 26.   (Kitson Decl., ¶ 7.)  Mr. Bowers' convalescence

4   has had the natural and unavoidable result of delaying and disrupting all of CPM's

5   efforts in this litigation, including its discovery efforts, and necessitates additional

6   time to comply with whatever the Court determines CPM's discovery obligations to

7   be.  CPM respectfully requests this Court grant it additional time to comply with

8   whatever the Court determines is an appropriate burden.  While the time

9   expenditure detailed above would suggest that CPM could not complete the task of

10  full compliance by the end of the year, CPM proposes to take whatever steps are

11  necessary to comply with whatever the Court orders by the close of business on

12  December 3, 2010.

13  **VII.   CONCLUSION**

14          For the reasons stated above, CPM respectfully requests this Court reverse

15  the October 19 Order and sustain CPM's objections to BH's irrelevant, burdensome

16  discovery requests.  In the alternative, if the Court finds that CPM must comply

17  with all or part of the October 19 Order, CPM respectfully requests additional time

18  to comply.

19  Dated:  October 29, 2010             ARENT FOX LLP

20

21                                       By:_____/s/_____

22                                       Terree A. Bowers
                                         Attorneys for Plaintiff
23                                       CALIFORNIA PHARMACY
                                         MANAGEMENT, LLC

24

25

26

27

28

# EXHIBIT A

<div align="center">

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - ORDER**

</div>

Case No.:   SACV 09-00242 DOC (ANx)                 Dated: October 19, 2010
            consolidated with
            SACV 09-0141 DOC (ANx)

Title:      California Pharmacy Mgt., LLC v. Zenith Ins. Co., et al.

===============================================================================

<div align="center">

Present:  **Hon. Arthur Nakazato,  United States Magistrate Judge**
(In Chambers - No Appearances)

</div>

Melissa Cash                                        None_____
Deputy Clerk                                        Court Reporter

**Proceedings:**   Defendants' motion to compel discovery ("Motion") (dkt. 133)

**Rulings:**       For the reason discussed below, the Motion is GRANTED as follows:
                   Plaintiff's objections to the disputed discovery requests set forth in the
                   Joint Stipulation ("JS") are overruled.  Within 10 days of the date of this
                   Order, Plaintiff shall:  (1) serve written answers, without objection, to
                   each of the disputed interrogatories; and (2) produce all responsive
                   documents and serve written responses, without objection, in the manner
                   required by Fed. R. Civ. P. 34.  The request for sanctions is denied
                   without prejudice.

**Discussion:**

Having read and considered the parties' respective contentions in the JS relating to the
Motion as well as the other papers, the court finds this matter is appropriate for disposition
without a hearing.  *See* Fed. R. Civ. P. ("Rule") 78; Local Rule 7-15.  The court also finds
further briefing would not be helpful.  Therefore, the hearing date is vacated and off
calendar, and the clerk is directed to notify the parties that no appearances are required.

The court finds the Motion has merit.  With respect to each of the disputed discovery
requests identified in the JS, Defendants' moving contentions have demonstrated they seek
information that is relevant to a party's claim or defense, and that Plaintiff's boilerplate
objections lack merit.  Further, Defendants' moving contentions show they have made a
reasonable, good-faith effort to resolve each discovery dispute by making a reasonable
compromise to narrow the scope of each disputed discovery request.  On the other hand, the

California Pharmacy Mgt., LLC v. Zenith Ins. Co., et al.,
SACV 09-00242 DOC (ANx) consolidated with SACV 09-0141 DOC (ANx)
Page 2

========================================================================

court finds Plaintiff has failed to make a reasonable good-faith compromise.  Accordingly,
the Motion is granted as follows:  Plaintiff's objections to the disputed discovery requests
set forth in the JS are overruled.  Within 10 days of the date of this Order, Plaintiff shall:  (1)
serve written answers, without objection, to each of the disputed interrogatories, and (2)
produce all responsive documents and serve written responses, without objection, in the
manner required by Fed. R. Civ. P. 34.  The request for sanctions is denied without
prejudice.


cc:    JUDGE CARTER
       All Parties                              Initials of Deputy Clerk  mc

# EXHIBIT B

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 14 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 123-1   Filed 09/30/10   Page 1 of 66   Page ID
#:1755

LOCKE LORD BISSELL & LIDDELL LLP
Peter Roan (137379)
proan@lockelord.com
Ronald D. Kurtz (195918)
rkurtz@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel:   213-485-1500
Fax:   213-485-1200

Attorneys for Defendants
Redwood Fire and Casualty Insurance Company,
Cypress Insurance Company, Oak River Insurance Company,
American All Risk Insurance Services, Inc., American
Commercial Claims Administrators, Inc., and
National Liability and Fire Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| CALIFORNIA PHARMACY MANAGEMENT, LLC., a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ZENITH INSURANCE COMPANY, a California corporation; and ZNAT INSURANCE COMPANY, a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTION. | Case No. SACV09-00242-DOC (ANx)<br>Consolidated w/ SACV 09-0141 DOC (ANx)<br><br>Honorable David O. Carter<br><br>**[DISCOVERY MOTION: ASSIGNED TO MAGISTRATE JUDGE ARTHUR NAKAZATO]**<br><br>**JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL**<br><br>[Filed concurrently with Notice of Motion and Declaration of Ronald D. Kurtz In Support of Defendants' Motion to Compel]<br><br>Date: October 21, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 6B<br><br>Discovery Cutoff: November 4, 2010<br>Pretrial Conference: January 10, 2011<br>Trial: January 24, 2011<br>[Scheduling Orders Attached] |

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 130-5   Filed 09/30/10   Page 2 of 66   Page ID
#:1756

## TABLE OF CONTENTS

Page

1.   INTRODUCTORY STATEMENTS ........................................................... 1
      A.   DEFENDANTS' INTRODUCTION ................................................. 1
      B.   PLAINTIFF'S INTRODUCTION .................................................. 3
2.   INTERROGATORIES IN ISSUE (SET ONE) .......................................... 5
      Interrogatory No. 1 from Defendants to Plaintiff ................................ 5
      Interrogatory No. 2 from Defendants to Plaintiff ................................ 7
      Interrogatory No. 3 from Defendants to Plaintiff ................................ 9
      Interrogatory No. 4 from Defendants to Plaintiff .............................. 11
      Interrogatory No. 5 from Defendants to Plaitniff .............................. 12
      Interrogatory No. 6 from Defendants to Plaintiff .............................. 14
      Interrogatory No. 7 from Defendants to Plaintiff .............................. 15
      Interrogatory No. 8 from Defendants to Plaintiff .............................. 18
      Interrogatory No. 9 from Defendants to Plaintiff .............................. 20
      Interrogatory No. 10 from Defendants to Plaintiff ............................ 22
3.   REQUEST FOR PRODUCTION IN ISSUE (SET ONE) ............................ 24
      Request for Production No. 1 from Defendants to Plaintiff ................... 24
      Request for Production No. 3 from Defendants to Plaintiff ................... 27
      Request for Production No. 4 from Defendants to Plaintiff ................... 29
      Request for Production No. 6 from Defendants to Plaintiff ................... 31
      Request for Production No. 7 from Defendants to Plaintiff ................... 33
      Request for Production No. 8 from Defendants to Plaintiff ................... 35
      Request for Production No. 9 from Defendants to Plaintiff ................... 37
      Request for Production No. 10 from Defendants to Plaintiff ................. 39
      Request for Production No. 11 from Defendants to Plaintiff ................. 41
      Request for Production No. 12 from Defendants to Plaintiff ................. 44

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN    Document 139    Filed 10/29/10   Page 16 of 81   Page ID
Case 8:09-cv-00242-DOC-AN    Document 120-66    Filed 09/30/10   Page 3 of 66   Page ID
#:1757

1      Request for Production No. 13 from Defendants to Plaintiff.............................. 46

2      Request for Production No. 14 from Defendants to Plaintiff.............................. 49

3   4.      INTERROGATORIES IN ISSUE (SET TWO) ........................................ 51

4      Interrogatory No. 11 from Defendants to Plaintiff ............................................ 51

5      Interrogatory No. 12 from Defendants to Plaintiff ............................................ 53

6   5.      CONCLUSION .................................................................................... 55

7        A.      DEFENDANTS' POSITION .................................................... 55

8        B.      PLAINTIFF'S POSITION ........................................................ 56

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

ii

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 17 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 13067   Filed 09/30/10   Page 4 of 66   Page ID
#:1758

## JOINT STIPULATION OF THE ISSUES IN DISPUTE

1.   **INTRODUCTORY STATEMENTS**

   A.   **DEFENDANTS' INTRODUCTION:**

The factual allegations of CPM's Fifth Amended Complaint ("5AC") are summarized by the Court in its tentative order distributed to counsel at the hearing of August 30, 2010 (*See* [Tentative] Order Granting Motion to Dismiss; Denying Motion to Strike, attached as Exhibit A to concurrently filed Declaration of Ronald D. Kurtz ("Kurtz Decl.") ("Tentative Order"), at 2:2-4:14. In briefest terms, CPM alleges that it procures reimbursement from workers' compensation insurers on behalf of physicians who prescribe and dispense medication to injured workers. CPM alleges that it contracts with about 164 physicians who pay CPM a "management fee" for its services. CPM asserts RICO and antitrust claims for relief on the grounds that Defendants' objections, non-payment of claims, and litigation of individual claims through the workers' compensation system has deprived CPM of needed revenue, and were part of a concerted action against CPM. Defendants contend that their conduct was proper and that CPM was never entitled to the requested reimbursements. Among other defenses, Defendants contend that CPM was operating an unlicensed pharmacy, was engaged in unlawful fee splitting with physicians, and had no legal right to the requested payments on these and other grounds. Defendants contend that CPM lacks standing to bring the asserted claims for relief and that the physicians are necessary parties who must be joined under Rule 19 of the Federal Rules of Civil Procedure.

CPM alleges that it has "assignments from its highest volume contracting physicians and expects to have assignments from all or most of its physicians of their *RICO causes of action* against [Defendants] for [their] *interference with the contractual relationships* between CPM and its physicians." 5AC ¶ 14 (Exh. C to Kurtz Decl.)(emphasis added). The Court predicated its November 5, 2009 order (on Defendant's motion to dismiss the Third Amended Complaint) in part on the Court's willingness to accept at that time CPM's representation that it possessed such

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*
LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 18 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 130.3   Filed 09/30/10   Page 5 of 66   Page ID
#:1759

1   assignments from the participating physicians. The Court expressly stated that

2   "....with due consideration of CPM's failure to clarify the scope and

3   comprehensiveness of the alleged assignments, the Court for now considers the

4   assignments sufficient to allow CPM to bring its contracting physicians' RICO

5   claims...". *See* Order Denying Defendants' Motion to Dismiss, attached as Exhibit B

6   to concurrently filed Declaration of Ronald D. Kurtz ("Kurtz Decl."), at p. 10.

7       CPM has filed a Fifth Amended Complaint alleging two antitrust claims for

8   relief. The Court on August 30, 2010 heard argument and distributed its Tentative

9   Order granting Defendants' motion to dismiss the antitrust claims. In its Tentative

10  Order, the Court stated that "[t]he physicians are necessary parties to CPM's federal

11  and state antitrust claims." *See* Exh. B to Kurtz Decl at 11:11. The Court continues:

12  "CPM admits that it seeks reimbursement from insurers *on behalf of* its contracting

13  physicians, only to remit the payments it receives to those physicians. In other words,

14  Defendants' alleged conduct has deprived the physicians, and not CPM, of the

15  amounts owed for medications received by injured workers." *Id.* at 11:11-15

16  (emphasis in original). The Court notes, in explaining its rejection of CPM's

17  arguments against dismissal, that CPM fails even to *allege* that it possesses

18  assignments of the physicians' antitrust claims. *Id.* at 11:21-27. In short, contracts

19  between CPM and its participating physicians and assignments of the physicians'

20  claims and legal rights to CPM are material, relevant, and potentially dispositive. The

21  relationship between CPM and its participating physicians is at the heart of CPM's

22  claims and is critical to Defendant's ability to defend themselves fairly.

23      Nevertheless, this motion is necessary because CPM repeatedly declines to

24  respond properly to even the most fundamental and rudimentary interrogatories and

25  requests for production concerning its allegations and defenses to those allegations.

26  For instance, CPM responded to a request to produce the assignments of the

27  physicians' claims with numerous objections followed by the statement that "[s]ubject

28  to and without waiving the foregoing objections or the General Objections set forth

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 19 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 130-9   Filed 09/30/10   Page 6 of 66   Page ID
#:1760

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  above, CPM will produce copies of responsive, non-privileged, non-confidential

2  documents in its possession, custody, or control, *if any*, that are located after a diligent

3  search." *See* CPM's Response to Request for Production Number 11 (emphasis

4  added), Kurtz Decl. at Exhibit F.   Having alleged in its complaint that the subject

5  assignments exist, and the Court having relied upon this pleading both in its order on

6  Defendants' motion to dismiss the Third Amended Complaint and in its tentative

7  order on Defendants' motion to dismiss the Fifth Amended Complaint, CPM now

8  expresses doubt that such documents exist at all, and suggests that a diligent search—

9  apparently not even undertaken as of the date of the response—will be necessary to

10  locate any that might be unearthed.

11       CPM's responses to the instant discovery requests consist almost entirely of

12  objections. Defendants have agreed to reasonable accommodations. In the case of the

13  assignments of the physicians' legal claims, CPM promised to produce documents but

14  has not done so after nearly six months. Defendants request that the Court overrule

15  CPM's objections and compel proper responses. In the limited instances in which

16  CPMs' objections are accompanied by a nominal response, the response is evasive or

17  incomplete. F.R.C.P. 37(a)(4) provides that evasive or incomplete responses "must be

18  treated as a failure to disclose, answer, or respond." Defendants request that the Court

19  compel complete responses.

20       Defendant has attempted to resolve the instant discovery disputes without the

21  assistance of the Court. Despite numerous attempts at informal resolution and nearly

22  six months' opportunity to produce additional responses and documents, CPM has not

23  corrected the severe deficiencies in its discovery responses.

24  **B.   PLAINTIFF'S INTRODUCTION**

25       The crux of this litigation is what motivated defendant to stop payment on all of

26  CPM's claims and implement its illegal, unfair and fraudulent scheme to boycott CPM

27  and refuse to pay any of CPM's valid workers' compensation claims on a blanket

28  basis. Defendant is now before the Court on a motion to compel CPM to produce

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 20 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 126-7   Filed 09/30/10   Page 7 of 66   Page ID
#:1761

1    information and documents that do not move the Court or the parties closer to

2    determining the central question in this litigation – the extent of defendants' scheme to

3    deny payment on a blanket basis.  The relationships between CPM and the

4    participating physicians, CPM and the drug suppliers, and the participating physicians

5    and drug suppliers have nothing to do with either defendant's decision to stop all

6    payment on CPM's claims, or their conduct in instituting a boycott of CPM, in an

7    effort to destroy the company.

8         Defendant has consistently sought to justify its efforts to destroy CPM by

9    besmirching the reputations of both CPM and its owners.  For example, an

10   investigator working for defendant has repeatedly peddled false allegations against

11   CPM to numerous federal, state, and county officials in an effort to discredit CPM and

12   its business.  Not a single government entity has taken any action against CPM based

13   on these false allegations.

14        The discovery sought by the instant motion is only defendant's latest fishing

15   expedition to dig up dirt on CPM.  Defendant's alterior motive to harass and discredit

16   CPM is not what this case is about, and cannot be the basis of illegitimate discovery.

17        Finally, defendant seeks discovery regarding the identity of the informant who

18   has provided CPM information pertaining to defendant's unlawful blanket denial of

19   CPM's claims.  CPM has spoken to the informant, and the informant fears reprisal

20   from the insurance industry, including blackballing, were the informant's identity to

21   be disclosed to defendant in this litigation.  Both the public policy underlying the

22   protection of informants and the informant's objective and justifiable fears concerning

23   the informant's employment future requires CPM to keep the informant's identity

24   secret at this stage of the litigation.  Although the informant wishes to keep their

25   identity completely secret, if the Court were to order any disclosure, CPM believes

26   that an "attorney-eyes only" disclosure would balance the interests of defendant in

27   pursuing additional discovery regarding the informant and the protection of the

28   informant's employment future.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

4

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 21 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 123-1   Filed 09/30/10   Page 8 of 66   Page ID
#:1762

**2.   INTERROGATORIES IN ISSUE (SET ONE):**

**Interrogatory No. 1 from Defendants to Plaintiff:**

1.   <u>Interrogatory No. 1</u>: "IDENTIFY all PARTICIPATING PHYSICIANS."

2.   <u>Plaintiff's Response to Interrogatory No. 1</u>: "CPM objects to the Interrogatory on the ground that it is overly broad as to time and scope in that it seeks documents or information from before January 1, 2005. CPM objects to the Interrogatory on the additional ground that it seeks information or documents that are irrelevant and unlikely to lead to the discovery of admissible evidence. CPM objects to the Interrogatory on the additional ground that it is overly broad, unduly burdensome, vague, ambiguous, or is calculated to or would operate to annoy, embarrass, oppress, or unduly cause expense to CPM. CPM also objects to this Interrogatory to the extent it seeks information or documents that are confidential, proprietary, or that constitute trade secrets.

Based on the foregoing objections and the General Objections set forth above, CPM will not respond to this Interrogatory."

3.   <u>Defendants' Contentions</u>: Defendants have made the following accommodations in an effort to resolve this dispute informally: (1) Defendants agree that CPM may limit its response to the period January 1, 2005 to the present; (2) the parties have executed and the Court on May 26, 2010 signed and entered an Order Governing the Designation and Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its response to the physicians who submitted claims to any of the defendants in this consolidated case, or on whose behalf claims were submitted to any of the defendants in this consolidated case.

The relationship between CPM and its participating physicians is described repeatedly in the Fifth Amended Complaint ("5AC") and is central to any evaluation of CPM's claims in this case. *See* 5AC ¶¶ 2, 14, 25-28. The relationship between CPM and its participating physicians is also significant to Defendants' affirmative defenses. *See* Kurtz Decl. Exh. J (Defendants' Answer and Affirmative Defenses to

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 22 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 132   Filed 09/30/10   Page 9 of 66   Page ID
#:1763

1    Plaintiff's Third Amended Complaint) at pp. 11-15.  Moreover, the Court's order on

2    the most recent motion to dismiss shows that the Court's evaluation of virtually every

3    significant issue, including CPM's right to bring this action at all, may be influenced

4    by information developed in discovery about the relationship between CPM and its

5    participating physicians.  *See* Kurtz Decl. Exh. A (August 30, 2010 Tentative Order)

6    at pp. 2-13.  As the Court concluded in the Tentative Order, "The physicians are

7    necessary parties to CPM's federal and state antitrust claims."  *Id.* at p. 11.

8    Information concerning the identity of CPM's participating physicians indisputably

9    may lead to the discovery of admissible evidence.  CPM's refusal even to identify the

10   physicians is both incongruous and unfair.

11        Defendants request that the Court issue an order compelling a full and complete

12   response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

13   37(5).

14        4.    Plaintiff's Contentions:

15        The central issues in this case are what motivated defendant to stop paying

16   CPM's claims and its conduct in implementing its illegal boycott.  The discovery

17   sought by this Interrogatory has nothing to do with those issues and will not aid either

18   the Court or the parties in resolving those issues.  Rather, this Interrogatory is a

19   continuation of defendant's fishing expedition seeking to dig up dirt on CPM and its

20   owners.  The Court should not allow defendant to misuse the discovery process to

21   engage in such a fishing expedition seeking irrelevant information.  Defendant's

22   naked and unsupported assertion that CPM's relationship with its participating

23   physicians somehow bears on an evaluation of CPM's claims does not change the fact

24   that the contracting physicians are not currently parties to this litigation.  The Court

25   has not yet issued a ruling determining whether the contracting physicians are

26   necessary parties.  At this stage of the litigation, discovery pertaining to the

27   physicians, who are not parties to this litigation, is not relevant, and defendant has

28   failed to adduce any facts demonstrating its relevance to this litigation.  Defendant's

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

6

Case 8:09-cv-00242-DOC-AN    Document 139    Filed 10/29/10    Page 23 of 81    Page ID
Case 8:09-cv-00242-DOC-AN    Document #:2073    Filed 09/30/10    Page 10 of 66    Page ID
#:1764

1   reliance on the Court's August 30, 2010 *Tentative* Order is improper, as the Court has

2   not yet issued a final order. Further, given the fact that at this juncture, the contracting

3   physicians are not parties to this litigation and discovery concerning the contracting

4   physicians is not relevant, the time and expense that CPM would be required to incur

5   to respond to this Interrogatory constitutes an undue burden.

6   **Interrogatory No. 2 from Defendants to Plaintiff:**

7       1.    Interrogatory No. 2: "IDENTIFY all SUPPLIERS."

8       2.    Plaintiff's Response to Interrogatory No. 2: "CPM objects to the

9   Interrogatory on the ground that it is overly broad as to time and scope in that it seeks

10  documents or information from before January 1, 2005. CPM objects to the

11  Interrogatory on the additional ground that it seeks information or documents that are

12  irrelevant and unlikely to lead to the discovery of admissible evidence. CPM objects

13  to the Interrogatory on the additional ground that it is overly broad, unduly

14  burdensome, vague, ambiguous, or is calculated to or would operate to annoy,

15  embarrass, oppress, or unduly cause expense to CPM. CPM also objects to this

16  Interrogatory to the extent it seeks information or documents that are confidential,

17  proprietary, or that constitute trade secrets.

18      Based on the foregoing objections and the General Objections set forth above,

19  CPM will not respond to this Interrogatory."

20      3.    Defendants' Contentions: Defendants have made the following

21  accommodations in an effort to resolve this dispute informally: (1) Defendants agree

22  that CPM may limit its response to the period January 1, 2005 to the present; (2) the

23  parties have executed and the Court on May 26, 2010 signed and entered an Order

24  Governing the Designation and Handling of Confidential Materials; and (3)

25  Defendants agree that CPM may limit its response to the suppliers who supplied

26  medications for which reimbursement claims were submitted to any of the defendants

27  in this consolidated case.

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

7

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 24 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:2074   Filed 09/30/10   Page 11 of 66   Page ID
#:1765

1    The relationship between CPM and its drug suppliers is described in the Fifth

2    Amended Complaint and is central to any evaluation of CPM's claims in this case.

3    *See* 5AC ¶¶ 2, 14, 26. The relationship between CPM and its drug suppliers is also

4    significant to Defendants' affirmative defenses. *See Kurtz Decl. Exh. J* at pp. 11-15.

5    Evaluation of certain key issues, including CPM's right to bring this action at all and

6    its right to recover damages, may be influenced by information developed in

7    discovery about the relationship between CPM and its drug suppliers. The identity of

8    CPM's drug suppliers not only constitutes, in itself, admissible evidence, but

9    indisputably may lead to the discovery of additional admissible evidence. CPM's

10   blanket objections are therefore without merit.

11       Defendants request that the Court issue an order compelling a full and complete

12   response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

13   37(5).

14       4.    Plaintiff's Contentions:

15       The central issues in this case are what motivated defendant to stop paying

16   CPM's claims and its conduct in implementing its illegal boycott. The discovery

17   sought by this Interrogatory has nothing to do with those issues and will not aid either

18   the Court or the parties in resolving those issues. Rather, this Interrogatory is a

19   continuation of defendant's fishing expedition seeking to dig up dirt on CPM and its

20   owners. The Court should not allow defendant to misuse the discovery process to

21   engage in such a fishing expedition seeking irrelevant information. Defendant's

22   naked and unsupported assertion that CPM's relationship with its drug suppliers

23   somehow bears on an evaluation of CPM's claims does not change the fact that the

24   drug suppliers are not parties to this litigation. The Court has not issued any ruling

25   concerning whether the contracting physicians are necessary parties, and information

26   concerning CPM's drug suppliers strays even further afield. Discovery pertaining to

27   the drug suppliers, who are not parties to this litigation, is not relevant, and defendant

28   has failed to adduce any facts demonstrating its relevance. Further, given the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

8

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 25 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:1875   Filed 09/30/10   Page 12 of 66   Page ID
#:1766

1  irrelevance of discovery pertaining to the drug suppliers, the time and expense that

2  CPM would be required to incur to respond to this Interrogatory constitutes an undue

3  burden.

4  **Interrogatory No. 3 from Defendants to Plaintiff:**

5        1.     Interrogatory No. 3: "IDENTIFY all PERSONS with knowledge of

6  YOUR practices in submitting bills and/or liens for reimbursement to workers'

7  compensation carriers, self-insured employers, and/or the California Workers'

8  Compensation Appeals Board."

9        2.     Plaintiff's Response to Interrogatory No. 3: "CPM objects to the

10  Interrogatory on the ground that it is overly broad as to time and scope in that it seeks

11  documents or information from before January 1, 2005. CPM objects to the

12  Interrogatory on the additional ground that it is overly broad, unduly burdensome,

13  vague, ambiguous, or is calculated to or would operate to annoy, embarrass, oppress,

14  or unduly cause expense to CPM.

15       Subject to and without waiving the foregoing objections and the General

16  Objections set forth above, CPM states that the following individuals are most

17  knowledgeable about CPM's practices re submitting bills and/or liens for

18  reimbursement to workers' compensation carriers, self-insured employers, and/or the

19  California Workers' Compensation Appeals Board:

20                 Boris Jimenez

21                 Collections Manager

22                 California Pharmacy Management

23                 20377 S.W. Acacia St., Newport Beach, CA 92660

24                 (949) 777-3100."

25        3.     Defendants' Contentions: Defendants have made the following

26  accommodations in an effort to resolve this dispute informally: (1) Defendants agree

27  that CPM may limit its response to the period January 1, 2005 to the present; (2) the

28  parties have executed and the Court on May 26, 2010 signed and entered an Order

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 26 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document#:2376   Filed 09/30/10   Page 13 of 66   Page ID
#:1767

1   Governing the Designation and Handling of Confidential Materials; and (3)

2   Defendants agree that CPM may limit its response to supervisors and other persons

3   who perform the specified activities as a significant part of their employment duties.

4        CPM's practices in submitting bills and/or liens for reimbursement to workers'

5   compensation carriers, self-insured employers, and/or the California Workers'

6   Compensation Appeals Board are described in the Fifth Amended Complaint and are

7   central to any evaluation of CPM's claims in this case.  *See* 5AC ¶¶ 1, 6-9, 37.  CPM's

8   practices in this regard are also significant to Defendants' affirmative defenses.  *See*

9   Kurtz Decl. Exh. J at pp. 11-15.  Evaluation of certain key issues, including CPM's

10  right to bring this action at all and its right to recover damages, may be influenced by

11  information developed in discovery about these practices.  The identification of

12  persons with knowledge of CPM's practices in this regard indisputably may lead to

13  the discovery of additional admissible evidence.  CPM's blanket objections are

14  therefore without merit.  Furthermore, CPM's identification of a single person "most

15  knowledgeable" in response to this interrogatory is inadequate in that the interrogatory

16  requires identification of all such persons.

17       Defendants request that the Court issue an order compelling a full and complete

18  response, without objection.

19       4.   <u>Plaintiff's Contentions:</u>

20       Defendant's demand that CPM identify *all* persons with knowledge of its

21  practices in submitting bills and/or liens for reimbursement is unduly burdensome by

22  definition.  In its response, CPM already has identified its collections manager, Boris

23  Jimenez, as the person most knowledgeable regarding this topic.  Mr. Jimenez

24  supervises the submission of all bills and liens, and can explain the submission

25  process in detail.  Identifying additional persons with knowledge (and, presumably,

26  preparing and defending those individuals' depositions) would constitute an undue

27  burden and expense, given the cumulative and duplicative nature of any information

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

10

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 27 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 130-17   Filed 09/30/10   Page 14 of 66   Page ID
#:1768

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    those individuals might possess concerning CPM's practices in submitting bills and/or

2    liens.

3    **Interrogatory No. 4 from Defendants to Plaintiff:**

4          1.    Interrogatory No. 4: "IDENTIFY all PERSONS with knowledge of

5    YOUR practices in procuring or assisting in the procurement of medications

6    dispensed in any PHYSICIAN IN-OFFICE MEDICATION DISPENSING

7    PROGRAM."

8          2.    Plaintiff's Response to Interrogatory No. 4: "CPM objects to the

9    Interrogatory on the ground that it is overly broad as to time and scope in that it seeks

10   documents or information from before January 1, 2005. CPM objects to the

11   Interrogatory on the additional ground that it is overly broad, unduly burdensome,

12   vague, ambiguous, or is calculated to or would operate to annoy, embarrass, oppress,

13   or unduly cause expense to CPM.

14         Based on the foregoing objections and the General Objections set forth above,

15   CPM will not respond to this Interrogatory."

16         3.    Defendants' Contentions: Defendants have made the following

17   accommodations in an effort to resolve this dispute informally: (1) Defendants agree

18   that CPM may limit its response to the period January 1, 2005 to the present; (2) the

19   parties have executed and the Court on May 26, 2010 signed and entered an Order

20   Governing the Designation and Handling of Confidential Materials; and (3)

21   Defendants agree that CPM may limit its response to supervisors and other persons

22   who perform the specified activities as a significant part of their employment duties.

23         CPM's practices in procuring or assisting in the procurement of medications

24   dispensed in physician in-office medication dispensing programs are central to this

25   case and are at the heart of CPM's allegations . *See* 5AC ¶¶ 2, 14, 25-28. CPM's

26   practices in this regard are also significant to Defendants' affirmative defenses. *See*

27   Kurtz Decl. Exh. J at pp. 11-15. Evaluation of certain key issues, including CPM's

28   right to bring this action at all and its right to recover damages, may be influenced by

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 28 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 130-18   Filed 09/30/10   Page 15 of 66   Page ID
#:1769

1   information developed in discovery about these practices.  The identification of

2   persons with knowledge of CPM's practices in this regard indisputably may lead to

3   the discovery of additional admissible evidence.  CPM's blanket objections are

4   therefore without merit, and CPM's flat refusal to respond is entirely unjustified.

5        Defendants request that the Court issue an order compelling a full and complete

6   response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

7   37(5).

8        4.    Plaintiff's Contentions:

9        The central issues in this case are what motivated defendant to stop paying

10   CPM's claims and its conduct in implementing its illegal boycott.  The discovery

11   sought by this Interrogatory has nothing to do with those issues and will not aid either

12   the Court or the parties in resolving those issues.  Rather, this Interrogatory is a

13   continuation of defendant's fishing expedition seeking to dig up dirt on CPM and its

14   owners.  The Court should not allow defendant to misuse the discovery process to

15   engage in such a fishing expedition seeking irrelevant information.  Defendant's

16   naked and unsupported assertions regarding the purported relevance of information

17   concerning CPM's procurement of medications do not change the fact that CPM's

18   procurement of the medications dispensed is not the subject of this litigation, and

19   defendant has failed to adduce any facts demonstrating its relevance.  Based on the

20   marginal relevance of the information sought, the time and expense that would be

21   required for CPM to identify persons with knowledge of medication procurement and

22   (presumably) prepare them for deposition constitutes an undue burden on CPM.

23   **Interrogatory No. 5 from Defendants to Plaintiff:**

24        1.    Interrogatory No. 5: "IDENTIFY all PERSONS with knowledge of

25   YOUR practices in creating or maintaining, or assisting in the creation or maintenance

26   of, records of the procurement, payment for, storage, and distribution of medications

27   dispensed in any PHYSICIAN IN-OFFICE MEDICATION DISPENSING

28   PROGRAM."

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

12

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 29 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:2079   Filed 09/30/10   Page 16 of 66   Page ID
#:1770

2.  <u>Plaintiff's Response to Interrogatory No. 5</u>: "CPM objects to the Interrogatory on the ground that it is overly broad as to time and scope in that it seeks documents or information from before January 1, 2005. CPM objects to the Interrogatory on the additional ground that it is overly broad, unduly burdensome, vague, ambiguous, or is calculated to or would operate to annoy, embarrass, oppress, or unduly cause expense to CPM.

Based on the foregoing objections and the General Objections set forth above, CPM will not respond to this Interrogatory."

3.  <u>Defendants' Contentions</u>: Defendants have made the following accommodations in an effort to resolve this dispute informally: (1) Defendants agree that CPM may limit its response to the period January 1, 2005 to the present; (2) the parties have executed and the Court on May 26, 2010 signed and entered an Order Governing the Designation and Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its response to supervisors and other persons who perform the specified activities as a significant part of their employment duties.

CPM's practices in the procurement, payment for, storage, and distribution of medications dispensed in physician in-office medication dispensing programs are central to this case and are at the heart of CPM's allegations. *See* 5AC ¶¶ 2, 14, 25-28. CPM's practices in this regard are also significant to Defendants' affirmative defenses. *See* Kurtz Decl. Exh. J at pp. 11-15. Evaluation of certain key issues, including CPM's right to bring this action at all and its right to recover damages, may be influenced by information developed in discovery about these practices. The identification of persons with knowledge of CPM's practices in this regard indisputably may lead to the discovery of additional admissible evidence. CPM's blanket objections are therefore without merit, and CPM's flat refusal to respond is entirely unjustified.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 30 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:3080   Filed 09/30/10   Page 17 of 66   Page ID
#:1771

1    Defendants request that the Court issue an order compelling a full and complete

2  response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

3  37(5).

4    4.    Plaintiff's Contentions:

5    The central issues in this case are what motivated defendant to stop paying

6  CPM's claims and its conduct in implementing its illegal boycott.  The discovery

7  sought by this Interrogatory has nothing to do with those issues and will not aid either

8  the Court or the parties in resolving those issues.  Rather, this Interrogatory is a

9  continuation of defendant's fishing expedition seeking to dig up dirt on CPM and its

10 owners.  The Court should not allow defendant to misuse the discovery process to

11 engage in such a fishing expedition seeking irrelevant information.  Defendant's

12 naked and unsupported assertions regarding the purported relevance of the

13 information sought by this Interrogatory do not change the fact that CPM's

14 procurement of the medications dispensed is not the subject of this litigation.

15 Similarly, CPM's recordkeeping practices regarding medication procurement are not

16 the subject of this litigation.  The information sought is not relevant, and defendant

17 has failed to adduce any facts demonstrating its relevance.  Based on the marginal (at

18 best) relevance of the information sought, the time and expense that would be required

19 for CPM to identify persons with knowledge of medication procurement and

20 (presumably) prepare them for deposition constitutes an undue burden on CPM.

21 **Interrogatory No. 6 from Defendants to Plaintiff:**

22    1.    Interrogatory No. 6:  "IDENTIFY all PERSONS with knowledge of any

23 damages for which YOU seek compensation in this lawsuit."

24    2.    Plaintiff's Response to Interrogatory No. 6:  "CPM objects to the

25 Interrogatory on the grounds that it is overly broad, unduly burdensome, vague,

26 ambiguous and is premature to the extent it demands information that is the subject of

27 expert opinion. CPM anticipates that the evaluation and/or calculation of CPM's

28 damages will be the subject of expert witness testimony. Discovery is continuing.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 31 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:2961   Filed 09/30/10   Page 18 of 66   Page ID
#:1772

1   CPM reserves its rights to supplement its response and include additional information

2   as it is acquired or becomes known."

3        3.   <u>Defendants' Contentions</u>:   Information concerning CPM's alleged

4   damages is central to any evaluation of CPM's claims in this case. The identification

5   of persons with knowledge of CPM's alleged damages may lead to the discovery of

6   additional admissible evidence. CPM's alleged damages are the proper subject of

7   factual investigation and discovery. Any expert opinion regarding damages that may

8   be proferred in this case does not relieve CPM of its obligation to cooperate in

9   discovery concerning the factual basis of its alleged damages, including the

10  identification of persons with knowledge of CPM's damages. CPM's blanket

11  objections are therefore without merit.

12       Defendants request that the Court issue an order compelling a full and complete

13  response, without objection.

14       4.   <u>Plaintiff's Contentions</u>:

15       The factual basis for CPM's damages in this case are the valid claims submitted

16  to defendant by CPM, which were improperly denied on a blanket basis by defendant.

17  CPM already has produced documentation evidencing those claims to defendant in

18  this case. CPM also already has identified, in response to Interrogatory No. 3 above,

19  the individual most knowledgeable regarding CPM's practices in submitting claims

20  and/or bills. Additionally, CPM has indicated that CPM's damages will be the subject

21  of expert testimony.   The fact that defendant is dissatisfied with CPM's response is

22  not a basis for an order compelling additional discovery.

23  **<u>Interrogatory No. 7 from Defendants to Plaintiff</u>:**

24       1.   <u>Interrogatory No. 7</u>:  "IDENTIFY every CONTRACT between YOU and

25  any PARTICIPATING PHYSICIAN."

26       2.   <u>Plaintiff's Response to Interrogatory No. 7</u>:  "CPM objects to the

27  Interrogatory on the ground that it is overly broad as to time and scope in that it seeks

28  documents or information from before January 1, 2005. CPM objects to the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

<div align="center">15</div>

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 32 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:2062   Filed 09/30/10   Page 19 of 66   Page ID
#:1773

1    Interrogatory on the additional ground that it seeks information or documents that are

2    irrelevant and unlikely to lead to the discovery of admissible evidence.  CPM objects

3    to the Interrogatory on the additional ground that it is overly broad, unduly

4    burdensome, vague, ambiguous, fails to describe the documents sought with the

5    required reasonable particularity, or is calculated to or would operate to annoy,

6    embarrass, oppress, or unduly cause expense to CPM.  CPM also objects to this

7    Interrogatory to the extent it seeks information or documents that are confidential,

8    proprietary, or that constitute trade secrets.

9         Based on the foregoing objections and the General Objections set forth above,

10   CPM will not respond to this Interrogatory."

11        3.    Defendants' Contentions:  Defendants have made the following

12   accommodations in an effort to resolve this dispute informally: (1) Defendants agree

13   that CPM may limit its response to contracts executed or in effect at any time during

14   the period January 1, 2005 to the present; (2) the parties have executed and the Court

15   on May 26, 2010 signed and entered an Order Governing the Designation and

16   Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its

17   response to the physicians who submitted claims to any of the defendants in this

18   consolidated case, or on whose behalf claims were submitted to any of the defendants

19   in this consolidated case.

20        The relationship between CPM and its participating physicians is described

21   repeatedly in the Fifth Amended Complaint ("5AC") and is central to any evaluation

22   of CPM's claims in this case.  See 5AC ¶¶ 2, 14, 25-28.  The relationship between

23   CPM and its participating physicians is also significant to Defendants' affirmative

24   defenses.  See Kurtz Decl. Exh. J (Defendants' Answer and Affirmative Defenses to

25   Plaintiff's Third Amended Complaint) at pp. 11-15.  Moreover, the Court's order on

26   the most recent motion to dismiss shows that the Court's evaluation of virtually every

27   significant issue, including CPM's right to bring this action at all, may be influenced

28   by information developed in discovery about the relationship between CPM and its

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

16

Case 8:09-cv-00242-DOC-AN Document 139 Filed 10/29/10 Page 33 of 81 Page ID
Case 8:09-cv-00242-DOC-AN Document #:2983 Filed 09/30/10 Page 20 of 66 Page ID
#:1774

1   participating physicians. *See* Kurtz Decl. Exh. A (August 30, 2010 Tentative Order)

2   at pp. 2-13. As the Court concluded in the Tentative Order, "The physicians are

3   necessary parties to CPM's federal and state antitrust claims." *Id.* at p. 11.

4   Information concerning CPM's contracts with participating physicians is necessary to

5   any evaluation of, or defense against, CPM's claims for relief. CPM's flat refusal to

6   respond to this interrogatory is unjustified and unfair.

7       Defendants request that the Court issue an order compelling a full and complete

8   response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

9   37(5).

10       4.   <u>Plaintiff's Contentions</u>:

11       The central issues in this case are what motivated defendant to stop paying

12   CPM's claims and its conduct in implementing its illegal boycott. The discovery

13   sought by this Interrogatory has nothing to do with those issues and will not aid either

14   the Court or the parties in resolving those issues. Rather, this Interrogatory is a

15   continuation of defendant's fishing expedition seeking to dig up dirt on CPM and its

16   owners. The Court should not allow defendant to misuse the discovery process to

17   engage in such a fishing expedition seeking irrelevant information. Defendant's

18   naked and unsupported assertion that CPM's relationship with its participating

19   physicians somehow bears on an evaluation of CPM's claims does not change the fact

20   that the contracting physicians are not currently parties to this litigation. The Court

21   has not yet issued a ruling determining whether the contracting physicians are

22   necessary parties. At this stage of the litigation, discovery pertaining to the

23   physicians, who are not parties to this litigation, is not relevant, and defendant has

24   failed to adduce any facts demonstrating its relevance to this litigation. Defendant's

25   reliance on the Court's August 30, 2010 *Tentative* Order is improper, as the Court has

26   not yet issued a final order. Further, given the fact that at this juncture, the contracting

27   physicians are not parties to this litigation and discovery concerning the contracting

28

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 35 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document#:3885   Filed 09/30/10   Page 21 of 66   Page ID
#:1775

1   physicians is not relevant, the time and expense that CPM would be required to incur

2   to respond to this Interrogatory constitutes an undue burden.

3   **Interrogatory No. 8 from Defendants to Plaintiff:**

4       1.    Interrogatory No. 8: "IDENTIFY every CONTRACT between YOU and

5   any SUPPLIER."

6       2.    Plaintiff's Response to Interrogatory No. 8: "CPM objects to the

7   Interrogatory on the ground that it is overly broad as to time and scope in that it seeks

8   documents or information from before January 1, 2005. CPM objects to the

9   Interrogatory on the additional ground that it seeks information or documents that are

10  irrelevant and unlikely to lead to the discovery of admissible evidence. CPM objects

11  to the Interrogatory on the additional ground that it is overly broad, unduly

12  burdensome, vague, ambiguous, fails to describe the documents sought with the

13  required reasonable particularity, or is calculated to or would operate to annoy,

14  embarrass, oppress, or unduly cause expense to CPM. CPM also objects to this

15  Interrogatory to the extent it seeks information or documents that are confidential,

16  proprietary, or that constitute trade secrets.

17      Based on the foregoing objections and the General Objections set forth above,

18  CPM will not respond to this Interrogatory."

19      3.    Defendants' Contentions: Defendants have made the following

20  accommodations in an effort to resolve this dispute informally: (1) Defendants agree

21  that CPM may limit its response to the period January 1, 2005 to the present; (2) the

22  parties have executed and the Court on May 26, 2010 signed and entered an Order

23  Governing the Designation and Handling of Confidential Materials; and (3)

24  Defendants agree that CPM may limit its response to the suppliers who supplied

25  medications for which reimbursement claims were submitted to any of the defendants

26  in this consolidated case.

27      The relationship between CPM and its drug suppliers is described in the Fifth

28  Amended Complaint and is central to any evaluation of CPM's claims in this case.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 36 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document#:2996   Filed 09/30/10   Page 22 of 66   Page ID
#:1776

<div style="margin-left:auto">Locke Lord Bissell & Liddell LLP<br>300 South Grand Avenue, Suite 2600<br>Los Angeles, CA 90071</div>

1   *See* 5AC ¶¶ 2, 14, 26.  The relationship between CPM and its drug suppliers is also

2   significant to Defendants' affirmative defenses.  *See* Kurtz Decl. Exh. J at pp. 11-15.

3   Evaluation of certain key issues, including CPM's right to bring this action at all and

4   its right to recover damages, may be influenced by information developed in

5   discovery about the relationship between CPM and its drug suppliers.  The

6   relationship between CPM and its drug suppliers not only constitutes, in itself,

7   admissible evidence, but indisputably may lead to the discovery of additional

8   admissible evidence.  CPM's blanket objections are therefore without merit.

9       Defendants request that the Court issue an order compelling a full and complete

10  response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

11  37(5).

12      4.   <u>Plaintiff's Contentions</u>:

13      The central issues in this case are what motivated defendant to stop paying

14  CPM's claims and its conduct in implementing its illegal boycott.  The discovery

15  sought by this Interrogatory has nothing to do with those issues and will not aid either

16  the Court or the parties in resolving those issues.  Rather, this Interrogatory is a

17  continuation of defendant's fishing expedition seeking to dig up dirt on CPM and its

18  owners.  The Court should not allow defendant to misuse the discovery process to

19  engage in such a fishing expedition seeking irrelevant information.  Defendant's

20  naked and unsupported assertion that CPM's relationship with its drug suppliers

21  somehow bears on an evaluation of CPM's claims does not change the fact that the

22  drug suppliers are not parties to this litigation.  The Court has not issued any ruling

23  concerning whether the contracting physicians are necessary parties, and information

24  concerning CPM's drug suppliers strays even further afield.  Discovery pertaining to

25  the drug suppliers, who are not parties to this litigation, is not relevant, and defendant

26  has failed to adduce any facts demonstrating its relevance.  Further, given the

27  irrelevance of discovery pertaining to the drug suppliers, the time and expense that

28

<div style="text-align:center">19</div>

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 37 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:2067   Filed 09/30/10   Page 23 of 66   Page ID
#:1777

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  CPM would be required to incur to respond to this Interrogatory constitutes an undue

2  burden.

3  **Interrogatory No. 9 from Defendants to Plaintiff:**

4      1.   Interrogatory No. 9: "IDENTIFY all DOCUMENTS that evidence,

5  relate to, or comprise any assignment to YOU of any PARTICIPATING

6  PHYSICIAN'S claim(s), cause(s) of action, or other legal rights or privileges."

7      2.   Plaintiff's Response to Interrogatory No. 9: "CPM objects to the

8  Interrogatory on the ground that it is overly broad as to time and scope in that it seeks

9  documents or information from before January 1, 2005. CPM objects to the

10  Interrogatory on the additional ground that it seeks information or documents that are

11  irrelevant and unlikely to lead to the discovery of admissible evidence. CPM objects

12  to the Interrogatory on the additional ground that it is overly broad, unduly

13  burdensome, vague, ambiguous, fails to describe the documents sought with the

14  required reasonable particularity, or is calculated to or would operate to annoy,

15  embarrass, oppress, or unduly cause expense to CPM. CPM also objects to this

16  Interrogatory to the extent it seeks information or documents that are confidential,

17  proprietary, or that constitute trade secrets.

18      Based on the foregoing objections and the General Objections set forth above,

19  CPM will not respond to this Interrogatory."

20      3.   Defendants' Contentions: Defendants have made the following

21  accommodations in an effort to resolve this dispute informally: (1) Defendants agree

22  that CPM may limit its response to the period January 1, 2005 to the present; (2) the

23  parties have executed and the Court on May 26, 2010 signed and entered an Order

24  Governing the Designation and Handling of Confidential Materials; and (3)

25  Defendants agree that CPM may limit its response to the physicians who submitted

26  claims to any of the defendants in this consolidated case, or on whose behalf claims

27  were submitted to any of the defendants in this consolidated case.

28

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*
LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 38 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:3068   Filed 09/30/10   Page 24 of 66   Page ID
                                    #:1778

1    CPM alleges that it has "assignments from its highest volume contracting

2    physicians and expects to have assignments from all or most of its physicians of their

3    *RICO causes of action* against [Defendants] for [their] *interference with the*

4    *contractual relationships* between CPM and its physicians." 5AC ¶ 14 (emphasis

5    added). The Court predicated its November 5, 2009 order (on Defendant's motion to

6    dismiss the Third Amended Complaint) in part on the Court's willingness to accept at

7    that time CPM's representation that it possessed such assignments from the

8    participating physicians. The Court expressly stated that "….with due consideration

9    of CPM's failure to clarify the scope and comprehensiveness of the alleged

10   assignments, the Court for now considers the assignments sufficient to allow CPM to

11   bring its contracting physicians' RICO claims…". *See* Order Denying Defendants'

12   Motion to Dismiss, attached as Exhibit J to concurrently filed Declaration of Ronald

13   D. Kurtz ("Kurtz Decl."), at p. 10. CPM's refusal to identify documents relating to

14   the alleged assignments is unjustified and unfair.

15       Defendants request that the Court issue an order compelling a full and complete

16   response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

17   37(5).

18       4.    Plaintiff's Contentions:

19       The central issues in this case are what motivated defendant to stop paying

20   CPM's claims and its conduct in implementing its illegal boycott. The discovery

21   sought by this Interrogatory has nothing to do with those issues and will not aid either

22   the Court or the parties in resolving those issues. Rather, this Interrogatory is a

23   continuation of defendant's fishing expedition seeking to dig up dirt on CPM and its

24   owners. The Court should not allow defendant to misuse the discovery process to

25   engage in such a fishing expedition seeking irrelevant information. Defendant's

26   naked and unsupported assertion that CPM's relationship with its participating

27   physicians somehow bears on an evaluation of CPM's claims does not change the fact

28   that the contracting physicians are not currently parties to this litigation. The Court

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

21

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 39 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 130-9   Filed 09/30/10   Page 25 of 66   Page ID
#:1779

1    has not yet issued a ruling determining whether the contracting physicians are

2    necessary parties.  At this stage of the litigation, discovery pertaining to the

3    physicians, who are not parties to this litigation, is not relevant, and defendant has

4    failed to adduce any facts demonstrating its relevance to this litigation.  Defendant's

5    reliance on the Court's August 30, 2010 *Tentative* Order is improper, as the Court has

6    not yet issued a final order.  Further, given the fact that at this juncture, the contracting

7    physicians are not parties to this litigation and discovery concerning the contracting

8    physicians is not relevant, the time and expense that CPM would be required to incur

9    to respond to this Interrogatory constitutes an undue burden.

10   **Interrogatory No. 10 from Defendants to Plaintiff:**

11       1.      Interrogatory No. 10:  "IDENTIFY all physical and/or electronic

12   locations, including storage facilities, electronic databases, hard drives, portable

13   thumb drives, servers, etc., in which any order form, invoice, ACCOUNTING

14   RECORD, and/or other business record relating to any PHYSICIAN IN-OFFICE

15   MEDICATION DISPENSING PROGRAM is currently stored or kept by YOU or on

16   YOUR behalf, or of which YOU otherwise have knowledge."

17       2.      Plaintiff's Response to Interrogatory No. 10:  "CPM objects to the

18   Interrogatory on the ground that it is overly broad as to time and scope in that it seeks

19   documents or information from before January 1, 2005.  CPM objects to the

20   Interrogatory on the additional ground that it seeks information or documents that are

21   irrelevant and unlikely to lead to the discovery of admissible evidence.  CPM objects

22   to the Interrogatory on the additional ground that it is overly broad, unduly

23   burdensome, vague, ambiguous, fails to describe the documents sought with the

24   required reasonable particularity, or is calculated to or would operate to annoy,

25   embarrass, oppress, or unduly cause expense to CPM.  CPM also objects to this

26   Interrogatory to the extent it seeks information or documents that are confidential,

27   proprietary, or that constitute trade secrets.

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

22

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 40 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #3990   Filed 09/30/10   Page 26 of 66   Page ID
#:1780

1   Based on the foregoing objections and the General Objections set forth above,

2   CPM will not respond to this Interrogatory."

3       3.   <u>Defendants' Contentions</u>:  Defendants have made the following

4   accommodations in an effort to resolve this dispute informally: (1) Defendants agree

5   that CPM may limit its response to locations where the subject records are presently

6   kept or were last kept during the period January 1, 2005 to the present; (2) the parties

7   have executed and the Court on May 26, 2010 signed and entered an Order Governing

8   the Designation and Handling of Confidential Materials; and (3) Defendants agree that

9   CPM may limit its response to the records relating to claims submitted to, or payments

10   by, any of the defendants in this consolidated case.

11       CPM's practices in the procurement, payment for, storage, and distribution of

12   medications dispensed in physician in-office medication dispensing programs are

13   central to this case and are at the heart of CPM's allegations.  *See* 5AC ¶¶ 2, 14, 25-

14   28.  CPM's practices in this regard are also significant to Defendants' affirmative

15   defenses.  *See* Kurtz Decl. Exh. J at pp. 11-15.  Evaluation of certain key issues,

16   including CPM's right to bring this action at all and its right to recover damages, may

17   be influenced by information developed in discovery about these practices.  Business

18   records concerning the subject transactions may be admissible evidence, and

19   indisputably may lead to the discovery of admissible evidence.  CPM's blanket

20   objections are therefore without merit, and CPM's flat refusal to respond is entirely

21   unjustified.

22       Defendants request that the Court issue an order compelling a full and complete

23   response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

24   37(5).

25       4.   <u>Plaintiff's Contentions</u>:

26       The central issues in this case are what motivated defendant to stop paying

27   CPM's claims and its conduct in implementing its illegal boycott.  The discovery

28   sought by this Interrogatory has nothing to do with those issues and will not aid either

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 41 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:3891   Filed 09/30/10   Page 27 of 66   Page ID
#:1781

1    the Court or the parties in resolving those issues. Rather, this Interrogatory is a

2    continuation of defendant's fishing expedition seeking to dig up dirt on CPM and its

3    owners. The Court should not allow defendant to misuse the discovery process to

4    engage in such a fishing expedition seeking irrelevant information. Defendant's

5    naked and unsupported assertion that CPM's practices regarding its storage and

6    distribution of medications somehow bear on an evaluation of CPM's claims do not

7    change the fact that such practices are not the subject matter of this litigation. Such

8    discovery is irrelevant, and defendant has failed to adduce any facts demonstrating its

9    relevance.    The time and expense that CPM would be required to incur to respond to

10   this Interrogatory constitutes an undue burden.

11   **3.      REQUESTS FOR PRODUCTION IN ISSUE (SET ONE):**

12   **Request For Production No. 1 from Defendants to Plaintiff:**

13        1.    Request for Production No. 1:  Produce all COMMUNICATIONS

14   between YOU and any PARTICIPATING PHYSICIAN relating to any PHYSICIAN

15   IN-OFFICE MEDICATION DISPENSING PROGRAM.

16        2.    Plaintiff's Response to Request For Production No. 1:  CPM objects to

17   the Request on the ground that it is overly broad as to time and scope in that it seeks

18   documents or information from before January 1, 2005. CPM also objects to the

19   Request on the ground that it is overly broad, unduly burdensome, vague, ambiguous,

20   fails to describe the documents sought with the required reasonable particularity, or is

21   calculated to or would operate to annoy, embarrass, oppress, or unduly cause expense

22   to CPM. CPM objects to the Request on the additional ground that it seeks

23   information or documents that are irrelevant and unlikely to lead to the discovery of

24   admissible evidence. CPM additionally objects to this Request to the extent it seeks

25   information or documents that are confidential, proprietary, or that constitute trade

26   secrets. CPM additionally objects to the Request to the extent it seeks information that

27   is protected from disclosure by the attorney-client privilege, the attorney work product

28   doctrine, or any other applicable privilege or protection. To the extent that the Request

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 42 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 2392   Filed 09/30/10   Page 28 of 66   Page ID
#:1782

1 | may be construed as seeking such privileged or protected information, CPM hereby

2 | claims such privilege and invokes such protection.

3 |      Based on the foregoing objections and the General Objections set forth above,

4 | CPM will not produce any documents in response to the Request.

5 |      3.   <u>Defendants' Contentions</u>:  Defendants have made the following

6 | accommodations in an effort to resolve this dispute informally: (1) Defendants agree

7 | that CPM may limit its response to the period January 1, 2005 to the present; (2) the

8 | parties have executed and the Court on May 26, 2010 signed and entered an Order

9 | Governing the Designation and Handling of Confidential Materials; and (3)

10 | Defendants agree that CPM may limit its response to the physicians who submitted

11 | claims to any of the defendants in this consolidated case, or on whose behalf claims

12 | were submitted to any of the defendants in this consolidated case.

13 |      The relationship between CPM and its participating physicians is described

14 | repeatedly in the Fifth Amended Complaint ("5AC") and is central to any evaluation

15 | of CPM's claims in this case.  *See* 5AC ¶¶ 2, 14, 25-28.  The relationship between

16 | CPM and its participating physicians is also significant to Defendants' affirmative

17 | defenses.  *See* Kurtz Decl. Exh. J (Defendants' Answer and Affirmative Defenses to

18 | Plaintiff's Third Amended Complaint) at pp. 11-15.  Moreover, the Court's order on

19 | the most recent motion to dismiss shows that the Court's evaluation of virtually every

20 | significant issue, including CPM's right to bring this action at all, may be influenced

21 | by information developed in discovery about the relationship between CPM and its

22 | participating physicians.  *See* Kurtz Decl. Exh. A (August 30, 2010 Tentative Order)

23 | at pp. 2-13.  As the Court concluded in the Tentative Order, "The physicians are

24 | necessary parties to CPM's federal and state antitrust claims."  *Id.* at p. 11.

25 | Communications between CPM and its participating physicians may be admissible

26 | evidence, and such communications idisputably may lead to the discovery of

27 | admissible evidence.  CPM's blanket refusal to produce any of the requested

28 | documents is improper and unfair.  Furthermore, CPM fails to adequately describe and

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

25

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 133-1   Filed 09/30/10   Page 29 of 66   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133   Filed 10/29/10   Page 43 of 81   Page ID
#:1783
#:2093

1   identify responsive documents that are subject to the asserted blanket claims of

2   privilege and confidentiality.

3       Defendants request that the Court issue an order compelling a full and complete

4   response and production of documents, without objection, and assess sanctions against

5   CPM pursuant to F.R.C.P. 37(5).

6       4.   <u>Plaintiff's Contentions:</u>

7       The central issues in this case are what motivated defendant to stop paying

8   CPM's claims and its conduct in implementing its illegal boycott.  The discovery

9   sought by this Document Request has nothing to do with those issues and will not aid

10   either the Court or the parties in resolving those issues.  Rather, this Document

11   Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

12   CPM and its owners.  The Court should not allow defendant to misuse the discovery

13   process to engage in such a fishing expedition seeking irrelevant information.

14   Defendant's naked and unsupported assertion that CPM's relationship with its

15   participating physicians somehow bears on an evaluation of CPM's claims does not

16   change the fact that the contracting physicians are not currently parties to this

17   litigation.  The Court has not yet issued a ruling determining whether the contracting

18   physicians are necessary parties.  At this stage of the litigation, discovery pertaining to

19   the physicians, who are not parties to this litigation, is not relevant, and defendant has

20   failed to adduce any facts demonstrating its relevance to this litigation.  Defendant's

21   reliance on the Court's August 30, 2010 *Tentative* Order is improper, as the Court has

22   not yet issued a final order.  Further, given the fact that at this juncture, the contracting

23   physicians are not parties to this litigation and discovery concerning the contracting

24   physicians is not relevant, the time and expense that CPM would be required to incur

25   to respond to this Document Request constitutes an undue burden.

26

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 45 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:3095   Filed 09/30/10   Page 30 of 66   Page ID
#:1784

**Request For Production No. 3 from Defendants to Plaintiff:**

1.     Request for Production No. 3:  Produce all COMMUNICATIONS between YOU and any SUPPLIER relating to any PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

2.     Plaintiff's Response to Request For Production No. 3:  CPM objects to the Request on the ground that it is overly broad as to time and scope in that it seeks documents or information from before January 1, 2005. CPM objects to the Request on the additional ground that it is overly broad, unduly burdensome, vague, ambiguous, fails to describe the documents sought with the required reasonable particularity, or is calculated to or would operate to annoy, embarrass, oppress, or unduly cause expense to CPM. CPM objects to the Request on the additional ground that it seeks information or documents that are irrelevant and unlikely to lead to the discovery of admissible evidence. CPM additionally objects to this Request to the extent it seeks information or documents that are confidential, proprietary, or that constitute trade secrets.

Based on the foregoing objections and the General Objections set forth above, CPM will not produce any documents in response to the Request.

3.     Defendants' Contentions:  Defendants have made the following accommodations in an effort to resolve this dispute informally: (1) Defendants agree that CPM may limit its response to the period January 1, 2005 to the present; (2) the parties have executed and the Court on May 26, 2010 signed and entered an Order Governing the Designation and Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its response to the suppliers who supplied medications for which reimbursement claims were submitted to any of the defendants in this consolidated case.

The relationship between CPM and its drug suppliers is described in the Fifth Amended Complaint and is central to any evaluation of CPM's claims in this case. *See* 5AC ¶¶ 2, 14, 26. The relationship between CPM and its drug suppliers is also

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 46 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:3296   Filed 09/30/10   Page 31 of 66   Page ID
#:1785

1   significant to Defendants' affirmative defenses. *See* Kurtz Decl. Exh. J at pp. 11-15.

2   Evaluation of certain key issues, including CPM's right to bring this action at all and

3   its right to recover damages, may be influenced by information developed in

4   discovery about the relationship between CPM and its drug suppliers. The identity of

5   CPM's drug suppliers not only constitutes, in itself, admissible evidence, but

6   indisputably may lead to the discovery of additional admissible evidence. CPM's

7   blanket objections are therefore without merit. Furthermore, CPM fails to adequately

8   describe and identify responsive documents that are subject to the asserted blanket

9   claims of privilege and confidentiality.

10      Defendants request that the Court issue an order compelling a full and complete

11  response and production of documents, without objection, and assess sanctions against

12  CPM pursuant to F.R.C.P. 37(5).

13      4.    Plaintiff's Contentions:

14      The central issues in this case are what motivated defendant to stop paying

15  CPM's claims and its conduct in implementing its illegal boycott. The discovery

16  sought by this Document Request has nothing to do with those issues and will not aid

17  either the Court or the parties in resolving those issues. Rather, this Document

18  Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

19  CPM and its owners. The Court should not allow defendant to misuse the discovery

20  process to engage in such a fishing expedition seeking irrelevant information.

21  Defendant's naked and unsupported assertion that CPM's relationship with its drug

22  suppliers somehow bears on an evaluation of CPM's claims does not change the fact

23  that the drug suppliers are not parties to this litigation. The Court has not issued any

24  ruling concerning whether the contracting physicians are necessary parties, and

25  information concerning CPM's drug suppliers strays even further afield. Discovery

26  pertaining to the drug suppliers, who are not parties to this litigation, is not relevant,

27  and defendant has failed to adduce any facts demonstrating its relevance. Further,

28  given the irrelevance of discovery pertaining to the drug suppliers, the time and

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

28

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 47 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 139-7   Filed 09/30/10   Page 32 of 66   Page ID
#:1786

1   expense that CPM would be required to incur to respond to this Document Request

2   constitutes an undue burden.

3   **Request For Production No. 4 from Defendants to Plaintiff:**

4         1.    <u>Request for Production No. 4</u>:  Produce all COMMUNICATIONS

5   between any PARTICIPATING PHYSICIAN and any SUPPLIER relating to any

6   PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

7         2.    <u>Plaintiff's Response to Request For Production No. 4</u>:  CPM objects to

8   the Request on the ground that it is overly broad as to time and scope in that it seeks

9   documents or information from before January 1, 2005. CPM objects to the Request

10   on the additional ground that it is overly broad, unduly burdensome, vague,

11   ambiguous, fails to describe the documents sought with the required reasonable

12   particularity, or is calculated to or would operate to annoy, embarrass, oppress, or

13   unduly cause expense to CPM. CPM objects to the Request on the additional ground

14   that it seeks information or documents that are irrelevant and unlikely to lead to the

15   discovery of admissible evidence. CPM additionally objects to this Request to the

16   extent it seeks information or documents that are confidential, proprietary, or that

17   constitute trade secrets.

18         Based on the foregoing objections and the General Objections set forth above,

19   CPM will not produce any documents in response to the Request.

20         3.    <u>Defendants' Contentions</u>:  Defendants have made the following

21   accommodations in an effort to resolve this dispute informally: (1) Defendants agree

22   that CPM may limit its response to contracts executed or in effect at any time during

23   the period January 1, 2005 to the present; (2) the parties have executed and the Court

24   on May 26, 2010 signed and entered an Order Governing the Designation and

25   Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its

26   response to the physicians who submitted claims to any of the defendants in this

27   consolidated case, or on whose behalf claims were submitted to any of the defendants

28   in this consolidated case.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

<center>29</center>

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 48 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:3998   Filed 09/30/10   Page 33 of 66   Page ID
#:1787

1   The relationship between CPM's participating physicians and CPM's drug

2   suppliers is described in the Fifth Amended Complaint and is central to any evaluation

3   of CPM's claims in this case. *See* 5AC ¶ 26. The relationship between CPM's

4   participating physicians and CPM's drug suppliers is also significant to Defendants'

5   affirmative defenses. *See* Kurtz Decl. Exh. J at pp. 11-15. The evaluation of certain

6   key issues, including CPM's right to bring this action at all and its right to damages,

7   may be influenced by information developed in discovery about the relationship

8   between CPM's participating physicians and CPM's drug suppliers. Communications

9   between CPM's participating physicians and CPM's drug suppliers not only may

10  constitute, in themselves, admissible evidence, but they indisputably may lead to the

11  discovery of additional admissible evidence. CPM's blanket objections are therefore

12  without merit. Furthermore, CPM fails to adequately describe and identify responsive

13  documents that are subject to the asserted blanket claims of privilege and

14  confidentiality.

15      Defendants request that the Court issue an order compelling a full and complete

16  response and production of documents, without objection, and assess sanctions against

17  CPM pursuant to F.R.C.P. 37(5).

18      4.    Plaintiff's Contentions:

19      The central issues in this case are what motivated defendant to stop paying

20  CPM's claims and its conduct in implementing its illegal boycott. The discovery

21  sought by this Document Request has nothing to do with those issues and will not aid

22  either the Court or the parties in resolving those issues. Rather, this Document

23  Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

24  CPM and its owners. The Court should not allow defendant to misuse the discovery

25  process to engage in such a fishing expedition seeking irrelevant information.

26  Defendant's naked and unsupported assertion that the relationship between its drug

27  suppliers and the contracting physicians somehow bears on an evaluation of CPM's

28  claims does not change the fact that at present, neither the physicians nor the drug

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 49 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:2099   Filed 09/30/10   Page 34 of 66   Page ID
#:1788

1   suppliers are parties to this litigation.   Information concerning the relationship

2   between CPM's drug suppliers and the physicians, *neither* of whom are parties to this

3   litigation, is not relevant, and defendant has failed to adduce any facts demonstrating

4   its relevance.  Further, given the irrelevance of discovery pertaining to the drug

5   suppliers, the time and expense that CPM would be required to incur to respond to this

6   Document Request constitutes an undue burden.

7   **Request For Production No. 6 from Defendants to Plaintiff:**

8       1.    <u>Request for Production No. 6</u>:  Produce all CONTRACTS between YOU

9   and any PARTICIPATING PHYSICIAN.

10       2.    <u>Plaintiff's Response to Request For Production No. 6</u>:  CPM objects to

11   the Request on the ground that it is overly broad as to time and scope in that it seeks

12   documents or information from before January 1, 2005.  CPM objects to the Request

13   on the additional ground that it seeks information or documents that are irrelevant and

14   unlikely to lead to the discovery of admissible evidence. CPM objects to the Request

15   on the additional ground that it is overly broad, unduly burdensome, vague,

16   ambiguous, fails to describe the documents sought with the required reasonable

17   particularity, or is calculated to or would operate to annoy, embarrass, oppress, or

18   unduly cause expense to CPM.  CPM additionally objects to this Request to the extent

19   it seeks information or documents that are confidential, proprietary, or that constitute

20   trade secrets.

21       Based on the foregoing objections and the General Objections set forth above,

22   CPM will not produce any documents in response to the Request.

23       3.    <u>Defendants' Contentions</u>:  Defendants have made the following

24   accommodations in an effort to resolve this dispute informally: (1) Defendants agree

25   that CPM may limit its response to contracts executed or in effect at any time during

26   the period January 1, 2005 to the present; (2) the parties have executed and the Court

27   on May 26, 2010 signed and entered an Order Governing the Designation and

28   Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

31

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 50 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-00   Filed 09/30/10   Page 35 of 66   Page ID
#:1789

1  response to the physicians who submitted claims to any of the defendants in this

2  consolidated case, or on whose behalf claims were submitted to any of the defendants

3  in this consolidated case.

4      The relationship between CPM and its participating physicians is described

5  repeatedly in the Fifth Amended Complaint ("5AC") and is central to any evaluation

6  of CPM's claims in this case. *See* 5AC ¶¶ 2, 14, 25-28. The relationship between

7  CPM and its participating physicians is also significant to Defendants' affirmative

8  defenses. *See* Kurtz Decl. Exh. J (Defendants' Answer and Affirmative Defenses to

9  Plaintiff's Third Amended Complaint) at pp. 11-15. Moreover, the Court's order on

10  the most recent motion to dismiss shows that the Court's evaluation of virtually every

11  significant issue, including CPM's right to bring this action at all, may be influenced

12  by information developed in discovery about the relationship between CPM and its

13  participating physicians. *See* Kurtz Decl. Exh. A (August 30, 2010 Tentative Order)

14  at pp. 2-13. As the Court concluded in the Tentative Order, "The physicians are

15  necessary parties to CPM's federal and state antitrust claims." *Id.* at p. 11.

16  Information concerning CPM's contracts with participating physicians is necessary to

17  any evaluation of, or defense against, CPM's claims for relief. CPM's flat refusal to

18  produce any of the requested documents is unjustified and unfair. Furthermore, CPM

19  fails to adequately describe and identify responsive documents that are subject to the

20  asserted blanket claims of privilege and confidentiality.

21      Defendants request that the Court issue an order compelling a full and complete

22  response and production of documents, without objection, and assess sanctions against

23  CPM pursuant to F.R.C.P. 37(5).

24      4.   <u>Plaintiff's Contentions</u>:

25      The central issues in this case are what motivated defendant to stop paying

26  CPM's claims and its conduct in implementing its illegal boycott. The discovery

27  sought by this Document Request has nothing to do with those issues and will not aid

28  either the Court or the parties in resolving those issues. Rather, this Document

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 51 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:1331-01   Filed 09/30/10   Page 36 of 66   Page ID
#:1790

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

2    CPM and its owners.  The Court should not allow defendant to misuse the discovery

3    process to engage in such a fishing expedition seeking irrelevant information.

4    Defendant's naked and unsupported assertion that CPM's relationship with its

5    participating physicians somehow bears on an evaluation of CPM's claims does not

6    change the fact that the contracting physicians are not currently parties to this

7    litigation.  The Court has not yet issued a ruling determining whether the contracting

8    physicians are necessary parties.  At this stage of the litigation, discovery pertaining to

9    the physicians, who are not parties to this litigation, is not relevant, and defendant has

10   failed to adduce any facts demonstrating its relevance to this litigation.  Defendant's

11   reliance on the Court's August 30, 2010 *Tentative* Order is improper, as the Court has

12   not yet issued a final order.  Further, given the fact that at this juncture, the contracting

13   physicians are not parties to this litigation and discovery concerning the contracting

14   physicians is not relevant, the time and expense that CPM would be required to incur

15   to respond to this Document Request constitutes an undue burden.

16   **Request For Production No. 7 from Defendants to Plaintiff:**

17         1.    Request for Production No. 7:  Produce all CONTRACTS between YOU

18   and any SUPPLIER.

19         2.    Plaintiff's Response to Request For Production No. 7:  CPM objects to

20   the Request on the ground that it is overly broad as to time and scope in that it seeks

21   documents or information from before January 1, 2005.  CPM objects to the Request

22   on the additional ground that it seeks information or documents that are irrelevant and

23   unlikely to lead to the discovery of admissible evidence. CPM objects to the Request

24   on the additional ground that it is overly broad, unduly burdensome, vague,

25   ambiguous, fails to describe the documents sought with the required reasonable

26   particularity, or is calculated to or would operate to annoy, embarrass, oppress, or

27   unduly cause expense to CPM. CPM additionally objects to this Request to the extent

28

Case 8:09-cv-00242-DOC-AN    Document 139    Filed 10/29/10   Page 52 of 81   Page ID
Case 8:09-cv-00242-DOC-AN    Document 133-02   Filed 09/30/10   Page 37 of 66   Page ID
#:1791

1   it seeks information or documents that are confidential, proprietary, or that constitute

2   trade secrets.

3       Based on the foregoing objections and the General Objections set forth above,

4   CPM will not produce any documents in response to the Request.

5       3.    Defendants' Contentions:  Defendants have made the following

6   accommodations in an effort to resolve this dispute informally: (1) Defendants agree

7   that CPM may limit its response to the period January 1, 2005 to the present; (2) the

8   parties have executed and the Court on May 26, 2010 signed and entered an Order

9   Governing the Designation and Handling of Confidential Materials; and (3)

10  Defendants agree that CPM may limit its response to the suppliers who supplied

11  medications for which reimbursement claims were submitted to any of the defendants

12  in this consolidated case.

13      The relationship between CPM and its drug suppliers is described in the Fifth

14  Amended Complaint and is central to any evaluation of CPM's claims in this case.

15  *See* 5AC ¶¶ 2, 14, 26.  The relationship between CPM and its drug suppliers is also

16  significant to Defendants' affirmative defenses.  *See* Kurtz Decl. Exh. J at pp. 11-15.

17  Evaluation of certain key issues, including CPM's right to bring this action at all and

18  its right to recover damages, may be influenced by information developed in

19  discovery about the relationship between CPM and its drug suppliers.  Contracts

20  between CPM and its drug suppliers not only may constitute, in themselves,

21  admissible evidence, but indisputably may lead to the discovery of additional

22  admissible evidence.  CPM's blanket objections are therefore without merit.

23  Furthermore, CPM fails to adequately describe and identify responsive documents that

24  are subject to the asserted blanket claims of privilege and confidentiality.

25      4.    Plaintiff's Contentions:

26      The central issues in this case are what motivated defendant to stop paying

27  CPM's claims and its conduct in implementing its illegal boycott.  The discovery

28  sought by this Document Request has nothing to do with those issues and will not aid

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

34

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 53 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:33-03   Filed 09/30/10   Page 38 of 66   Page ID
#:1792

1 either the Court or the parties in resolving those issues. Rather, this Document

2 Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

3 CPM and its owners. The Court should not allow defendant to misuse the discovery

4 process to engage in such a fishing expedition seeking irrelevant information.

5 Defendant's naked and unsupported assertion that CPM's relationship with its drug

6 suppliers somehow bears on an evaluation of CPM's claims does not change the fact

7 that the drug suppliers are not parties to this litigation. The Court has not issued any

8 ruling concerning whether the contracting physicians are necessary parties, and

9 information concerning CPM's drug suppliers strays even further afield. Discovery

10 pertaining to the drug suppliers, who are not parties to this litigation, is not relevant,

11 and defendant has failed to adduce any facts demonstrating its relevance. Further,

12 given the irrelevance of discovery pertaining to the drug suppliers, the time and

13 expense that CPM would be required to incur to respond to this Document Request

14 constitutes an undue burden.

15 **Request For Production No. 8 from Defendants to Plaintiff:**

16      1.     Request for Production No. 8: Produce all CONTRACTS between

17 any PARTICIPATING PHYSICIAN and any SUPPLIER.

18      2.     Plaintiff's Response to Request For Production No. 8: CPM objects to

19 the Request on the ground that it is overly broad as to time and scope in that it seeks

20 documents or information from before January 1, 2005. CPM objects to the Request

21 on the additional ground that it seeks information or documents that are irrelevant and

22 unlikely to lead to the discovery of admissible evidence. CPM objects to the Request

23 on the additional ground that it is overly broad, unduly burdensome, vague,

24 ambiguous, fails to describe the documents sought with the required reasonable

25 particularity, or is calculated to or would operate to annoy, embarrass, oppress, or

26 unduly cause expense to CPM. CPM additionally objects to this Request to the extent

27 it seeks information or documents that are confidential, proprietary, or that constitute

28 trade secrets. CPM objects to this Interrogatory on the additional ground it is unduly

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

35

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 54 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-04   Filed 09/30/10   Page 39 of 66   Page ID
#:1793

1   burdensome and overly oppressive to the extent it calls for information that is already

2   in the possession of the defendants or third parties, or that is equally available to

3   defendants through publicly available sources or otherwise.

4        Based on the foregoing objections and the General Objections set forth above,

5   CPM will not produce any documents in response to the Request.

6        3.   <u>Defendants' Contentions</u>:  Defendants have made the following

7   accommodations in an effort to resolve this dispute informally: (1) Defendants agree

8   that CPM may limit its response to contracts executed or in effect at any time during

9   the period January 1, 2005 to the present; (2) the parties have executed and the Court

10  on May 26, 2010 signed and entered an Order Governing the Designation and

11  Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its

12  response to the physicians who submitted claims to any of the defendants in this

13  consolidated case, or on whose behalf claims were submitted to any of the defendants

14  in this consolidated case.

15       The relationship between CPM's participating physicians and CPM's drug

16  suppliers is described in the Fifth Amended Complaint and is central to any evaluation

17  of CPM's claims in this case.  *See* 5AC ¶ 26.  The relationship between CPM's

18  participating physicians and CPM's drug suppliers is also significant to Defendants'

19  affirmative defenses. *See* Kurtz Decl. Exh. J at pp. 11-15.  The evaluation of certain

20  key issues, including CPM's right to bring this action at all and its right to damages,

21  may be influenced by information developed in discovery about the relationship

22  between CPM's participating physicians and CPM's drug suppliers.  Contracts

23  between CPM's participating physicians and CPM's drug suppliers not only may

24  constitute, in themselves, admissible evidence, but they indisputably may lead to the

25  discovery of additional admissible evidence.  CPM's blanket objections are therefore

26  without merit.  Furthermore, CPM fails to adequately describe and identify responsive

27  documents that are subject to the asserted blanket claims of privilege and

28  confidentiality.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 55 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-05   Filed 09/30/10   Page 40 of 66   Page ID
#:1794

1    Defendants request that the Court issue an order compelling a full and complete

2  response and production of documents, without objection, and assess sanctions against

3  CPM pursuant to F.R.C.P. 37(5).

4        4.      Plaintiff's Contentions:

5        The central issues in this case are what motivated defendant to stop paying

6  CPM's claims and its conduct in implementing its illegal boycott.  The discovery

7  sought by this Document Request has nothing to do with those issues and will not aid

8  either the Court or the parties in resolving those issues.  Rather, this Document

9  Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

10  CPM and its owners.  The Court should not allow defendant to misuse the discovery

11  process to engage in such a fishing expedition seeking irrelevant information.

12  Defendant's naked and unsupported assertion that the relationship between its drug

13  suppliers and the contracting physicians somehow bears on an evaluation of CPM's

14  claims does not change the fact that at present, neither the physicians nor the drug

15  suppliers are parties to this litigation.   Information concerning the relationship

16  between CPM's drug suppliers and the physicians, *neither* of whom are parties to this

17  litigation, is not relevant, and defendant has failed to adduce any facts demonstrating

18  its relevance.  Further, given the irrelevance of discovery pertaining to the drug

19  suppliers, the time and expense that CPM would be required to incur to respond to this

20  Document Request constitutes an undue burden.

21  **Request For Production No. 9 from Defendants to Plaintiff:**

22        1.      Request for Production No. 9:  Produce all DOCUMENTS relating to the

23  procurement, payment for, storage, and distribution of medications dispensed in any

24  PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

25        2.      Plaintiff's Response to Request For Production No. 9:  CPM objects to

26  the Request on the ground that it is overly broad as to time and scope in that it seeks

27  documents or information from before January 1, 2005. CPM objects to the Request

28  on the additional ground that it seeks information or documents that are irrelevant and

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

37

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 56 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:33-06   Filed 09/30/10   Page 41 of 66   Page ID
#:1795

1   unlikely to lead to the discovery of admissible evidence. CPM objects to the Request

2   on the additional ground that it is overly broad, unduly burdensome, vague,

3   ambiguous, fails to describe the documents sought with the required reasonable

4   particularity, or is calculated to or would operate to annoy, embarrass, oppress, or

5   unduly cause expense to CPM. CPM additionally objects to this Request to the extent

6   it seeks information or documents that are confidential, proprietary, or that constitute

7   trade secrets. CPM objects to this Interrogatory on the additional ground it is unduly

8   burdensome and overly oppressive to the extent it calls for information that is already

9   in the possession of the defendants or third parties, or that is equally available to

10   defendants through publicly available sources or otherwise.

11       Based on the foregoing objections and the General Objections set forth above,

12   CPM will not produce any documents in response to the Request.

13       3.   Defendants' Contentions:  Defendants have made the following

14   accommodations in an effort to resolve this dispute informally: (1) Defendants agree

15   that CPM may limit its response to the period January 1, 2005 to the present; (2) the

16   parties have executed and the Court on May 26, 2010 signed and entered an Order

17   Governing the Designation and Handling of Confidential Materials; and (3)

18   Defendants agree that CPM may limit its response to supervisors and other persons

19   who perform the specified activities as a significant part of their employment duties.

20       CPM's practices in the procurement, payment for, storage, and distribution of

21   medications dispensed in physician in-office medication dispensing programs are

22   central to this case and are at the heart of CPM's allegations. *See* 5AC ¶¶ 2, 14, 25-

23   28. CPM's practices in this regard are also significant to Defendants' affirmative

24   defenses. *See* Kurtz Decl. Exh. J at pp. 11-15. Evaluation of certain key issues,

25   including CPM's right to bring this action at all and its right to recover damages, may

26   be influenced by information developed in discovery about these practices. The

27   identification of persons with knowledge of CPM's practices in this regard

28   indisputably may lead to the discovery of additional admissible evidence. CPM's

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

38

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 57 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:2307   Filed 09/30/10   Page 42 of 66   Page ID
#:1796

1  blanket objections are therefore without merit, and CPM's flat refusal to respond is

2  entirely unjustified.  Furthermore, CPM fails to adequately describe and identify

3  responsive documents that are subject to the asserted blanket claims of privilege and

4  confidentiality.

5       Defendants request that the Court issue an order compelling a full and complete

6  response, without objection, and assess sanctions against CPM pursuant to F.R.C.P.

7  37(5).

8       4.   <u>Plaintiff's Contentions</u>:

9       The central issues in this case are what motivated defendant to stop paying

10  CPM's claims and its conduct in implementing its illegal boycott.  The discovery

11  sought by this Document Request has nothing to do with those issues and will not aid

12  either the Court or the parties in resolving those issues.  Rather, this Document

13  Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

14  CPM and its owners.  The Court should not allow defendant to misuse the discovery

15  process to engage in such a fishing expedition seeking irrelevant information.

16  Defendant's naked and unsupported assertion that CPM's practices regarding its

17  storage and distribution of medications somehow bear on an evaluation of CPM's

18  claims do not change the fact that such practices are not the subject matter of this

19  litigation.  Such discovery is irrelevant, and defendant has failed to adduce any facts

20  demonstrating its relevance.   The time and expense that CPM would be required to

21  incur to respond to this Document Request constitutes an undue burden.

22  **<u>Request For Production No. 10 from Defendants to Plaintiff</u>:**

23       1.   <u>Request for Production No. 10</u>:  Produce all DOCUMENTS relating to

24  any damages for which YOU seek compensation in this lawsuit.

25       2.   <u>Plaintiff's Response to Request For Production No. 10</u>: CPM objects to

26  this Request to the extent it seeks information or documents that are confidential,

27  proprietary, or that constitute trade secrets. CPM also objects to the Request to the

28  extent it seeks information that is protected from disclosure by the attorney-client

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

<div align="center">39</div>

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 58 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:31-08   Filed 09/30/10   Page 43 of 66   Page ID
#:1797

1   privilege, the attorney work product doctrine, or any other applicable privilege or

2   protection. To the extent that the Request may be construed as seeking such privileged

3   or protected information, CPM hereby claims such privilege and invokes such

4   protection.

5        Subject to and without waiving the foregoing objections or the General

6   Objections set forth above, CPM will produce copies of responsive, non-privileged,

7   non-confidential documents in its possession, custody, or control, if any, that are

8   located after a diligent search. As to those responsive documents that are confidential

9   or proprietary, CPM's agreement to produce them is subject to entry of a

10  confidentiality agreement and protective order governing disclosure of such

11  information or documents.

12       3.   Defendants' Contentions:  The parties have executed and the Court on

13  May 26, 2010 signed and entered an Order Governing the Designation and Handling

14  of Confidential Materials.  This Order satisfies any legitimate objection by CPM to

15  the production of confidential, proprietary, trade secret, or otherwise privileged

16  information and documents. The requested documents related to CPM's alleged

17  damages are central to CPM's claims and to Defendants' defenses.  Defendants are

18  entitled to evaluate, test, and challenge CPM's assertions and calculations concerning

19  the damages sought by CPM.  CPM's blanket objections are therefore without merit.

20  Furthermore, CPM fails to adequately describe and identify responsive documents that

21  are subject to the asserted blanket claims of privilege and confidentiality.  Moreover,

22  CPM fails to identify the responsive documents that have been located to date, and

23  fails to state that a diligent search has been conducted for documents responsive to the

24  request. CPM fails to specify a date certain upon which documents will be produced.

25  The documents produced by CPM on June 23, 2010, are arguably a partial response to

26  this Request, in that they relate to certain of CPM's billing-related communications

27  with Defendants.

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 59 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 123-09   Filed 09/30/10   Page 44 of 66   Page ID
#:1798

1   Defendants request that the Court issue an order compelling a full and complete

2   response and production of documents, without objection.

3       4.   Plaintiff's Contentions:

4       CPM already has produced documentation evidencing its submission of valid

5   liens and claims, which defendant denied on a blanket basis.  At present, there are no

6   further documents to produce, although CPM will produce any additional responsive

7   non-privileged documents that come into its possession, custody or control.

8   **Request For Production No. 11 from Defendants to Plaintiff:**

9       1.   Request for Production No. 11:  Produce all DOCUMENTS relating to

10  any assignment to YOU of any PARTICIPATING PHYSICIAN'S claim(s), cause(s)

11  of action, or other legal rights or privileges.

12      2.   Plaintiff's Response to Request For Production No. 11:  CPM objects to

13  the Request on the ground that it is overly broad as to time and scope in that it seeks

14  documents or information from before January 1, 2005.  CPM objects to the Request

15  on the additional ground that it seeks information or documents that are irrelevant and

16  unlikely to lead to the discovery of admissible evidence. CPM objects to the Request

17  on the additional ground that it is overly broad, unduly burdensome, vague,

18  ambiguous, fails to describe the documents sought with the required reasonable

19  particularity, or is calculated to or would operate to annoy, embarrass, oppress, or

20  unduly cause expense to CPM.  CPM additionally objects to this Request to the extent

21  it seeks information or documents that are confidential, proprietary, or that constitute

22  trade secrets. CPM objects to the Request to the extent it seeks information that is

23  protected from disclosure by the attorney-client privilege, the attorney work product

24  doctrine, or any other applicable privilege or protection. To the extent that the Request

25  may be construed as seeking such privileged or protected information, CPM hereby

26  claims such privilege and invokes such protection.

27      Subject to and without waiving the foregoing objections or the General

28  Objections set forth above, CPM will produce copies of responsive, non-privileged,

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

41

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 60 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #331-10   Filed 09/30/10   Page 45 of 66   Page ID
#:1799

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  non-confidential documents in its possession, custody, or control, if any, that are

2  located after a diligent search.

3      3.   Defendants' Contentions:  Defendants have made the following

4  accommodations in an effort to resolve this dispute informally: (1) Defendants agree

5  that CPM may limit its response to documents related to assignments executed or in

6  effect at any time the period January 1, 2005 to the present; (2) the parties have

7  executed and the Court on May 26, 2010 signed and entered an Order Governing the

8  Designation and Handling of Confidential Materials; and (3) Defendants agree that

9  CPM may limit its response to the physicians who submitted claims to any of the

10  defendants in this consolidated case, or on whose behalf claims were submitted to any

11  of the defendants in this consolidated case.

12      CPM alleges that it has "assignments from its highest volume contracting

13  physicians and expects to have assignments from all or most of its physicians of their

14  *RICO causes of action* against [Defendants] for [their] *interference with the*

15  *contractual relationships* between CPM and its physicians."  5AC ¶ 14 (emphasis

16  added).  The Court predicated its November 5, 2009 order (on Defendant's motion to

17  dismiss the Third Amended Complaint) in part on the Court's willingness to accept at

18  that time CPM's representation that it possessed such assignments from the

19  participating physicians.  The Court expressly stated that "….with due consideration

20  of CPM's failure to clarify the scope and comprehensiveness of the alleged

21  assignments, the Court for now considers the assignments sufficient to allow CPM to

22  bring its contracting physicians' RICO claims…".  *See* Order Denying Defendants'

23  Motion to Dismiss, attached as Exhibit J to concurrently filed Declaration of Ronald

24  D. Kurtz ("Kurtz Decl."), at p. 10.  Nearly six months after stating in its response that

25  it would produce documents in response to this request, CPM's continuing failure to

26  produce documents relating to the alleged assignments is unjustified and unfair.

27  Furthermore, CPM fails to adequately describe and identify responsive documents that

28  are subject to the asserted blanket claims of privilege and confidentiality.  Moreover,

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 61 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-11   Filed 09/30/10   Page 46 of 66   Page ID
#:1800

1    CPM fails to identify any responsive documents that have been located to date, and

2    fails to state that a diligent search has been conducted for documents responsive to the

3    request.  CPM fails to specify a date certain upon which documents will be produced.

4         Defendants request that the Court issue an order compelling a full and complete

5    response and production of documents, without objection, and assess sanctions against

6    CPM pursuant to F.R.C.P. 37(5).

7         4.    Plaintiff's Contentions:

8         The central issues in this case are what motivated defendant to stop paying

9    CPM's claims and its conduct in implementing its illegal boycott.  The discovery

10   sought by this Document Request has nothing to do with those issues and will not aid

11   either the Court or the parties in resolving those issues.  Rather, this Document

12   Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

13   CPM and its owners.  The Court should not allow defendant to misuse the discovery

14   process to engage in such a fishing expedition seeking irrelevant information.

15   Defendant's naked and unsupported assertion that CPM's relationship with its

16   participating physicians somehow bears on an evaluation of CPM's claims does not

17   change the fact that the contracting physicians are not currently parties to this

18   litigation.  The Court has not yet issued a ruling determining whether the contracting

19   physicians are necessary parties.  At this stage of the litigation, discovery pertaining to

20   the physicians, who are not parties to this litigation, is not relevant, and defendant has

21   failed to adduce any facts demonstrating its relevance to this litigation.  Defendant's

22   reliance on the Court's August 30, 2010 *Tentative* Order is improper, as the Court has

23   not yet issued a final order.  Further, given the fact that at this juncture, the contracting

24   physicians are not parties to this litigation and discovery concerning the contracting

25   physicians is not relevant, the time and expense that CPM would be required to incur

26   to respond to this Document Request constitutes an undue burden.

27   **Request For Production No. 12 from Defendants to Plaintiff:**

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

---

43

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 62 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 123-12   Filed 09/30/10   Page 47 of 66   Page ID
#:1801

1.   <u>Request for Production No. 12</u>:  Produce each Internal Revenue Service Form 1099 documenting or reflecting payment to any PARTICIPATING PHYSICIAN in connection with any PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

2.   <u>Plaintiff's Response to Request For Production No. 12</u>:  CPM objects to the Request on the ground that it is overly broad as to time and scope in that it seeks documents or information from before January 1, 2005.  CPM objects to the Request on the additional ground that it seeks information or documents  that are irrelevant and unlikely to lead to the discovery of admissible evidence. CPM objects to the Request on the additional ground that it is overly broad, unduly burdensome, vague, ambiguous, fails to describe the documents sought with the required reasonable particularity, or is calculated to or would operate to annoy, embarrass, oppress, or unduly cause expense to CPM.  CPM additionally objects to this Request to the extent it seeks information or documents that are confidential, proprietary, or that constitute trade secrets. CPM objects to this Interrogatory on the additional ground it is unduly burdensome and overly oppressive to the extent it calls for information that is already in the possession of the defendants or third parties, or that is equally available to defendants through publicly available sources or otherwise.

Based on the foregoing objections and the General Objections set forth above, CPM will not produce any documents in response to the Request.

3.   <u>Defendants' Contentions</u>:  Defendants have made the following accommodations in an effort to resolve this dispute informally: (1) Defendants agree that CPM may limit its response to the period January 1, 2005 to the present; (2) the parties have executed and the Court on May 26, 2010 signed and entered an Order Governing the Designation and Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its response to the physicians who submitted claims to any of the defendants in this consolidated case, or on whose behalf claims were submitted to any of the defendants in this consolidated case.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 63 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-13   Filed 09/30/10   Page 48 of 66   Page ID
#:1802

1    The relationship between CPM and its participating physicians is described

2    repeatedly in the Fifth Amended Complaint ("5AC") and is central to any evaluation

3    of CPM's claims in this case.  *See* 5AC ¶¶ 2, 14, 25-28.  The relationship between

4    CPM and its participating physicians is also significant to Defendants' affirmative

5    defenses.  *See* Kurtz Decl. Exh. J (Defendants' Answer and Affirmative Defenses to

6    Plaintiff's Third Amended Complaint) at pp. 11-15.  Moreover, the Court's order on

7    the most recent motion to dismiss shows that the Court's evaluation of virtually every

8    significant issue, including CPM's right to bring this action at all, may be influenced

9    by information developed in discovery about the relationship between CPM and its

10   participating physicians.  *See* Kurtz Decl. Exh. A (August 30, 2010 Tentative Order)

11   at pp. 2-13.  As the Court concluded in the Tentative Order, "The physicians are

12   necessary parties to CPM's federal and state antitrust claims."  *Id.* at p. 11.

13   Communications between CPM and its participating physicians may be admissible

14   evidence, and such communications idisputably may lead to the discovery of

15   admissible evidence.  CPM's blanket refusal to produce any of the requested

16   documents is improper and unfair.  Furthermore, CPM fails to adequately describe and

17   identify responsive documents that are subject to the asserted blanket claims of

18   privilege and confidentiality.

19        Defendants request that the Court issue an order compelling a full and complete

20   response and production of documents, without objection, and assess sanctions against

21   CPM pursuant to F.R.C.P. 37(5).

22        4.   Plaintiff's Contentions:

23        The central issues in this case are what motivated defendant to stop paying

24   CPM's claims and its conduct in implementing its illegal boycott.  The discovery

25   sought by this Document Request has nothing to do with those issues and will not aid

26   either the Court or the parties in resolving those issues.  Rather, this Document

27   Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

28   CPM and its owners.  The Court should not allow defendant to misuse the discovery

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

45

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 64 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document#233-14   Filed 09/30/10   Page 49 of 66   Page ID
#:1803

1   process to engage in such a fishing expedition seeking irrelevant information.
2   Defendant's naked and unsupported assertion that CPM's relationship with its
3   participating physicians somehow bears on an evaluation of CPM's claims does not
4   change the fact that the contracting physicians are not currently parties to this
5   litigation.  The Court has not yet issued a ruling determining whether the contracting
6   physicians are necessary parties.  At this stage of the litigation, discovery pertaining to
7   the physicians, who are not parties to this litigation, is not relevant, and defendant has
8   failed to adduce any facts demonstrating its relevance to this litigation.  Defendant's
9   reliance on the Court's August 30, 2010 *Tentative* Order is improper, as the Court has
10  not yet issued a final order.  Further, given the fact that at this juncture, the contracting
11  physicians are not parties to this litigation and discovery concerning the contracting
12  physicians is not relevant, the time and expense that CPM would be required to incur
13  to respond to this Document Request constitutes an undue burden.

14  **Request For Production No. 13 from Defendants to Plaintiff:**

15      1.      Request for Production No. 13:  Produce all ACCOUNTING RECORDS
16  relating to any PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

17      2.      Plaintiff's Response to Request For Production No. 13:  CPM objects to
18  the Request on the ground that it is overly broad as to time and scope in that it seeks
19  documents or information from before January 1, 2005.  CPM objects to the Request
20  on the additional ground that it seeks information or documents that are irrelevant and
21  unlikely to lead to the discovery of admissible evidence.  CPM objects to the Request
22  on the additional ground that it is overly broad, unduly burdensome, vague,
23  ambiguous, fails to describe the documents sought with the required reasonable
24  particularity, or is calculated to or would operate to annoy, embarrass, oppress, or
25  unduly cause expense to CPM.  CPM additionally objects to this Request to the extent
26  it seeks information or documents that are confidential, proprietary, or that constitute
27  trade secrets. CPM objects to this Interrogatory on the additional ground it is unduly
28  burdensome and overly oppressive to the extent it calls for information that is already

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 65 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-15   Filed 09/30/10   Page 50 of 66   Page ID
#:1804

1    in the possession of the defendants or third parties, or that is equally available to

2    defendants through publicly available sources or otherwise.

3         Based on the foregoing objections and the General Objections set forth above,

4    CPM will not produce any documents in response to the Request.

5         3.    Defendants' Contentions:  Defendants have made the following

6    accommodations in an effort to resolve this dispute informally: (1) Defendants agree

7    that CPM may limit its response to the period January 1, 2005 to the present; (2) the

8    parties have executed and the Court on May 26, 2010 signed and entered an Order

9    Governing the Designation and Handling of Confidential Materials; and (3)

10   Defendants agree that CPM may limit its response to the physicians who submitted

11   claims to any of the defendants in this consolidated case, or on whose behalf claims

12   were submitted to any of the defendants in this consolidated case.

13        The relationship between CPM and its participating physicians is described

14   repeatedly in the Fifth Amended Complaint ("5AC") and is central to any evaluation

15   of CPM's claims in this case. *See* 5AC ¶¶ 2, 14, 25-28. The relationship between

16   CPM and its participating physicians is also significant to Defendants' affirmative

17   defenses. *See* Kurtz Decl. Exh. J (Defendants' Answer and Affirmative Defenses to

18   Plaintiff's Third Amended Complaint) at pp. 11-15. Moreover, the Court's order on

19   the most recent motion to dismiss shows that the Court's evaluation of virtually every

20   significant issue, including CPM's right to bring this action at all, may be influenced

21   by information developed in discovery about the relationship between CPM and its

22   participating physicians. *See* Kurtz Decl. Exh. A (August 30, 2010 Tentative Order)

23   at pp. 2-13. As the Court summarized CPM's allegations in the Tentative Order, "The

24   drugs are purchased from 'a third-party wholesaler known as a repackager who takes

25   large volume medications and prepares unit doses of these medications suitable for

26   patient use.' Physicians purchase the drugs from the wholesaler, dispense the drugs to

27   injured workers, and then submit claims for payment to insurers through CPM."

28   Tentative Order at p. 2, *citing* 5AC . Accounting records for these transactions CPM

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 66 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-16   Filed 09/30/10   Page 51 of 66   Page ID
#:1805

1   and its participating physicians may be admissible evidence, and such

2   communications idisputably may lead to the discovery of admissible evidence.

3   CPM's blanket refusal to produce any of the requested documents is improper and

4   unfair.  Furthermore, CPM fails to adequately describe and identify responsive

5   documents that are subject to the asserted blanket claims of privilege and

6   confidentiality.       Defendants request that the Court issue an order compelling a full

7   and complete response and production of documents, without objection, and assess

8   sanctions against CPM pursuant to F.R.C.P. 37(5).

9          4.      Plaintiff's Contentions:

10          The central issues in this case are what motivated defendant to stop paying

11   CPM's claims and its conduct in implementing its illegal boycott.  The discovery

12   sought by this Document Request has nothing to do with those issues and will not aid

13   either the Court or the parties in resolving those issues.  Rather, this Document

14   Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

15   CPM and its owners.  The Court should not allow defendant to misuse the discovery

16   process to engage in such a fishing expedition seeking irrelevant information.

17   Defendant's naked and unsupported assertion that CPM's relationship with its

18   participating physicians somehow bears on an evaluation of CPM's claims does not

19   change the fact that the contracting physicians are not currently parties to this

20   litigation.  The Court has not yet issued a ruling determining whether the contracting

21   physicians are necessary parties.  At this stage of the litigation, discovery pertaining to

22   the physicians, who are not parties to this litigation, is not relevant, and defendant has

23   failed to adduce any facts demonstrating its relevance to this litigation.  Defendant's

24   reliance on the Court's August 30, 2010 *Tentative* Order is improper, as the Court has

25   not yet issued a final order.  Further, given the fact that at this juncture, the contracting

26   physicians are not parties to this litigation and discovery concerning the contracting

27   physicians is not relevant, the time and expense that CPM would be required to incur

28   to respond to this Document Request constitutes an undue burden.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 67 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:33-17   Filed 09/30/10   Page 52 of 66   Page ID
#:1806

**Request For Production No. 14 from Defendants to Plaintiff:**

1.    Request for Production No. 14:  Produce all ACCOUNTING RECORDS and DOCUMENTS relating to any use, distribution, or allocation of any money between and among PLAINTIFF, any PARTICIPATING PHYSICIAN, and/or any SUPPLIER in connection with any PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

2.    Plaintiff's Response to Request For Production No. 14:  CPM objects to the Request on the ground that it is overly broad as to time and scope in that it seeks documents or information from before January 1, 2005.  CPM objects to the Request on the additional ground that it seeks information or documents that are irrelevant and unlikely to lead to the discovery of admissible evidence. CPM objects to the Request on the additional ground that it is overly broad, unduly burdensome, vague, ambiguous, fails to describe the documents sought with the required reasonable particularity, or is calculated to or would operate to annoy, embarrass, oppress, or unduly cause expense to CPM.  CPM additionally objects to this Request to the extent it seeks information or documents that are confidential, proprietary, or that constitute trade secrets. CPM objects to this Interrogatory on the additional ground it is unduly burdensome and overly oppressive to the extent it calls for information that is already in the possession of the defendants or third parties, or that is equally available to defendants through publicly available sources or otherwise.

Based on the foregoing objections and the General Objections set forth above, CPM will not produce any documents in response to the Request.

3.    Defendants' Contentions:   Defendants have made the following accommodations in an effort to resolve this dispute informally: (1) Defendants agree that CPM may limit its response to the period January 1, 2005 to the present; (2) the parties have executed and the Court on May 26, 2010 signed and entered an Order Governing the Designation and Handling of Confidential Materials; and (3) Defendants agree that CPM may limit its response to the physicians who submitted

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

49

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 68 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:33-18   Filed 09/30/10   Page 53 of 66   Page ID
#:1807

1   claims to any of the defendants in this consolidated case, or on whose behalf claims

2   were submitted to any of the defendants in this consolidated case.

3          The financial relationship between CPM and its participating physicians and

4   suppliers is described repeatedly in the Fifth Amended Complaint ("5AC") and is

5   central to any evaluation of CPM's claims in this case. *See* 5AC ¶¶ 2, 14, 25-28.  The

6   financial relationship between CPM and its participating physicians and suppliers is

7   also significant to Defendants' affirmative defenses. *See* Kurtz Decl. Exh. J

8   (Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended

9   Complaint) at pp. 11-15.  Moreover, the Court's order on the most recent motion to

10  dismiss shows that the Court's evaluation of virtually every significant issue,

11  including CPM's right to bring this action at all, may be influenced by information

12  developed in discovery about the relationship between CPM and its participating

13  physicians and suppliers. *See* Kurtz Decl. Exh. A (August 30, 2010 Tentative Order)

14  at pp. 2-13.  As the Court concluded in the Tentative Order, "The physicians are

15  necessary parties to CPM's federal and state antitrust claims." *Id.* at p. 11.

16  Accounting records regarding these transactions may be admissible evidence

17  themselves, and such records indisputably may lead to the discovery of admissible

18  evidence.  CPM's blanket refusal to produce any of the requested documents is

19  improper and unfair.  Furthermore, CPM fails to adequately describe and identify

20  responsive documents that are subject to the asserted blanket claims of privilege and

21  confidentiality.

22         Defendants request that the Court issue an order compelling a full and complete

23  response and production of documents, without objection, and assess sanctions against

24  CPM pursuant to F.R.C.P. 37(5).

25         4.     Plaintiff's Contentions:

26         The central issues in this case are what motivated defendant to stop paying

27  CPM's claims and its conduct in implementing its illegal boycott.  The discovery

28  sought by this Document Request has nothing to do with those issues and will not aid

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 69 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:33-19   Filed 09/30/10   Page 54 of 66   Page ID
#:1808

1  either the Court or the parties in resolving those issues.  Rather, this Document

2  Request is a continuation of defendant's fishing expedition seeking to dig up dirt on

3  CPM and its owners.  The Court should not allow defendant to misuse the discovery

4  process to engage in such a fishing expedition seeking irrelevant information.

5  Defendant's naked and unsupported assertion that the relationship between its drug

6  suppliers and the contracting physicians somehow bears on an evaluation of CPM's

7  claims does not change the fact that at present, neither the physicians nor the drug

8  suppliers are parties to this litigation.   Information concerning the relationship

9  between CPM's drug suppliers and the physicians, *neither* of whom are parties to this

10  litigation, is not relevant, and defendant has failed to adduce any facts demonstrating

11  its relevance.  Further, given the irrelevance of discovery pertaining to the drug

12  suppliers, the time and expense that CPM would be required to incur to respond to this

13  Document Request constitutes an undue burden.

14  **4.     INTERROGATORIES IN ISSUE (SET TWO):**

15  **Interrogatory No. 11 from Defendants to Plaintiff:**

16  1.     Interrogatory No. 11:  IDENTIFY every INFORMANT.

17  2.     Plaintiff's Response to Interrogatory No. 11:  In addition to its General

18  Statement and General Objections, which expressly are incorporated herein, CPM

19  objects to this Interrogatory on the ground that it seeks information and/or documents

20  protected by the attorney work-product doctrine. CPM additionally objects to this

21  Interrogatory in that it seeks information the disclosure of which would be premature

22  in this litigation and contrary to the public policy underlying the preservation of the

23  confidentiality of the informant, including, but not limited to the following:

24  1.     The disclosure of the informant's identity would have a chilling

25  effect on the informant providing additional, possibly critical information pertaining

26  to BH's unfair, fraudulent and illegal conduct;

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

51

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 70 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-20   Filed 09/30/10   Page 55 of 66   Page ID
#:1809

2.    The disclosure of the informant's identity would have a chilling effect on future disclosures of such unfair, fraudulent and illegal conduct by other possible informant(s);

3.    The disclosure of the informant's identity would subject the informant to the undue and unwarranted burden of harassment, retaliation (up to and possibly including termination of the informant's employment), and blackballing; and,

4.    The disclosure of the informant's identity would violate the general public policy promoting whistleblowing activities to prevent unfair, fraudulent and/or illegal conduct.

3.    <u>Defendants' Contentions:</u> The subject interrogatories define INFORMANT as "the PERSON(S) referred to in paragraph 39 of the COMPLAINT, which states that '[a]n informant has been the source of much information that is contained in this complaint.'" CPM therefore concedes that information allegedly provided by the informant(s) is relevant and material and that the informant is, or informants are, material witnesses whose testimony is at the core of CPM's case. Defendants are entitled to test the accuracy of such information and testimony and to fully and fairly defend themselves against the allegations based thereupon. Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence. The instant request is not only reasonably calculated to lead to the discovery of admissible evidence, but seeks identification of a witness who is, or witnesses who are, conceded by CPM to be the source of "much" of the information upon which CPM's allegations are based. CPM's objections are without merit.

CPM's counsel stated in correspondence dated September 16, 2010, "[w]e propose, subject to our discussion with the informant, that we disclose the informant's identity to counsel for Zenith and BH on an 'attorney's eyes only' basis." *See* Kurtz Decl. Exh. J at p. 1. This proposal is illusory because it is "subject to [counsel's] discussion with the informant." Moreover, there is no basis for an "attorney's eyes only" disclosure. CPM leaps to a draconian remedy on the basis of the sort of surmise

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 71 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-21   Filed 09/30/10   Page 56 of 66   Page ID
#:1810

1  and speculation that could hamstring discovery and unreasonably burden the opposing

2  party's case in virtually any contested judicial proceeding. Defendants didn't write

3  the complaint: CPM did. CPM—not Defendants—elected to include the allegation, as

4  a standalone paragraph in the complaint, that "[a]n informant has been the source of

5  much information that is contained in this complaint." 5AC ¶ 39. CPM cannot reveal

6  the existence of the alleged informant(s) only so far as it suits CPM's interests.

7          Defendants request that the Court issue an order compelling a full and complete

8  response, without objection.

9          4.      Plaintiff's Contentions:

10         CPM has spoken to the informant, and s/he does not want her/his identity to be

11  disclosed, due to an objective fear of reprisal from defendant and/or others in the

12  insurance industry. The informant fears that disclosure of her/his identity may lead to

13  blackballing and retaliation. The disclosure of the informant's identity may also

14  prevent other individuals from coming forward with additional or corroborating

15  information. Further, the public policy in favor of protecting informants and

16  whistleblowers precludes CPM from disclosing the informant's identity at this time.

17  While the informant has indicated that s/he does not want her/his identity disclosed,

18  CPM already has proposed an "attorney-eyes only" disclosure, which may provide a

19  balance between defendant's pursuit of additional discovery and the informant's

20  desire to avoid reprisal from the insurance industry for her/his role in this lawsuit.

21  **Interrogatory No. 12 from Defendants to Plaintiff:**

22         1.      Interrogatory No. 12:  IDENTIFY every COMMUNICATION between

23  YOU and any INFORMANT.

24         2.      Response To Interrogatory No. 2:  In addition to its General Statement

25  and General Objections, which expressly are incorporated herein, CPM objects to this

26  Interrogatory on the ground that it seeks information and/or documents protected by

27  the attorney work-product doctrine. CPM additionally objects to this Interrogatory in

28  that it seeks information the disclosure of which would be premature in this litigation

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

53

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 72 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:33-12   Filed 09/30/10   Page 57 of 66   Page ID
#:1811

1    and contrary to the public policy underlying the preservation of the confidentiality of

2    the informant, including, but not limited to the following:

3            1.    The disclosure of the informant's identity would have a chilling

4    effect on the informant providing additional, possibly critical information pertaining

5    to BH's unfair, fraudulent and illegal conduct;

6            2.    The disclosure of the informant's identity would have a chilling

7    effect on future disclosures of such unfair, fraudulent and illegal conduct by other

8    possible informant(s);

9            3.    The disclosure of the informant's identity would subject the

10    informant to the undue and unwarranted burden of harassment, retaliation (up to and

11    possibly including termination of the informant's employment), and blackballing; and,

12            4.    The disclosure of the informant's identity would violate the general

13    public policy promoting whistleblowing activities to prevent unfair, fraudulent and/or

14    illegal conduct.

15            3.    <u>Defendants' Contentions</u>: The subject interrogatories define

16    INFORMANT as "the PERSON(S) referred to in paragraph 39 of the COMPLAINT,

17    which states that '[a]n informant has been the source of much information that is

18    contained in this complaint.'" CPM therefore concedes that information allegedly

19    provided by the informant(s) is relevant and material and that the informant is, or

20    informants are, material witnesses whose testimony is at the core of CPM's case.

21    Defendants are entitled to test the accuracy of such information and testimony and to

22    fully and fairly defend themselves against the allegations based thereupon. Discovery

23    requests must be reasonably calculated to lead to the discovery of admissible

24    evidence. The instant request is not only reasonably calculated to lead to the

25    discovery of admissible evidence, but seeks identification of a witness who is, or

26    witnesses who are, conceded by CPM to be the source of "much" of the information

27    upon which CPM's allegations are based. CPM's objections are without merit.

28

**Locke Lord Bissell & Liddell LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 73 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:23-33   Filed 09/30/10   Page 58 of 66   Page ID
#:1812

1    CPM's counsel stated in correspondence dated September 16, 2010, "[w]e

2    propose, subject to our discussion with the informant, that we disclose the informant's

3    identity to counsel for Zenith and BH on an 'attorney's eyes only' basis." This

4    proposal is illusory because it is "subject to [counsel's] discussion with the

5    informant." Moreover, there is no basis for an "attorney's eyes only" disclosure.

6    CPM leaps to a draconian remedy on the basis of the sort of surmise and speculation

7    that could hamstring discovery and unreasonably burden the opposing party's case in

8    virtually any contested judicial proceeding. Defendants didn't write the complaint:

9    CPM did. CPM—not Defendants—elected to include the allegation, as a standalone

10   paragraph in the complaint, that "[a]n informant has been the source of much

11   information that is contained in this complaint." 5AC ¶ 39. CPM cannot reveal the

12   existence of the alleged informant(s) only so far as it suits CPM's interests.

13       Defendants request that the Court issue an order compelling a full and complete

14   response, without objection.

15       4.    Plaintiff's Contentions:

16       CPM already has indicated to defendant, during the meet-and-confer process,

17   that other than notes of conversations with the informant that were prepared by CPM's

18   attorneys after the inception of this litigation, no documents responsive to this request

19   are in the possession, custody or control of CPM. The notes of conversations

20   prepared by CPM's attorneys are protected by the attorney-client privilege and/or the

21   attorney work product doctrine and are not subject to discovery.

22   **5.    CONCLUSION**

23       **A.    DEFENDANTS' POSITION**

24       For the foregoing reasons, Defendants respectfully request this Court issue an

25   order (1) compelling Plaintiff to provide full and complete responses, without

26   objection, to each of the subject interrogatories; (2) compelling Plaintiff to provide

27   full and complete responses and production of documents in response to each of the

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*
LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 74 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:1814   Filed 09/30/10   Page 59 of 66   Page ID
#:1813

1    subject requests for production; (3) assessing sanctions against Plaintiff pursuant to

2    F.R.C.P. 37(5).

3    **B.    PLAINTIFF'S POSITION**

4        The central issue in this litigation is the extent of defendant's unlawful scheme

5    to deny CPM's claims on a blanket basis.  The discovery sought by the instant motion

6    does not assist the Court or the parties in analyzing or resolving that central issue.

7    Much of the discovery concerns CPM's relationships with its contracting physicians

8    and drug suppliers, neither of whom are parties to this litigation at this juncture.  As

9    such, the discovery sought by the instant motion is irrelevant, and is only the latest

10   example of defendant's efforts to dig up dirt to discredit CPM and its owners.

11   Defendant has failed to adduce any facts supporting its assertions that the requested

12   discovery is relevant.  Because the discovery sought is not presently relevant to this

13   litigation, the burden and expense that CPM would be required to incur to respond to

14   it is undue.  Finally, even if the Court finds that CPM must provide additional

15   information or documents pursuant to the instant motion, the positions CPM has taken

16   in discovery are reasonable and were taken in good faith.  Pursuant to Fed. R. Civ. P

17   37(5)(A)(ii) and 37(5)(A)(iii), sanctions are not appropriate here.

18

19   Dated:  September 30, 2010        LOCKE LORD BISSELL & LIDDELL LLP

20

21                             By:  /s/ Ronald D. Kurtz

22                             Peter Roan

23                             Ronald D. Kurtz

                          Attorneys for Defendants, Redwood Fire and

24                             Casualty Insurance Company; Cypress

25                             Insurance Company; Oak River Insurance

                          Company; American All Risk Insurance

26                             Services, Inc.; American Commercial

                          Claims Administrators, Inc.; and National

27                             Liability And Fire Insurance Company

28

*Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071*

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 75 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 123-25   Filed 09/30/10   Page 60 of 66   Page ID
#:1814

1

Dated:  September 29, 2010                    ARENT FOX LLP

2

3

4                                              By:   /s/ Matthew J. Kitson
                                                     Terree A. Bowers
5                                                    Matthew J. Kitson
                                               Attorneys for Plaintiff, California Pharmacy
6                                              Management LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

57
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

LA/335601.1

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 76 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:36   Filed 09/30/10   Page 61 of 66   Page ID
#:1815

1

## CERTIFICATE OF SERVICE

2

3          I, Ronald D. Kurtz, an attorney, do hereby certify that on September 30, 2010, I

4   caused the foregoing to be served through the Court's Case Management/Electronic

5   Case Files (CM/ECF) system upon all persons and entities registered and authorized

6   to receive such service.

7

8   Dated: September 30, 2010                    By:    /s/ Ronald D. Kurtz

9                                                       Ronald D. Kurtz

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 77 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:23-17   Filed 09/30/10   Page 62 of 66   Page ID
#:1816
Case 8:09-cv-00141-DOC-AN   Document 69   Filed 11/09/2009   Page 1 of 1

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV09-00242-DOC(FMOx)<br>SACV09-00141-DOC(ANx) | Date | November 9, 2009 |

Title   CALIFORNIA PHARMACY MANAGEMENT LLC v. ZENITH INSURANCE COMPANY, ET. AL.

---

Present: The Honorable   David O. Carter, U.S. District Judge

| Lori Anderson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Terree A. Bowers | Dean Hansell<br>Lary Alan Rappapport |

Proceedings:   SCHEDULING CONFERENCE

The matter is called. Counsel state their appearances. The Court conducts the Scheduling Conference. The Court sets the following case management dates:

| | | |
|---|---|---|
| Discovery Cut-Off | - | 08-06-2010 |
| Motion Cut-Off | - | 11-05-2010 |
| Final Pretrial Conference | - | 01-10-2011 at 8:30 a.m. |
| Jury Trial | - | 01-24-2011 at 8:30 a.m. |
| Trial Estimate | - | 5-8 days |

The parties shall appear before a private mediator for settlement proceedings.

Court ORDERS Case SACV09-00242-DOC(FMOx) and SACV09-00141-DOC(ANx) consolidated for all purposes. All documents shall be now be filed under case number SACV09-00242-DOC(ANx) designated as the LEAD case.

Pretrial Scheduling Order signed and filed this date.

Any unserved Does/Roes are dismissed at this time.

| | : | 06 |
|---|---|---|
| Initials of Preparer | lma | |

---

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 78 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document 133-38   Filed 09/30/10   Page 63 of 66   Page ID
#:1817
Case 8:09-cv-00242-DOC-AN   Document 71   Filed 04/12/10   Page 1 of 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CALIFORNIA PHARMACY
MANAGEMENT, LLC, a California
limited liability company,

                    Plaintiff,

    v.

ZENITH INSURANCE COMPANY, a
California corporation; and ZNAT
INSURANCE COMPANY, a California
corporation,

                  Defendants.

Case No.  SA CV 09-0242 DOC(ANx)
(Consolidated with
Case No. SAC 09-141 DOC (ANx))

[PROPOSED] ORDER GRANTING
PLAINTIFF LEAVE TO FILE
PROPOSED THIRD AMENDED
COMPLAINT AND CONTINUING
THE DISCOVERY CUT-OFF AND
MOTION CUT-OFF DATES BY 90
AND 30 DAYS RESPECTIVELY

The Hon. David O. Carter

TRIAL DATE:  January 24, 2011

[PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE PROPOSED THIRD AMENDED
COMPLAINT AND CONTINUING THE DISCOVERY CUT-OFF AND MOTION CUT-OFF DATES

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 79 of 81   Page ID
Case 8:09-cv-00242-DOC-AN   Document #:1829   Filed 09/30/10   Page 64 of 66   Page ID
#:1818
Case 8:09-cv-00242-DOC-AN   Document 71   Filed 04/12/10   Page 2 of 2

1       Upon consideration of the Stipulation Allowing Plaintiff Leave to File

2   Proposed Third Amended Complaint and Continuing the Discovery Cut-Off and

3   Motion Cut-Off Dates by 90 and 30 Days Respectively (the "Stipulation") between

4   plaintiff California Pharmacy Management, LLC ("CPM"), and good cause

5   appearing therefore,

6       IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

7       1.    The November 9, 2009 Scheduling Conference Order is hereby

8   modified to continue the August 6, 2010 discovery cut-off by 90 days to and

9   including November 4, 2010;

10      2.    The November 9, 2009 Scheduling Conference Order is hereby

11  modified to continue the November 5, 2010 motion cut-off by 30 days to and

12  including December 3, 2010;

13  3.    CPM is hereby given leave to file the proposed Third Amended Complaint

14  attached to the Stipulation as Exhibit 1; and

15      4.    Zenith shall have 30 days following the filing and service of the

16  proposed Third Amended Complaint to answer or otherwise respond to the pleading.

17

18  DATED: April 12, 2010

19

20

21                              David O. Carter
                                United States District Judge
22

23

24

25

26

27

28

- 1 -

5477/79841-032
Current/18510076v1

[PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE PROPOSED THIRD AMENDED
COMPLAINT AND CONTINUING THE DISCOVERY CUT-OFF AND MOTION CUT-OFF DATES

Case 8:09-cv-00242-DOC-AN   Document 139   Filed 10/29/10   Page 80 of 81   Page ID
#:1819
Case 8:09-cv-00242-DOC-AN   Document 133-30   Filed 09/30/10   Page 65 of 66   Page ID
#:1819
Case 8:09-cv-00242-DOC-AN   Document 79   Filed 04/26/10   Page 1 of 2

1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

12

13

14   CALIFORNIA PHARMACY
      MANAGEMENT, LLC, a California
15   limited liability company,

16                    Plaintiff,

                v.
17
      ZENITH INSURANCE COMPANY, *etc.*,
18   *et al.*,

19                    Defendants.

20   ──────────────────────────

21   CALIFORNIA PHARMACY
      MANAGEMENT, LLC, a California
22   limited liability company,

23                    v.

24   REDWOOD FIRE AND CASUALTY
      INSURANCE COMPANY, *etc., et al.*,
25
26                    Defendants.

27

28

Case No.  SA CV 09-0242 DOC (ANx)

(Consolidated with former Case No.
SACV 09-0141 DOC (ANx)

**ORDER GRANTING PLAINTIFF
LEAVE TO FILE PROPOSED
FOURTH AMENDED COMPLAINT
AGAINST THE BERKSHIRE
HATHAWAY DEFENDANTS AND
TAKING OFF CALENDAR
PLAINTIFF'S MOTION TO
MODIFY SCHEDULING ORDER
AND FOR LEAVE TO AMEND**

TRIAL DATE:  January 24, 2011

- 1 -

ORDER GRANTING PLAINTIFF LEAVE TO FILE PROPOSED THIRD AMENDED COMPLAINT AND
CONTINUING THE DISCOVERY CUT-OFF AND MOTION CUT-OFF DATES

Case 8:09-cv-00242-DOC-AN  Document 139  Filed 10/29/10  Page 81 of 81  Page ID
Case 8:09-cv-00242-DOC-AN  Document #:33-31  Filed 09/30/10  Page 66 of 66  Page ID
#:1820
Case 8:09-cv-00242-DOC-AN  Document 79  Filed 04/26/10  Page 2 of 2

1       Upon consideration of the Stipulation To Grant Plaintiff Leave To File

2   Proposed Fourth Amended Complaint Against The Berkshire Hathaway Defendants,

3   And To Take Off Calendar Plaintiff's Motion To Modify Scheduling Order And For

4   Leave To File Amended Complaint, entered into between plaintiff California

5   Pharmacy Management, LLC ("CPM"), on the one hand, and defendants Redwood

6   Fire And Casualty Insurance Company, Cypress Insurance Company, Oak River

7   Insurance Company, American All Risk Insurance Services, Inc., American

8   Commercial Claims Administrators, Inc., Applied Risk Services, Inc., Applied

9   Underwriters, Inc., California Insurance Company, and National Liability and Fire

10  Insurance Company (the "Berkshire Hathaway Defendants"), on the other hand, and

11  good cause appearing therefore,

12      IT IS HEREBY ORDERED THAT:

13      1.    CPM's Proposed Fourth Amended Complaint Against the Berkshire

14  Hathaway Defendants (Docket No. 73) is deemed filed as of the date of this Order.;

15      2.    The Berkshire Hathaway Defendants shall have 30 days to answer or

16  otherwise respond to said pleading;

17      3.    CPM's Motion to Modify the Scheduling Order and For Leave to File

18  an Amended Complaint (Docket No. 66) noticed for hearing on May 3, 2010 is

19  taken off calendar;

20      4.    The Scheduling Order of November 9, 2009, as modified April 12,

21  2010, in the CPM v. Zenith lead case shall also govern CPM and the Berkshire

22  Hathaway Defendants in this consolidated action

23

24  Dated:  April 26, 2010

25

26

27  DAVID O. CARTER
    United States District Judge

28

- 2 -
ORDER GRANTING PLAINTIFF LEAVE TO FILE PROPOSED THIRD AMENDED COMPLAINT AND
CONTINUING THE DISCOVERY CUT-OFF AND MOTION CUT-OFF DATES