LOCKE LORD BISSELL & LIDDELL LLP
Peter Roan (137379)
proan@lockelord.com
Ronald D. Kurtz (195918)
rkurtz@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel:   213-485-1500
Fax:   213-485-1200

Attorneys for Defendants
Redwood Fire and Casualty Insurance Company,
Cypress Insurance Company, Oak River Insurance Company,
American All Risk Insurance Services, Inc., American
Commercial Claims Administrators, Inc.,
National Liability and Fire Insurance Company, and
Berkshire Hathaway Homestate Companies

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| CALIFORNIA PHARMACY MANAGEMENT, LLC., a California limited liability company, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> ZENITH INSURANCE COMPANY, a California corporation; and ZNAT INSURANCE COMPANY, a California corporation, ) <br><br> Defendants ) | Case No. SACV09-00242-DOC (ANx) <br> Consolidated w/ SACV 09-0141 DOC (ANx) <br><br> Honorable David O. Carter <br><br> **[DISCOVERY MOTION: ASSIGNED TO MAGISTRATE JUDGE ARTHUR NAKAZATO]** <br><br> **JOINT STIPULATION RE: DEFENDANTS' MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S 10/19/10 DISCOVERY ORDER** <br><br> [Filed concurrently with Notice of Motion and Motion; Declaration of Ronald D. Kurtz] |
| AND CONSOLIDATED ACTION. ) | Date: December 2, 2010 <br> Time: 10:00 a.m. <br> Place: Courtroom 6B |

1

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR SANCTIONS
California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

| | |
|---|---|
| AND CONSOLIDATED ACTION. | ) Discovery Cutoff:     November 4, 2010<br>) Pretrial Conference: January 10, 2011<br>) Trial:                        January 24, 2011 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR SANCTIONS
California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)

# **TABLE OF CONTENTS**

**Page**

1.    INTRODUCTORY STATEMENTS ……………………………….....1

    A.    DEFENDANTS' INTRODUCTION ………………………………1

    B.    PLAINTIFF'S INTRODUCTION ……………………………….4

2.    INTERROGATORIES IN ISSUE (SET ONE) ……………………..4

3.    REQUESTS FOR PRODUCTION IN ISSUE (SET ONE) …..…………...13

4.    INTERROGATORIES IN ISSUE (SET TWO) ………………………24

5.    CONCLUSION ……………………………………………………26

    A.    DEFENDANTS' POSITION ……………………………………26

    B.    PLAINTIFF'S POSITION ………………………………………26

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

i

## JOINT STIPULATION OF THE ISSUES IN DISPUTE

**1.    INTRODUCTORY STATEMENTS**

    **A.    DEFENDANTS' INTRODUCTION:**

California Pharmacy Management, LLC ("CPM") brings this federal court action but steadfastly refuses to comply with even its most basic discovery obligations.  This Court granted Defendants' motion to compel on October 19, 2010 (copy of Order attached as Exhibit A to concurrently filed Declaration of Ronald D. Kurtz ("Kurtz Decl.")("Order").  The Court ordered that "[w]ithin 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.

CPM has failed to comply with the Order.  CPM served no written answers to any of the disputed interrogatories.  CPM served no written responses to the requests for production.  CPM's only response was to forward on October 28, 2010, 19 "Financial Asset Agreements" and 10 physician contracts (out of the 164 physicians alleged in the Fifth Amended Complaint to have contracted with CPM).  The e-mails transmitting these contracts stated that they were "exemplars."  On October 29, 2010, CPM served and filed a meritless motion for review of the Order under Fed. R. Civ. P. 72(a).  (*See* Motion and Supporting Declarations attached as Exhibit B to Kurtz Decl.)("Motion for Review").

CPM's Motion for Review is meritless for a variety of reasons.  First, the standard for review of a magistrate judge's order is "clearly erroneous or contrary to law." FRCP 72(a); Local Rule 72-2.1; 28 USC sec. 636(b)(1)(A). CPM merely rehashes the same arguments it presented in response to Defendants' motion to compel, except this time it includes a hearsay declaration of counsel ("I am informed that...") purporting to show the burden of compliance with some of the requests.  But the Court provides a form joint stipulation, with instructions, on its page of the district

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR SANCTIONS
California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)

1  court website, which specifically states that "[i]f undue burden or the like is

2  contended, a declaration must be attached quantifying the expected burden." *See*

3  Form Joint Stipulation, attached as Exhibit C to Kurtz Decl.  CPM did not submit a

4  declaration in its opposition to the motion to compel. CPM also did not avail itself of

5  the opportunity, if it believed the joint stipulation was incomplete or Defendants'

6  arguments were wrong, to file the 5-page supplemental memorandum permitted under

7  Local Rule 37-2.3.

8        CPM's Motion for Review is simply a technique to further delay compliance

9  with its most rudimentary discovery obligations.  But the Order remains in full effect

10  despite CPM's filing of the Motion for Review: "Regardless of whether a motion for

11  review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling

12  is stayed or modified by the Magistrate Judge or the District Judge." Local Rule 72-

13  2.2.  CPM's refusal to participate in discovery—to the point of defying a court

14  order—represents an abject refusal to provide evidence relevant to its own allegations,

15  and CPM's conduct has severely prejudiced Defendants.  Severe sanctions are

16  warranted.

17        CPM's conduct is especially egregious because CPM bolsters its Fifth

18  Amended Complaint with the statement that "[a]n informant has been the source of

19  much information that is contained in this complaint." *See* Fifth Amended Complaint

20  ("5AC"), attached as Exhibit D to Kurtz Decl., at ¶ 39.  But CPM still refuses even to

21  identify the informant.  When told by CPM's counsel at the August 30, 2010 hearing

22  of defendants' motions to dismiss that the identity of the informant had not yet been

23  disclosed, the Court asked "Why not?  In other words, how do you get an accurate

24  record of the credibility, who this person is, whether it can be argued that he or she

25  was fired, or that there was some kind of bias?  How do I make those calls on a very

26  close case without that disclosure?" *See* Reporter's Transcript of Proceedings,

27  Monday, August 30, 2010 (Kurtz Decl. Exh. E), at p. 16, lines 21-25.  The Court

28  inquired further:

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

2

1   THE COURT: When? Is it going to be in time for me to

2   thoughtfully consider these issues?

3         . . . .

4   THE COURT: Or are we going to -- I don't mean play the

5   game, but we're just going to hold back and see what the judge

6   does? Because by that time it's too late.

7         . . . .

8   MR. BOWERS: We can do it by -- depending on his time

9   schedule, before the end of September.

10   Id. at 17:11-23 (emphasis added).

11       CPM did not make the promised disclosure by the end of September.  CPM did

12   not make the disclosure even after the Court ordered it to do so.  CPM simply refuses

13   to comply.  There is no burden associated with disclosing the information it has

14   promised to provide and has been ordered to provide.  The result of CPM's

15   intransigence has been to ensure that Defendants cannot depose or take other proper

16   discovery concerning the informant and his or her allegations.  Defendants' defiant

17   intransigence—effectively "running out the clock" given the discovery cut-off of

18   November 4, 2010—has left Defendants without a remedy for any non-compliance or

19   other issues that may arise even if the informant's identity is belatedly disclosed.

20   Because CPM admits that "[a]n informant has been the source of much information

21   that is contained in this complaint" (5AC (Kurtz Decl. Exh. D) at ¶ 39), CPM's

22   complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii).

23       Even though CPM admits it is paid via a "management fee" from its physicians,

24   it has similarly refused even to identify the physicians or to produce accounting

25   records related to its financial relationship with the physicians, likewise in defiance of

26   the Order.  For these and the other egregious discovery violations set forth in this Joint

27   Stipulation, CPM's complaint should be stricken without leave to amend under FRCP

28   37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA, 90071-3119*

3

1   37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

2   claims under FRCP 37(b)(2)(A)(ii).

3   **B.   PLAINTIFF'S INTRODUCTION**

4       This motion is premature.  Discovery in this matter is an ongoing and fluid

5   process.  In fact, in spite of the appeal presently pending before the District Court,

6   CPM is providing information and documents and many of Defendants' complaints as

7   set forth herein are being addressed and resolved on a daily basis.  Because of the

8   continuous discovery being provided by CPM and because of the pendency of CPM's

9   appeal, the Magistrate Judge should take this matter under submission until such time

10  as the District Court rules on CPM's appeal.  In the alternative, if the Magistrate Judge

11  wishes to address the issues contained in this joint stipulation, CPM respectfully

12  requests a hearing so that CPM can provide an update as to the documents and

13  information CPM has provided.

14      Both the Federal Rules of Civil Procedure and the Local Rules of the Central

15  District of California provide a process whereby parties may appeal rulings of

16  Magistrate Judges.  CPM properly availed itself of that process by filing its appeal of

17  the Magistrate Judge's October 19 Order on October 29, 2010.  The proper forum for

18  Defendants to raise any arguments concerning the merits of CPM's appeal is in an

19  opposition to CPM's appeal – not a separate motion to the Magistrate Judge.  Further,

20  sanctions are not appropriate here, because CPM merely has availed itself of the

21  appellate process put in place by the Federal Rules of Civil Procedure, and the Local

22  Rules of this Court.  Defendants' motion is nothing more than an opposition to CPM's

23  appeal cloaked as a separate motion.  It is inappropriate and should be denied in its

24  entirety.

25  **2.   INTERROGATORIES IN ISSUE (SET ONE):**

26  **Interrogatory No. 1 from Defendants to Plaintiff:**

27      1.   Interrogatory No. 1:  "IDENTIFY all PARTICIPATING PHYSICIANS."

28      2.   Plaintiff's Response per Order to Interrogatory No. 1:

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

4

1    None.

2        3.    Defendants' Contentions:

3        The Court ordered that "Within 10 days of the date of this Order [that is, by

4    October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each

5    of the disputed interrogatories, and (2) produce all responsive documents and serve

6    written responses, without objection, in the manner required by Fed. R. Civ. P. 34."

7    Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to comply.  CPM's complaint should

8    be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be

9    dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited

10   from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

11       4.    Plaintiff's Contentions:

12       CPM has properly appealed the Magistrate Judge's October 19 Order on a

13   number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

14   At that time, the Court will define the scope of CPM's discovery obligations, if any,

15   pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

16   merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

17   improper and CPM may not be sanctioned for availing itself of the appellate

18   procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

19   this Court.

20   **Interrogatory No. 2 from Defendants to Plaintiff:**

21       1.    Interrogatory No. 2:  "IDENTIFY all SUPPLIERS."

22       2.    Plaintiff's Response per Order to Interrogatory No. 2:

23       None.

24       3.    Defendants' Contentions:  The Court ordered that "Within 10 days of the

25   date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

26   answers, without objection, to each of the disputed interrogatories, and (2) produce all

27   responsive documents and serve written responses, without objection, in the manner

28   required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

5

1   comply.  CPM's complaint should be stricken without leave to amend under FRCP

2   37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

3   37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

4   claims under FRCP 37(b)(2)(A)(ii).

5        4.      Plaintiff's Contentions:

6        CPM has properly appealed the Magistrate Judge's October 19 Order on a

7   number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

8   At that time, the Court will define the scope of CPM's discovery obligations, if any,

9   pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

10  merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

11  improper and CPM may not be sanctioned for availing itself of the appellate

12  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

13  this Court.

14  **Interrogatory No. 3 from Defendants to Plaintiff:**

15       1.      Interrogatory No. 3:  "IDENTIFY all PERSONS with knowledge of

16  YOUR practices in submitting bills and/or liens for reimbursement to workers'

17  compensation carriers, self-insured employers, and/or the California Workers'

18  Compensation Appeals Board."

19       2.      Plaintiff's Response per Order to Interrogatory No. 3:

20       None.

21       3.      Defendants' Contentions:  The Court ordered that "Within 10 days of the

22  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

23  answers, without objection, to each of the disputed interrogatories, and (2) produce all

24  responsive documents and serve written responses, without objection, in the manner

25  required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

26  comply.  CPM's complaint should be stricken without leave to amend under FRCP

27  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

6

1  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

2  claims under FRCP 37(b)(2)(A)(ii).

3      4.    <u>Plaintiff's Contentions</u>:

4      CPM has properly appealed the Magistrate Judge's October 19 Order on a

5  number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

6  At that time, the Court will define the scope of CPM's discovery obligations, if any,

7  pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

8  merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

9  improper and CPM may not be sanctioned for availing itself of the appellate

10  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

11  this Court.

12  **Interrogatory No. 4 from Defendants to Plaintiff:**

13      1.    <u>Interrogatory No. 4</u>: "IDENTIFY all PERSONS with knowledge of

14  YOUR practices in procuring or assisting in the procurement of medications

15  dispensed in any PHYSICIAN IN-OFFICE MEDICATION DISPENSING

16  PROGRAM."

17      2.    <u>Plaintiff's Response per Order to Interrogatory No. 4</u>:

18      None.

19      3.    <u>Defendants' Contentions</u>:  The Court ordered that "Within 10 days of the

20  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

21  answers, without objection, to each of the disputed interrogatories, and (2) produce all

22  responsive documents and serve written responses, without objection, in the manner

23  required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

24  comply.  CPM's complaint should be stricken without leave to amend under FRCP

25  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

26  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

27  claims under FRCP 37(b)(2)(A)(ii).

28  ///

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR SANCTIONS
California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

4.     Plaintiff's Contentions:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the merits of CPM's appeal, will properly be heard then.  The instant motion is entirely improper and CPM may not be sanctioned for availing itself of the appellate procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Interrogatory No. 5 from Defendants to Plaintiff:**

1.     Interrogatory No. 5: "IDENTIFY all PERSONS with knowledge of YOUR practices in creating or maintaining, or assisting in the creation or maintenance of, records of the procurement, payment for, storage, and distribution of medications dispensed in any  PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM."

2.     Plaintiff's Response per Order to Interrogatory No. 5:

None.

3.     Defendants' Contentions:  The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to comply.  CPM's complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

///

///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

8

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

4.     Plaintiff's Contentions:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order. Defendants' arguments, which wholly concern the merits of CPM's appeal, will properly be heard then. The instant motion is entirely improper and CPM may not be sanctioned for availing itself of the appellate procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Interrogatory No. 6 from Defendants to Plaintiff:**

1.     Interrogatory No. 6: "IDENTIFY all PERSONS with knowledge of any damages for which YOU seek compensation in this lawsuit."

2.     Plaintiff's Response per Order to Interrogatory No. 6:

None.

3.     Defendants' Contentions: The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to comply. CPM's complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

4.     Plaintiff's Contentions:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order. Defendants' arguments, which wholly concern the

9

1   merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

2   improper and CPM may not be sanctioned for availing itself of the appellate

3   procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

4   this Court.

5   **Interrogatory No. 7 from Defendants to Plaintiff:**

6          1.     Interrogatory No. 7:  "IDENTIFY every CONTRACT between YOU and

7   any PARTICIPATING PHYSICIAN."

8          2.     Plaintiff's Response per Order to Interrogatory No. 7:

9          None.

10         3.     Defendants' Contentions:  The Court ordered that "Within 10 days of the

11  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

12  answers, without objection, to each of the disputed interrogatories, and (2) produce all

13  responsive documents and serve written responses, without objection, in the manner

14  required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

15  comply.  CPM's complaint should be stricken without leave to amend under FRCP

16  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

17  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

18  claims under FRCP 37(b)(2)(A)(ii).

19         4.     Plaintiff's Contentions:

20         CPM has properly appealed the Magistrate Judge's October 19 Order on a

21  number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

22  At that time, the Court will define the scope of CPM's discovery obligations, if any,

23  pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

24  merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

25  improper and CPM may not be sanctioned for availing itself of the appellate

26  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

27  this Court.

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

10

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR SANCTIONS
California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)

**Interrogatory No. 8 from Defendants to Plaintiff:**

1. _Interrogatory No. 8:_ "IDENTIFY every CONTRACT between YOU and any SUPPLIER."

2. _Plaintiff's Response per Order to Interrogatory No. 8:_

None.

3. _Defendants' Contentions:_ The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to comply. CPM's complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

4. _Plaintiff's Contentions:_

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order. Defendants' arguments, which wholly concern the merits of CPM's appeal, will properly be heard then. The instant motion is entirely improper and CPM may not be sanctioned for availing itself of the appellate procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Interrogatory No. 9 from Defendants to Plaintiff:**

1. _Interrogatory No. 9:_ "IDENTIFY all DOCUMENTS that evidence, relate to, or comprise any assignment to YOU of any PARTICIPATING PHYSICIAN'S claim(s), cause(s) of action, or other legal rights or privileges."

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

11

1    2.    <u>Plaintiff's Response per Order to Interrogatory No. 9</u>:

2    None.

3    3.    <u>Defendants' Contentions</u>:  The Court ordered that "Within 10 days of the

4    date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

5    answers, without objection, to each of the disputed interrogatories, and (2) produce all

6    responsive documents and serve written responses, without objection, in the manner

7    required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

8    comply.  CPM's complaint should be stricken without leave to amend under FRCP

9    37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

10   37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

11   claims under FRCP 37(b)(2)(A)(ii).

12   4.    <u>Plaintiff's Contentions</u>:

13   CPM has properly appealed the Magistrate Judge's October 19 Order on a

14   number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

15   At that time, the Court will define the scope of CPM's discovery obligations, if any,

16   pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

17   merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

18   improper and CPM may not be sanctioned for availing itself of the appellate

19   procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

20   this Court.

21   **Interrogatory No. 10 from Defendants to Plaintiff:**

22   1.    <u>Interrogatory No. 10</u>:  "IDENTIFY all physical and/or electronic

23   locations, including storage facilities, electronic databases, hard drives, portable

24   thumb drives, servers, etc., in which any order form, invoice, ACCOUNTING

25   RECORD, and/or other business record relating to any PHYSICIAN IN-OFFICE

26   MEDICATION DISPENSING PROGRAM is currently stored or kept by YOU or on

27   YOUR behalf, or of which YOU otherwise have knowledge."

28   ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

12

1      2.    <u>Plaintiff's Response per Order to Interrogatory No. 10</u>:

2    None.

3      3.    <u>Defendants' Contentions</u>:  The Court ordered that "Within 10 days of the

4  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

5  answers, without objection, to each of the disputed interrogatories, and (2) produce all

6  responsive documents and serve written responses, without objection, in the manner

7  required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

8  comply.  CPM's complaint should be stricken without leave to amend under FRCP

9  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

10  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

11  claims under FRCP 37(b)(2)(A)(ii).

12      4.    <u>Plaintiff's Contentions</u>:

13    CPM has properly appealed the Magistrate Judge's October 19 Order on a

14  number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

15  At that time, the Court will define the scope of CPM's discovery obligations, if any,

16  pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

17  merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

18  improper and CPM may not be sanctioned for availing itself of the appellate

19  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

20  this Court.

21  **3.**    **REQUESTS FOR PRODUCTION IN ISSUE (SET ONE):**

22  **Request For Production No. 1 from Defendants to Plaintiff:**

23      1.    <u>Request for Production No. 1</u>:  Produce all COMMUNICATIONS

24  between YOU and any PARTICIPATING PHYSICIAN relating to any PHYSICIAN

25  IN-OFFICE MEDICATION DISPENSING PROGRAM.

26      2.    <u>Plaintiff's Response per Order to Request For Production No. 1</u>:

27  None.

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

13

3.   <u>Defendants' Contentions</u>:  The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to comply.  CPM's complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

4.   <u>Plaintiff's Contentions</u>:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the merits of CPM's appeal, will properly be heard then.  The instant motion is entirely improper and CPM may not be sanctioned for availing itself of the appellate procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Request For Production No. 3 from Defendants to Plaintiff:**

1.   <u>Request for Production No. 3</u>:  Produce all COMMUNICATIONS between YOU and any SUPPLIER relating to any PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

2.   <u>Plaintiff's Response per Order to Request For Production No. 3</u>: None.

3.   <u>Defendants' Contentions</u>:  The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to

2  comply. CPM's complaint should be stricken without leave to amend under FRCP

3  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

4  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

5  claims under FRCP 37(b)(2)(A)(ii).

6      4.    Plaintiff's Contentions:

7      CPM has properly appealed the Magistrate Judge's October 19 Order on a

8  number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011.

9  At that time, the Court will define the scope of CPM's discovery obligations, if any,

10  pursuant to the October 19 Order. Defendants' arguments, which wholly concern the

11  merits of CPM's appeal, will properly be heard then. The instant motion is entirely

12  improper and CPM may not be sanctioned for availing itself of the appellate

13  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

14  this Court.

15  **Request For Production No. 4 from Defendants to Plaintiff:**

16      1.    Request for Production No. 4: Produce all COMMUNICATIONS

17  between any PARTICIPATING PHYSICIAN and any SUPPLIER relating to any

18  PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

19      2.    Plaintiff's Response per Order to Request For Production No. 4:

20      None.

21      3.    Defendants' Contentions: The Court ordered that "Within 10 days of the

22  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

23  answers, without objection, to each of the disputed interrogatories, and (2) produce all

24  responsive documents and serve written responses, without objection, in the manner

25  required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to

26  comply. CPM's complaint should be stricken without leave to amend under FRCP

27  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

2  claims under FRCP 37(b)(2)(A)(ii).

3      4.    <u>Plaintiff's Contentions:</u>

4      CPM has properly appealed the Magistrate Judge's October 19 Order on a

5  number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

6  At that time, the Court will define the scope of CPM's discovery obligations, if any,

7  pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

8  merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

9  improper and CPM may not be sanctioned for availing itself of the appellate

10  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

11  this Court.

12  **Request For Production No. 6 from Defendants to Plaintiff:**

13      1.    <u>Request for Production No. 6</u>:  Produce all CONTRACTS between YOU

14  and any PARTICIPATING PHYSICIAN.

15      2.    <u>Plaintiff's Response per Order to Request For Production No. 6</u>:

16      CPM on October 28, 2010, produced 10 "exemplar" physician contracts.

17      3.    <u>Defendants' Contentions</u>:  The Court ordered that "Within 10 days of the

18  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

19  answers, without objection, to each of the disputed interrogatories, and (2) produce all

20  responsive documents and serve written responses, without objection, in the manner

21  required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

22  comply.  The Order makes no provision for production of "exemplar" documents.

23  CPM's complaint should be stricken without leave to amend under FRCP

24  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

25  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

26  claims under FRCP 37(b)(2)(A)(ii).

27  ///

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

4.    <u>Plaintiff's Contentions</u>:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order. Defendants' arguments, which wholly concern the merits of CPM's appeal, will properly be heard then. The instant motion is entirely improper and CPM may not be sanctioned for availing itself of the appellate procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Request For Production No. 7 from Defendants to Plaintiff:**

1.    <u>Request for Production No. 7</u>: Produce all CONTRACTS between YOU and any SUPPLIER.

2.    <u>Plaintiff's Response per Order to Request For Production No. 7</u>:
None.

3.    <u>Defendants' Contentions</u>: The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to comply. CPM's complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

4.    <u>Plaintiff's Contentions</u>:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order. Defendants' arguments, which wholly concern the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

17

1   merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

2   improper and CPM may not be sanctioned for availing itself of the appellate

3   procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

4   this Court.

5   **Request For Production No. 8 from Defendants to Plaintiff:**

6         1.    <u>Request for Production No. 8</u>:  Produce all CONTRACTS between

7   any PARTICIPATING PHYSICIAN and any SUPPLIER.

8         2.    <u>Plaintiff's Response per Order to Request For Production No. 8</u>:

9         None.

10        3.    <u>Defendants' Contentions</u>:  The Court ordered that "Within 10 days of the

11  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

12  answers, without objection, to each of the disputed interrogatories, and (2) produce all

13  responsive documents and serve written responses, without objection, in the manner

14  required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

15  comply.  CPM's complaint should be stricken without leave to amend under FRCP

16  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

17  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

18  claims under FRCP 37(b)(2)(A)(ii).

19        4.    <u>Plaintiff's Contentions</u>:

20        CPM has properly appealed the Magistrate Judge's October 19 Order on a

21  number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

22  At that time, the Court will define the scope of CPM's discovery obligations, if any,

23  pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

24  merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

25  improper and CPM may not be sanctioned for availing itself of the appellate

26  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

27  this Court.

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR SANCTIONS
California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)

**Request For Production No. 9 from Defendants to Plaintiff:**

1.    Request for Production No. 9:  Produce all DOCUMENTS relating to the procurement, payment for, storage, and distribution of medications dispensed in any PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

2.    Plaintiff's Response per Order to Request For Production No. 9: None.

3.    Defendants' Contentions:  The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to comply. CPM's complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

4.    Plaintiff's Contentions:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the merits of CPM's appeal, will properly be heard then.  The instant motion is entirely improper and CPM may not be sanctioned for availing itself of the appellate procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Request For Production No. 10 from Defendants to Plaintiff:**

1.    Request for Production No. 10:  Produce all DOCUMENTS relating to any damages for which YOU seek compensation in this lawsuit.

2.    Plaintiff's Response per Order to Request For Production No. 10:

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

19

None.

3.     Defendants' Contentions:  The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to comply.  CPM's complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

4.     Plaintiff's Contentions:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.  At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the merits of CPM's appeal, will properly be heard then.  The instant motion is entirely improper and CPM may not be sanctioned for availing itself of the appellate procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Request For Production No. 11 from Defendants to Plaintiff:**

1.     Request for Production No. 11:  Produce all DOCUMENTS relating to any assignment to YOU of any PARTICIPATING PHYSICIAN'S claim(s), cause(s) of action, or other legal rights or privileges.

2.     Plaintiff's Response per Order to Request For Production No. 11:

CPM on Ocotber 28, 2010 produced 19 "exemplar" "Financial Asset Agreements" which CPM contends are responsive to this Request.

3.     Defendants' Contentions:  The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

20

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   answers, without objection, to each of the disputed interrogatories, and (2) produce all

2   responsive documents and serve written responses, without objection, in the manner

3   required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to

4   comply. The Order makes no provision for production of "exemplar" documents.

5   CPM's complaint should be stricken without leave to amend under FRCP

6   37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

7   37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

8   claims under FRCP 37(b)(2)(A)(ii).

9        4.   <u>Plaintiff's Contentions</u>:

10        CPM has properly appealed the Magistrate Judge's October 19 Order on a

11   number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011.

12   At that time, the Court will define the scope of CPM's discovery obligations, if any,

13   pursuant to the October 19 Order. Defendants' arguments, which wholly concern the

14   merits of CPM's appeal, will properly be heard then. The instant motion is entirely

15   improper and CPM may not be sanctioned for availing itself of the appellate

16   procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

17   this Court.

18   **Request For Production No. 12 from Defendants to Plaintiff:**

19        1.   <u>Request for Production No. 12</u>:  Produce each Internal Revenue

20   Service Form 1099 documenting or reflecting payment to any PARTICIPATING

21   PHYSICIAN in connection with any PHYSICIAN IN-OFFICE MEDICATION

22   DISPENSING PROGRAM.

23        2.   <u>Plaintiff's Response per Order to Request For Production No. 12</u>:

24        None.

25        3.   <u>Defendants' Contentions</u>:  The Court ordered that "Within 10 days of the

26   date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

27   answers, without objection, to each of the disputed interrogatories, and (2) produce all

28   responsive documents and serve written responses, without objection, in the manner

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

21

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to

2   comply. The Order makes no provision for production of "exemplar" documents.

3   CPM's complaint should be stricken without leave to amend under FRCP

4   37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

5   37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

6   claims under FRCP 37(b)(2)(A)(ii).

7        4.      Plaintiff's Contentions:

8        CPM has properly appealed the Magistrate Judge's October 19 Order on a

9   number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011.

10  At that time, the Court will define the scope of CPM's discovery obligations, if any,

11  pursuant to the October 19 Order. Defendants' arguments, which wholly concern the

12  merits of CPM's appeal, will properly be heard then. The instant motion is entirely

13  improper and CPM may not be sanctioned for availing itself of the appellate

14  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

15  this Court.

16  **Request For Production No. 13 from Defendants to Plaintiff:**

17       1.      Request for Production No. 13:  Produce all ACCOUNTING RECORDS

18  relating to any PHYSICIAN IN-OFFICE MEDICATION DISPENSING PROGRAM.

19       2.      Plaintiff's Response per Order to Request For Production No. 13:

20       None.

21       3.      Defendants' Contentions:  The Court ordered that "Within 10 days of the

22  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

23  answers, without objection, to each of the disputed interrogatories, and (2) produce all

24  responsive documents and serve written responses, without objection, in the manner

25  required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to

26  comply. The Order makes no provision for production of "exemplar" documents.

27  CPM's complaint should be stricken without leave to amend under FRCP

28  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

1  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

2  claims under FRCP 37(b)(2)(A)(ii).

3      4.    <u>Plaintiff's Contentions</u>:

4      CPM has properly appealed the Magistrate Judge's October 19 Order on a

5  number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

6  At that time, the Court will define the scope of CPM's discovery obligations, if any,

7  pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

8  merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

9  improper and CPM may not be sanctioned for availing itself of the appellate

10  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

11  this Court.

12  **Request For Production No. 14 from Defendants to Plaintiff:**

13      1.    <u>Request for Production No. 14</u>:  Produce all ACCOUNTING RECORDS

14  and DOCUMENTS relating to any use, distribution, or allocation of any money

15  between and among PLAINTIFF, any PARTICIPATING PHYSICIAN, and/or any

16  SUPPLIER in connection with any PHYSICIAN IN-OFFICE MEDICATION

17  DISPENSING PROGRAM.

18      2.    <u>Plaintiff's Response per Order to Request For Production No. 14</u>:

19  None.

20      3.    <u>Defendants' Contentions</u>:   The Court ordered that "Within 10 days of the

21  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

22  answers, without objection, to each of the disputed interrogatories, and (2) produce all

23  responsive documents and serve written responses, without objection, in the manner

24  required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

25  comply.  The Order makes no provision for production of "exemplar" documents.

26  CPM's complaint should be stricken without leave to amend under FRCP

27  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

23

1   37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

2   claims under FRCP 37(b)(2)(A)(ii).

3          4.      Plaintiff's Contentions:

4          CPM has properly appealed the Magistrate Judge's October 19 Order on a

5   number of grounds.  The Court has set CPM's appeal for hearing on January 3, 2011.

6   At that time, the Court will define the scope of CPM's discovery obligations, if any,

7   pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the

8   merits of CPM's appeal, will properly be heard then.  The instant motion is entirely

9   improper and CPM may not be sanctioned for availing itself of the appellate

10  procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of

11  this Court.

12  **4.     INTERROGATORIES IN ISSUE (SET TWO):**

13  **Interrogatory No. 11 from Defendants to Plaintiff:**

14         1.      Interrogatory No. 11:  IDENTIFY every INFORMANT.

15         2.      Plaintiff's Response per Order to Interrogatory No. 11:

16         None.

17         3.      Defendants' Contentions:  The Court ordered that "Within 10 days of the

18  date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written

19  answers, without objection, to each of the disputed interrogatories, and (2) produce all

20  responsive documents and serve written responses, without objection, in the manner

21  required by Fed. R. Civ. P. 34."  Order (Kurtz Decl. Exh. A) at p. 2.  CPM failed to

22  comply.  The Order makes no provision for production of "exemplar" documents.

23  CPM's complaint should be stricken without leave to amend under FRCP

24  37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP

25  37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its

26  claims under FRCP 37(b)(2)(A)(ii).

27  ///

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

24

4.    <u>Plaintiff's Contentions</u>:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any, pursuant to the October 19 Order. Defendants' arguments, which wholly concern the merits of CPM's appeal, will properly be heard then. The instant motion is entirely improper and CPM may not be sanctioned for availing itself of the appellate procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Interrogatory No. 12 from Defendants to Plaintiff:**

1.    <u>Interrogatory No. 12</u>: IDENTIFY every COMMUNICATION between YOU and any INFORMANT.

2.    <u>Response per Order To Interrogatory No. 2</u>:

None.

3.    <u>Defendants' Contentions</u>: The Court ordered that "Within 10 days of the date of this Order [that is, by October 29, 2010], Plaintiff shall: (1) serve written answers, without objection, to each of the disputed interrogatories, and (2) produce all responsive documents and serve written responses, without objection, in the manner required by Fed. R. Civ. P. 34." Order (Kurtz Decl. Exh. A) at p. 2. CPM failed to comply. The Order makes no provision for production of "exemplar" documents. CPM's complaint should be stricken without leave to amend under FRCP 37(b)(2)(A)(iii), its action should be dismissed with prejudice under FRCP 37(b)(2)(A)(v), and it should be prohibited from introducing evidence supporting its claims under FRCP 37(b)(2)(A)(ii).

4.    <u>Plaintiff's Contentions</u>:

CPM has properly appealed the Magistrate Judge's October 19 Order on a number of grounds. The Court has set CPM's appeal for hearing on January 3, 2011. At that time, the Court will define the scope of CPM's discovery obligations, if any,

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   pursuant to the October 19 Order.  Defendants' arguments, which wholly concern the
2   merits of CPM's appeal, will properly be heard then.  The instant motion is entirely
3   improper and CPM may not be sanctioned for availing itself of the appellate
4   procedure provided for by the Federal Rules of Civil Procedure and the Local Rules of
5   this Court.

6   **5.    CONCLUSION**

7       **A.    DEFENDANTS' POSITION**

8           For the foregoing reasons, Defendants respectfully request this Court issue an
9   order (1) stricking CPM's complaint without leave to amend under FRCP
10  37(b)(2)(A)(iii); (2) dismissing CPM's entire action with prejudice under FRCP
11  37(b)(2)(A)(v); (3) prohibiting CPM from introducing evidence supporting its claims
12  under FRCP 37(b)(2)(A)(ii); and (4) awarding Defendants' expenses under FRCP
13  37(b)(2)(C).

14      **B.    PLAINTIFF'S POSITION**

15          CPM has properly availed itself of the appellate process set forth in the Federal
16  Rules of Civil Procedure and the Local Rules of this Court.  The instant motion is
17  nothing more than an opposition to CPM's appeal masquerading as a discovery
18  motion.  Defendants' motion is improper, and pursuant to the appellate process set
19  forth by the Federal and Local Rules, the Court will determine the scope of CPM's
20  discovery obligations, if any, under the October 19 Order.  In spite of that appeal,
21  CPM is providing information and documents to Defendants on a continuing basis.
22  Should the Magistrate wish to address any of the issues raised in this joint stipulation,
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

JOINT STIPULATION RE: DEFENDANTS' MOTION FOR SANCTIONS
California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)

1  CPM respectfully requests a hearing so that CPM may update the Magistrate on the

2  documents and information that CPM has provided.

3

4  Dated:  November 9, 2010          LOCKE LORD BISSELL & LIDDELL LLP

5

6                                    By:  /s/ Ronald D. Kurtz

7                                         Peter Roan
                                          Ronald D. Kurtz
8                                    Attorneys for Defendants, Redwood Fire and
                                     Casualty Insurance Company; Cypress
9                                    Insurance Company; Oak River Insurance
                                     Company; American All Risk Insurance
10                                   Services, Inc.; American Commercial
                                     Claims Administrators, Inc.; and National
11                                   Liability And Fire Insurance Company

12

13  Dated:  November 9, 2010          ARENT FOX LLP

14

15                                   By:  /s/ Matthew J. Kitson

16                                        Terree A. Bowers
                                          Matthew J. Kitson
17                                   Attorneys for Plaintiff, California Pharmacy
                                     Management LLC
18

19

20

21

22

23

24

25

26

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

## CERTIFICATE OF SERVICE

I, Ronald D. Kurtz, an attorney, do hereby certify that on November 9, 2010, I caused the foregoing to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

Dated: November 9, 2010          By:     /s/ Ronald D. Kurtz
                                              Ronald D. Kurtz

LA/658999v1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | SACV09-00242-DOC(FMOx)<br>**SACV09-00141-DOC(ANx)** | Date   November 9, 2009 |

Title   CALIFORNIA PHARMACY MANAGEMENT LLC v. ZENITH INSURANCE COMPANY, ET. AL.

Present: The Honorable     David O. Carter, U.S. District Judge

| Lori Anderson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Terree A. Bowers | Dean Hansell<br>Lary Alan Rappaport |

Proceedings:     SCHEDULING CONFERENCE

The matter is called.  Counsel state their appearances.  The Court conducts the Scheduling Conference. The Court sets the following case management dates:

| | | |
|---|---|---|
| Discovery Cut-Off | - | 08-06-2010 |
| Motion Cut-Off | - | 11-05-2010 |
| Final Pretrial Conference | - | 01-10-2011 at 8:30 a.m. |
| Jury Trial | - | 01-24-2011 at 8:30 a.m. |
| Trial Estimate | - | 5-8 days |

The parties shall appear before a private mediator for settlement proceedings.

Court ORDERS Case SACV09-00242-DOC(FMOx) and SACV09-00141-DOC(ANx) consolidated for all purposes.  All documents shall be now be filed under case number SACV09-**00242-DOC(ANx)** designated as the LEAD case.

Pretrial Scheduling Order signed and filed this date.

Any unserved Does/Roes are dismissed at this time.

| | : | 06 |
|---|---|---|
| Initials of Preparer | lma | |



1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

CALIFORNIA PHARMACY
MANAGEMENT, LLC, a California
limited liability company,

Case No.  SA CV 09-0242 DOC(ANx)
(Consolidated with
Case No. SAC 09-141 DOC (ANx))

13

14

Plaintiff,

v.

[PROPOSED] ORDER GRANTING
PLAINTIFF LEAVE TO FILE
PROPOSED THIRD AMENDED
COMPLAINT AND CONTINUING
THE DISCOVERY CUT-OFF AND
MOTION CUT-OFF DATES BY 90
AND 30 DAYS RESPECTIVELY

15

16

ZENITH INSURANCE COMPANY, a
California corporation; and ZNAT
INSURANCE COMPANY, a California
corporation,

17

Defendants.

18

The Hon. David O. Carter

19

TRIAL DATE:  January 24, 2011

20

21

22

23

24

25

26

27

28

1     Upon consideration of the Stipulation Allowing Plaintiff Leave to File
2   Proposed Third Amended Complaint and Continuing the Discovery Cut-Off and
3   Motion Cut-Off Dates by 90 and 30 Days Respectively (the "Stipulation") between
4   plaintiff California Pharmacy Management, LLC ("CPM"), and good cause
5   appearing therefore,

6     IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

7     1.     The November 9, 2009 Scheduling Conference Order is hereby
8   modified to continue the August 6, 2010 discovery cut-off by 90 days to and
9   including November 4, 2010;

10     2.     The November 9, 2009 Scheduling Conference Order is hereby
11   modified to continue the November 5, 2010 motion cut-off by 30 days to and
12   including December 3, 2010;

13   3.     CPM is hereby given leave to file the proposed Third Amended Complaint
14   attached to the Stipulation as Exhibit 1; and

15     4.     Zenith shall have 30 days following the filing and service of the
16   proposed Third Amended Complaint to answer or otherwise respond to the pleading.

17

18   DATED:  April 12, 2010

19

20

21                              David O. Carter
22                              United States District Judge

23

24

25

26

27

28

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE PROPOSED THIRD AMENDED
COMPLAINT AND CONTINUING THE DISCOVERY CUT-OFF AND MOTION CUT-OFF DATES

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11
12
13

| | |
|---|---|
| CALIFORNIA PHARMACY MANAGEMENT, LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>   v.<br><br>ZENITH INSURANCE COMPANY, *etc.*, *et al.*,<br><br>     Defendants. | Case No.  SA CV 09-0242 DOC (ANx)<br><br>(Consolidated with former Case No. SACV 09-0141 DOC (ANx)<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE PROPOSED FOURTH AMENDED COMPLAINT AGAINST THE BERKSHIRE HATHAWAY DEFENDANTS AND TAKING OFF CALENDAR PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO AMEND**<br><br>TRIAL DATE:  January 24, 2011 |
| CALIFORNIA PHARMACY MANAGEMENT, LLC, a California limited liability company,<br><br>   v.<br><br>REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, *etc.*, *et al.*,<br><br>     Defendants. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING PLAINTIFF LEAVE TO FILE PROPOSED THIRD AMENDED COMPLAINT AND CONTINUING THE DISCOVERY CUT-OFF AND MOTION CUT-OFF DATES

Case 8:09-cv-00242-DOC-AN   Document 79   Filed 04/26/10   Page 2 of 2

1    Upon consideration of the Stipulation To Grant Plaintiff Leave To File
2 Proposed Fourth Amended Complaint Against The Berkshire Hathaway Defendants,
3 And To Take Off Calendar Plaintiff's Motion To Modify Scheduling Order And For
4 Leave To File Amended Complaint, entered into between plaintiff California
5 Pharmacy Management, LLC ("CPM"), on the one hand, and defendants Redwood
6 Fire And Casualty Insurance Company, Cypress Insurance Company, Oak River
7 Insurance Company, American All Risk Insurance Services, Inc., American
8 Commercial Claims Administrators, Inc., Applied Risk Services, Inc., Applied
9 Underwriters, Inc., California Insurance Company, and National Liability and Fire
10 Insurance Company (the "Berkshire Hathaway Defendants"), on the other hand, and
11 good cause appearing therefore,

12    IT IS HEREBY ORDERED THAT:

13    1.    CPM's Proposed Fourth Amended Complaint Against the Berkshire
14 Hathaway Defendants (Docket No. 73) is deemed filed as of the date of this Order.;

15    2.    The Berkshire Hathaway Defendants shall have 30 days to answer or
16 otherwise respond to said pleading;

17    3.    CPM's Motion to Modify the Scheduling Order and For Leave to File
18 an Amended Complaint (Docket No. 66) noticed for hearing on May 3, 2010 is
19 taken off calendar;

20    4.    The Scheduling Order of November 9, 2009, as modified April 12,
21 2010, in the CPM v. Zenith lead case shall also govern CPM and the Berkshire
22 Hathaway Defendants in this consolidated action

23

24 Dated: April 26, 2010

25

26

27    DAVID O. CARTER
28    United States District Judge

- 2 -

ORDER GRANTING PLAINTIFF LEAVE TO FILE PROPOSED THIRD AMENDED COMPLAINT AND
CONTINUING THE DISCOVERY CUT-OFF AND MOTION CUT-OFF DATES