LOCKE LORD BISSELL & LIDDELL LLP
Peter Roan (137379)
proan@lockelord.com
Ronald D. Kurtz (195918)
rkurtz@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel: 213-485-1500
Fax: 213-485-1200

Attorneys for Defendants
Redwood Fire and Casualty Insurance Company,
Cypress Insurance Company, Oak River Insurance Company,
American All Risk Insurance Services, Inc., American
Commercial Claims Administrators, Inc., California
Insurance Company, National Liability and Fire Insurance
Company and Berkshire Hathaway Homestate Companies

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| CALIFORNIA PHARMACY MANAGEMENT, LLC., a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> ZENITH INSURANCE COMPANY, a California corporation; and ZNAT INSURANCE COMPANY, a California corporation, <br><br> Defendants. <br><br> AND CONSOLIDATED ACTION. | Lead Case No. SACV09-00242-DOC (ANx) <br><br> Consolidated Case No. SACV 09-0141 DOC (ANx) <br><br> Honorable David O. Carter <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** <br><br> Date: December 6, 2010 <br> Time: 8:30 a.m. <br> Place: Courtroom 9-D <br> (Santa Ana) <br><br> [Filed concurrently with Defendants' Reply to Opposition to Motion for Summary Judgment and Declaration of Peter Roan] |

1

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
*California Pharmacy v Zenith Insurance Company, et al. - SACV09-00242-DOC (ANx)*

TO THE COURT, TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Defendants Redwood Fire and Casualty Insurance Company, Cypress Insurance Company, Oak River Insurance Company, American All Risk Insurance Services, Inc., American Commercial Claims Administrators, Inc., National Liability and Fire Insurance Company and Berkshire Hathaway Homestate Companies (collectively, the "Defendants") hereby submit their objections to the following evidence presented by opposing party Plaintiff California Pharmacy Management, LLC ("Plaintiff") in connection with the motion for summary judgment set for hearing on December 6, 2010 before this Court.

**Declaration of Michael R. Drobot**

1. Defendants object to paragraph 1 (p. 2, lines 4-7) of the Declaration of Michael R. Drobot dated November 15, 2010 (the "Drobot Declaration") on the ground that the statement fails to indicate how long the Declarant has acted in the capacity stated or whether he has acted in this capacity during the time frame of any relevant events. As such, the statement fails to establish a basis for personal knowledge and, as stated, is irrelevant to any of the issues raised in the Motion. FRE 401, 402, and 602.

2. Defendants object to paragraph 2 (p. 2, lines 8-12) of the Drobot Declaration on the ground that the statement is irrelevant to the issues raised in the Motion. FRE 401, 402. Defendants also object on the ground that the declaration fails to offer any basis for having personal knowledge of the facts asserted in this paragraph. FRE 602. Defendants further object on the ground that the assertions lack foundation and constitute improper opinions. FRE 701, 702, 703. Defendants also object on the ground that the statement improperly attempts to render a legal conclusion concerning California Business & Professions Code Section 4170(a). FRE 602, 701, 702, 703.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

3. Defendants object to paragraph 3 (p. 2, lines 13-24) of the Drobot Declaration on the ground that the Declarant fails to offer any foundational basis for testifying to the contents of the management agreements, including the statement that Exhibit 1 is "representative of the agreements entered into between CPM and physicians." FRE 1001, 1002, 1003, 1004. The Declarant admitted during his deposition that the management agreements are kept in three-ring binders in his Newport Beach office and can be copied or imaged. Deposition of Michael R. Drobot, submitted with Defendants' Application to File Under Seal filed on November 22, 2010 ("Drobot Sealed Depo"), at 75:23-78:6, 84:19-86:1. Mr. Drobot also testified that he estimated that it would require one person working one or two days to copy or image all of the contracts that form the basis of Plaintiff's claims. Drobot Sealed Depo, at 84:11-86:1. The Declarant has provided no basis on which to admit his testimonial statement regarding the terms of the agreements in lieu of providing the contracts themselves.

4. Defendants object to paragraph 4 (p. 2, lines 25-27 through p. 3, lines 3) of the Drobot Declaration on the ground that the Declarant fails to offer any foundational basis for testifying to the contents of the management agreements. FRE 1001, 1002, 1003, 1004. Mr. Drobot also testified that he estimated that it would require one person working one or two days to copy or image all of the contracts that form the basis of Plaintiff's claims. Drobot Sealed Depo, at 84:11-86:1. The Declarant has provided no basis on which to admit his testimonial statement regarding the terms of the agreements in lieu of providing the contracts themselves. The Declarant also fails to offer any foundational basis for testifying to the contents of the Notices of Representation, only one of which is attached to his declaration. Mr. Drobot testified that contracts such as financial asset agreements, financial lien purchase and financial services agreements are kept by Plaintiff's paralegal downstairs from Mr. Drobot's office. Drobot Sealed Depo, at 77:8-78:17. Again, the Declarant has provided no basis on which to admit his testimonial statement regarding the

contents of the Notices – including his bald assertion that the single Notice provided is "standard" – in lieu of providing the Notices themselves. *Id.*

5. Defendants object to paragraph 5 (p. 3, lines 4-14) of the Drobot Declaration on the ground that the Declarant fails to offer any foundational basis for testifying to the contents of the management agreements, including the terms of the financial arrangements between CPM and the various physicians. Mr. Drobot also testified that he estimated that it would require one person working one or two days to copy or image all of the contracts that form the basis of Plaintiff's claims. Drobot Sealed Depo, at 84:11-86:1. The Declarant has provided no basis on which to admit his testimonial statement regarding the terms of the agreements in lieu of providing the contracts themselves.

6. Defendants object to paragraph 6 (p. 3, lines 15-24) of the Drobot Declaration on the ground that the Declarant fails to offer any foundational basis for testifying to the contents of the Medical Lien Purchase and Financial Service Agreements, including his assertion that the Exhibit 4 attached to the Drobot Declaration is "representative." FRE 1001, 1002, 1003, 1004. The Declarant himself has admitted that these agreements are kept by a paralegal and can be copied or imaged. Drobot Sealed Depo, at 77:11-78:17, 84:19-86:1. Thus, the Declarant has provided no basis on which to admit his testimonial statement regarding the terms of the agreements in lieu of providing the contracts themselves.

7. Defendants object to paragraph 7 (p. 3, line 25 through p. 8, line 3) of the Drobot Declaration on the ground that the Declarant fails to offer any foundational basis for testifying to the contents of the Financial Asset Agreements, including his assertion that the Exhibit 5 attached to the Drobot Declaration is "representative." FRE 1001, 1002, 1003, 1004. Mr. Drobot admitted during his deposition testimony that these agreements are kept by a paralegal and can be copied or imaged. Drobot Sealed Depo, at 77:11-78:17, 84:19-86:1. Thus, the Declarant has provided no basis

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3319

on which to admit his testimonial statement regarding the terms of the agreements in lieu of providing the contracts themselves.

8. Defendants object to paragraph 8 (p. 4, lines 4-12) of the Drobot Declaration on the ground that the Declarant fails to offer any basis for having personal knowledge of the facts asserted in this paragraph. FRE 602. Defendants further object on the ground that the assertions constitute improper opinions. FRE 701, 702, 703. Defendants also object on the ground that the statement improperly attempts to render a legal conclusion concerning whether Plaintiff "was directly at financial risk," "was directly and significantly harmed," and whether the bills and liens were "valid." FRE 602, 701, 702, 703.

9. Defendants object to paragraph 9 (p. 4, lines 9-10) of the Drobot Declaration on the ground that the Declarant fails to offer any basis for having personal knowledge of the speculative assertions stated in this paragraph. FRE 602. Defendants further object on the ground that the paragraph constitutes an improper opinion. FRE 701, 702, 703. Defendants also object on the ground that the statement improperly attempts to render a legal conclusion concerning whether Defendants "were not attempting to resolve claims in good faith." FRE 602, 701, 702, 703.

10. Defendants object to paragraph 10 (p. 4, lines 17-23) of the Drobot Declaration on the ground that the Declarant fails to offer any basis for having personal knowledge of the facts stated in this paragraph. FRE 602. Defendants further object on the ground that the statements constitute improper opinions. FRE 701, 702, 703.

11. Defendants object to paragraph 11 (p. 4, lines 24-26) of the Drobot Declaration on the ground that the Declarant fails to offer any basis for having personal knowledge of the facts asserted in this paragraph. FRE 602. Defendants further object on the ground that the assertions constitute improper opinions. FRE 701, 702, 703. Defendants also object on the ground that the statement improperly

1  attempts to render a legal conclusion concerning whether Defendants engaged in a
2  "campaign to lull and boycott CPM." FRE 602, 701, 702, 703.
3       12.   Defendants object to paragraph 12 (p. 5, lines 1-6) of the Drobot
4  Declaration on the ground that the Declarant fails to offer any basis for having
5  personal knowledge of the facts asserted in this paragraph. FRE 602. Defendants
6  further object on the ground that the assertions constitute improper opinions. FRE
7  701, 702, 703.

**Declaration of Terree A. Bowers**

13.   Defendants object to paragraph 2 (p. 2, lines 8-11) of the Declaration of Terree A. Bowers dated November 15, 2010 (the "Bowers Declaration") and Exhibit A of the Bowers Declaration on the ground that the exhibit is irrelevant to the issues raised in the Motion. FRE 401, 402. Defendants further object to this paragraph and exhibit on the ground that the referenced exhibit constitutes inadmissible hearsay. FRE 801, 802.

14.   Defendants object to paragraph 3 (p. 2, lines 12-15) of the Bowers Declaration on the ground that the referenced exhibit is irrelevant to the issues raised in the Motion. FRE 401, 402. Defendants further object to this paragraph on the ground that the referenced exhibit constitutes inadmissible hearsay. FRE 801, 802.

15.   Defendants object to paragraph 4 (p. 2, lines 16-20) of the Bowers Declaration on the ground that the referenced exhibit is irrelevant to the issues raised in the Motion. FRE 401, 402. Defendants further object to this paragraph on the ground that the referenced exhibit constitutes inadmissible hearsay. FRE 801, 802.

///
///
///
///
///

Defendants will respectfully request at the hearing on the Motion that the Court sustain the above objections and to strike the evidence referred to above.

Dated: November 22, 2010          LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ Ronald D. Kurtz
Peter Roan
Ronald D. Kurtz
Attorneys for Defendants, Redwood Fire and Casualty Insurance Company; Cypress Insurance Company; Oak River Insurance Company; American All Risk Insurance Services, Inc.; American Commercial Claims Administrators, Inc.; Applied Risk Services, Inc.; Applied Underwriters, Inc.; California Insurance Company; National Liability And Fire Insurance Company

# CERTIFICATE OF SERVICE

I, Ronald D. Kurtz, an attorney, do hereby certify that on November 22, 2010, I caused the foregoing to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

Dated: November 22, 2010        By:    /s/ Ronald D. Kurtz
                                       Ronald D. Kurtz