UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SA CV 09-00242 DOC (ANx)            Date: November 29, 2010

Title: CALIFORNIA PHARMACY MANAGEMENT, LLC v. ZENITH INSURANCE COMPANY, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND ACCOMPANYING JOINT STIPULATION

     Before the Court is a Motion for Protective Order Specifying Terms for Disclosure of Information Privileged Under the California Workers Compensation Fraud Reporting Act filed by Defendants, accompanied by a Joint Stipulation ("Stipulation") filed by Defendants and Plaintiff California Pharmacy Management, LLC ("Plaintiff"). The Court has reviewed the moving papers, along with the parties' Stipulation, and GRANTS Defendants' Motion.

     Defendants argue that they cannot comply with Plaintiff's discovery requests under the California Workers' Compensation Insurance Fraud Reporting Act ("FRA"), Cal. Labor Code § 1877, *et seq.* The FRA requires insurers to release information when requested by an authorized government agency, which then becomes privileged. The specific FRA information Plaintiff requests as part of discovery includes information from the California Department of Insurance ("CDI"); the District Attorney of Kern County; the District Attorney of Ventura County; and the United States Postal Service. Stipulation, 2. Defendants insist that they will be subject to criminal liability if they release FRA information to anyone not authorized under the FRA to receive it. *Id.* at 1. Defendants claim that they do not oppose the release of the requested information to Plaintiffs, but have been told by the CDI that the information should be "kept confidential and not be released pending a court determination . . . ." *Id.* at 2. The District Attorney of Ventura County has not stated a position, and the District of

Attorney of Kern County and the United States Postal Office have not objected to the release of FRA information.  *Id.*  Because Defendants insist that there are no authorities interpreting the FRA in this regard, they request that the Court grant a protective order specifying the terms of disclosure pursuant to Federal Rule of Civil Procedure 26(c)(1).

Though Plaintiff questions Defendants' intent in delaying compliance with their discovery requests, it nonetheless stipulates to the issuance of a protective order to avoid further delay in this case.  Plaintiff notes that a plain reading of the FRA would not preclude compliance with the discovery requests at issue here, because the FRA only aims to protect information that is provided to government agencies, rather than the sort of business records requested here.  Plaintiff further argues that the information it request is not covered under the meaning of the statute, because Defendant is the provider, rather than the acquirer of the information.  Stipulation, 5.  Despite these arguments, Plaintiff has agreed to the stipulation in order to avoid litigations costs.  *Id.*

Given the parties' stipulation, the Court need not interpret the FRA, for which there is little legislative history or relevant case law to guide the Court.  Instead, based on the stipulation, the Court GRANTS Defendants' Motion for a Protective Order.

The Court ORDERS that Defendants comply with Plaintiff's Discovery requests and therefore authorizes the release of the FRA information related to investigations of California Pharmacy Management and its principals and affiliates from the California Department of Insurance, the District Attorney of Kern County, the District Attorney of Ventura County, and the United States Postal Service.  The Court also authorizes use of the FRA information described above for all purposes in this action, subject only to the terms of the Court's May 26, 2010 Order Governing the Designation and Handling of Confidential Materials.  Should the parties require any further instruction, they are instructed to agree to a proposed order to be submitted to the Court.

The Clerk shall issue this minute order on the parties.